UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DMSION

CASE No.:

VALENCIA ESTATES
HOMEOWNERS'
ASSOCIATION, INC., a Florida not-
for-profit corporation,

      Plaintiff,

V.

> FILED BY_____ MCO D.C.
>
> DEC 31 2025
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S. D. OF FLA. - MIAMI

ELIZABETH HAZAN, an individual;
SEAN NEIL MEEHAN, as spouse of
ELIZABETH HAZAN, an individual;
6913 VALENCIA, LLC, a Florida limited
liability company; JOHN DOE and JANE
DOE as unknown as unknown tenants or
occupants,

      Defendants.

_____/

## DEFENDANTS SEAN NEIL MEEHAN AND 6913 VALENCIA, LLC'S NOTICE OF REMOVAL

Defendant, Sean Neil Meehan, ("Meehan"), as a *pro se,* pursuant to Title 28, United States Code§§§§§ 1331, 1332, 1441,1446, and 1452 and 6913 Valencia LLC hereby remove this proceeding currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, case number 2022-005424-CA-01 ("the State Court Litigation"). As grounds for the removal of this proceeding. Meehan and 6913 Valencia LLC respectfully state as follows:

## STATEMENT OF GROUNDS FOR REMOVAL

### Removal Under 28 U.S. Code§ 1452

1.     There is currently pending litigation involving the same property and the bankruptcy case before Judge Hyman, Meehan believes that removal of this action to United States District Court is appropriate.  If the Court is inclined to agree, Meehan will file a motion to transfer venue bankruptcy court.

### Removal Under 28 U.S. Code§ 1443(1)

2. **§1443. Civil rights cases**

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

3.     This case involves a deprivation of constitutional rights as required for removal under 28 U.S.C. §1443.

4.     Unfortunately, the presiding judge of the state court action has espoused off hand comments that tend to show a bias towards Meehan.

5.     The presiding judge continued to exercise jurisdiction after removal of the case in ex-parte hearings.

6.     Meehan has no legal interesting the subject property, is not a member of the HOA, not liable for any HOA dues and has been sued by the Plaintiff out of pure harassment and animosity due to the strained relationship between Plaintiff and co-defendant Hazan.

## THERE IS COMPLETE DIVERSITY OF CITIZENSIDP

7.      Plaintiff Valencia is a Florida Company, with its principal place of business in Fisher Island Florida.

8.      Defendant 6913 Valencia LLC's principals are Canadian.

9.      Defendant Sean Meehan is a resident of New York.

10.     Elizabeth Hazan is a Canadian citizen. See 22 U.S.C. § 1332(c)(l).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

11.     Plaintiff's complaint exceeds $75,000, As such, the controversy exceeds $75,000.

## THIS PROCEEDING IS RELATED TO A CASE ARISING UNDER TITLE 11

12.     This proceeding is related to a bankruptcy before Judge Paul Hyman.

13.     This Court has jurisdiction over the original proceeding pursuant to 28 U.S.C. § 1334(b).

## 14.    ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

15.     In accordance with 28 U.S.C. § 1446(a) true and correct copies of the Complaint, is attached as Exhibits A.

16.     The State Court Litigation is proceeding in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. Because that Court is located within the District and Division in which this Court sits, venue is proper pursuant to 28 U.S.C. §1441(a) and 28 u.s.c. § 1391(b)(2).

17.     In accordance with 28 U.S.C._§ 1446(d), written notice regarding the filing of this Notice of Removal, and a copy thereof, is being provided to Plaintiff, Elizabeth Hazan and the Clerk of Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County.

**WHEREFORE,** Meehan and 6913 Valencia LLC respectfully give notice that this proceeding is removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade to the United States District Court for the Southern District of Florida, Miami Division.

Dated: December 31, 2025.

Respectfully submitted,

By: _Is_/ Sean Neil Meehan

Sean Neil Meehan

Email: seannmeehan@gmail.com
_Pro se_ Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Clerk of the Court and a true and correct copy of foregoing was served via U.S. mail or email or ECF system to the parties on the attached service list as indicated on this 31st day of December, 2025.

Respectfully submitted,

By: _Isl_ Sean Neil Meehan

Sean Neil Meehan
_Pro se_ Defendant
Email: seannmeehan@gmail.com
_Pro se_ Defendant

### SERVICE LIST

**Via ECF**

Liza hazan, elizabeth9246qc@gmail.com;
lizahazan77@gmail.com

Barry Turner, bt@bstpa.com

Michael W. Simon  msimon@simonlawteam.com

# EXHIBIT A

View Document: Miami-Dade County Clerk                                    12/30/25, 3:16 PM

Filing # 237599044 E-Filed 12/12/2025 11:22:36 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO. 2022-005424-CA-01

VALENCIA ESTATES
HOMEOWNERS' ASSOCIATION, INC.,

        Plaintiff,

vs.

ELIZABETH HAZAN, et al.,

        Defendant.

_____/

## PLAINTIFF'S MOTION TO SPECIALLY SET
## TRIAL AND, IF NECESSARY, BIFURCATE

Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. ("**Plaintiff**"

or the "**Association**"), by and through its undersigned counsel, files this Motion to Specially Set

Trial And, if necessary, Bifurcate. In support thereof, Plaintiff states as follows:

    1.    As a reminder, this simple foreclosure matter has been pending since **_March 23,_**

**_2022_**. And Hazan, as the title owner to the underlying property, has not made a required payment

to Plaintiff since **_2019_**. Instead, Hazan, Sean Meehan (Hazan's former husband) and 6913

Valencia LLC have done everything in their power to prevent the Court from adjudicating this

matter. This matter has been removed to federal court on four (4) separate occasions, has had

numerous hearings cancelled for unknown or unsubstantiated reasons, 6913 Valencia LLC's two

attorneys have withdrawn, the defendants have failed to comply with court orders, and overall

exhibited their contempt for this litigation. And it does not appear that Hazan will, or has the

capacity to, make Plaintiff whole including attorneys' fees and costs.

    2.    As part of the delay, Hazan and Meehan have filed baseless and frivolous

counterclaims against Plaintiff.[1] Plaintiff has filed a motion to dismiss the baseless and frivolous counterclaims but Hazan, Meehan, and 6913 Valencia, LLC have frustrated the Court's ability to adjudicate the motion to dismiss.

3.    Considering the age of this case and straightforwardness of Plaintiff's claims, Plaintiff requests that the Court specially set this matter for trial.

4.    Further, while Plaintiff maintains that the counterclaims should be dismissed with prejudice and that both Hazan and Meehan should be sanctioned for their frivolous and false statements therein, to the extent the Court does not dismiss such counterclaims Plaintiff requests that the Court bifurcate Plaintiff's claims from Hazan and/or Meehan's counterclaims. Under Fla. R. Civ. P. 1.270(b) the trial court has broad discretion in granting a motion to bifurcate.

5.    A trial court has broad discretion to grant a motion to bifurcate for reasons such as promoting judicial economy, saving unnecessary expenses and not inconveniencing the parties involved. *See Valliappan v. Cruz*, 917 So.2d 257, 259 (Fla. 4th DCA 2005); *Dep't of Transp. v. Powell*, 721 So.2d 795, 797-98 (Fla. 1st DCA 1998) ("[a] trial court has broad discretion under rule 1.270(b) to sever the claims or order separate trials in the interest of effective judicial administration."). Therefore, bifurcated trials are appropriate under this standard when it would protect the parties' rights, serve the convenience of the parties and the Court, decrease the risk of unnecessary prejudice, or otherwise promote "effective judicial administration." *Roos v. Mayberry*, 866 So.2d 174, 176 (Fla. 5th DCA 2004).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting this motion, specially setting the Plaintiff's action against defendants, and, if necessary, bifurcate Plaintiff's claims from Hazan and Meehan's counterclaims, plus grant such further and other

---

[1] 6913 Valencia LLC's new counsel dismissed its frivolous and sanctionable counterclaim against Plaintiff.

2

relief as the Court deems just and proper.

Dated:  December 12, 2025

Respectfully Submitted,

**BARRY S. TURNER, P.A.**
*Counsel for Plaintiff*
PO Box 330189
Miami, Florida 33233
Telephone: (305) 699-4392
Email: bt@bstpa.com

By: */s/ Barry S. Turner*
Barry S. Turner, Esq.
Fla. Bar No. 85535

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2025 a true and correct copy of the foregoing was

served via e-mail to those parties required to receive e-mail service pursuant to Fla. R. Jud. Admin.

2.516, and/or by U.S. Mail to those parties on the Florida E-Portal Service List.

By: */s/ Barry S. Turner*
Barry S. Turner, Esq.
Florida Bar No. 85535

3

View Document - Miami-Dade County OCS

Filing # 202879158 E-Filed 07/19/2024 07:03:24 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-005424-CA-01
SECTION: CA05
JUDGE: Vivianne Del Rio

**VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC.**

Plaintiff(s)

vs.

**ELIZABETH HAZAN et al**

Defendant(s)

_____/

## ORDER OF REFERRAL TO SPECIAL MAGISTRATE

**THIS CAUSE** came on to be heard before the Court on July 11, 2024 at 4:00 PM. After this Court considered the arguments of the parties, after reviewing the pleadings filed herein and being otherwise fully advised in the premises, it is ORDERED and ADJUDGED as follows:

1. Pursuant to Fla. R. Civ. P. 1.490(b), the Court appoints the Honorable Martin G. Zilber (Rt.) as the Special Magistrate. The Special Magistrate's contact information is as follows:

    a. Telephone: 305-854-9700

    b. E-mail:mgz@khllaw.com

2. The purpose of the Special Magistrate's function in this case will be to attend the deposition of the corporate representative of Plaintiff, rule on any objections posed by any party, and otherwise assist the Court with the deposition of the corporate representative of Plaintiff.

3. The parties shall equally split all fees and costs of the Special Magistrate. The special magistrate may request a retainer or other form of security from the parties.

Case No: 2022-005424-CA-01

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>19th day of July, 2024.</u>

<u>2022-005424-CA-01 07-19-2024 6:56 AM</u>
Hon. Vivianne Del Rio

**CIRCUIT COURT JUDGE**
Electronically Signed

| |
|---|
| No Further Judicial Action Required on **THIS MOTION**<br><br>CLERK TO **RECLOSE** CASE IF POST JUDGMENT |

**Electronically Served:**
Alejandro Maya, amaya@haber.law
Amanda Lynn Gonzalez, agonzalez@haber.law
Amanda Lynn Gonzalez, jcarbajal@haber.law
Amanda Lynn Gonzalez, service@haber.law
Barry Seth Turner, bt@bstpa.com
Barry Seth Turner, bstpalaw@gmail.com
Jessica Kopas, jkopas@haber.law
Jessica L Kopas, jkopas@haber.law
Jessica L Kopas, jdecastro@haber.law
Jessica L Kopas, service@haber.law
Joel M Aresty, aresty@icloud.com
Joel M Aresty, Aresty@mac.com
Nicholas Lashbrook, nlashbrook@haber.law
Sean Neil Meehan, seannmeehan@gmail.com
Stephan Chamberlin, paralegal@haber.law
liza hazan, elizabeth9246qc@gmail.com

**Physically Served:**

Case No: 2022-005424-CA-01

Page 2 of 2

Filing # 202871630 E-Filed 07/18/2024 08:46:21 PM

IN THE CIRCUIT COURT OF THE 11<sup>TH</sup> JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2022-005424-CA-01

VALENCIA ESTATES
HOMEOWNERS' ASSOCIATION, INC.,

          Plaintiff,

vs.

ELIZABETH HAZAN, et al.,

          Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS

Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. ("Plaintiff"), by and through undersigned counsel and pursuant to Florida Rules of Civil Procedure 1.280 and 1.370, requests that the defendant, **6913 VALENCIA, LLC**, admit or deny the following in writing, within thirty (30) days of the date of service hereof, or such shortened time as the Court may order. The following instructions and definitions shall apply to all requests for admissions unless specifically noted otherwise.

## I. INSTRUCTIONS

1.    Reproduce each request in full immediately preceding the written response to same.

2.    As required by Florida Rules of Civil Procedure, organize and label any responsive documents, and specify which documents are responsive to each individual request.

3.    If an objection is submitted in response to any request, the reasons for the objection must be specified. To the extent the request is not considered objectionable, an answer and/or the responsive information requested must be provided.

4.      If information responsive to a request is withheld on the basis of the attorney-client privilege, work product doctrine, or any other protection, such objection shall be expressed and shall describe the nature of the information not produced or disclosed in a manner that will enable the requesting party to assess the applicability of the privilege or protection asserted. A privilege log is also required.

5.      Answers to requests must be signed by the person making them. Objections to requests must be signed by the attorney making them.

6.      These requests shall be continuing so as to require supplemental answers at reasonable times prior to trial when additional information or documentation with respect to these requests is obtained by you or your counsel. Defendants are under a duty to seasonably amend any prior response or production upon learning that the prior response or production is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the requesting party during discovery or in writing.

7.      In answering these requests, furnish all information and/or documentation available to you, including information in the possession of your attorneys and their investigators and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot answer a request in full, after exercising due diligence to secure the information and/or documentation, so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

8.      With respect to the identification or production of any documents which you claim to be privileged, a statement shall be provided by your attorneys setting forth as to each such document:

2

a.      The name of the sender, if any, of the document;

b.      The name of the author of the document;

c.      The name of the person, if any, to whom the document and copies were sent;

d.      A description of the nature and the subject matter of the document;

e.      The statute, rule or decision which is claimed to give rise to the privilege;

f.      The last known custodian of the document and the present location of the document;

g.      Attachments to the document;

h.      The number of pages comprising the document;

i.      Whether the document was handwritten, typewritten or otherwise prepared; and

j.      Any other information which is useful in identifying or is necessary to identify the document.

9.      Whenever appropriate the singular form of a word shall be interpreted in the plural and vice versa.

10.     Pursuant to the Florida Rules of Civil Procedure, please produce any electronically stored information responsive to these requests either in native format or as text-searchable PDFs which have been converted directly from the native files (as opposed to printed and scanned) with a load file of the metadata. Assuming your production of electronically stored information is in native format, please: (i) identify in advance of the production a list of all native formats that will be produced so that we can ensure we will have the ability to view the documents; and (ii) include a unique document number as part of the file name, but otherwise preserve the original file name and file extension. If your production includes both electronically stored information and paper documents, you should include a key identifying by document number range which documents were produced from an electronic file and which were produced from paper files. If any documents produced are password protected, please remove the password protection.

11.     All requests herein refer to the period from January 1, 2022 to the date of production, unless otherwise specifically indicated, and shall include all documents and

3

information that relate to such period, even though prepared, generated or published prior to or subsequent to that period.

## II. DEFINITIONS

1.      "Valencia, LLC" , "You", "Your", and "Yours" shall mean and refer to 6913 Valencia, LLC and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Valencia, LLC.

2.      "Hazan" shall mean and refer to ELIZABETH HAZAN and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Hazan.

3.      "Plaintiff" or "Association" shall refer to VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. and its present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Plaintiff.

4.      "Meehan" shall mean and refer to SEAN MEEHAN and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Meehan.

5.      "Property" or "Subject Property" shall mean and refer to the following described real property located in Miami- Dade County, Florida:

> Lot 7, Block 2, of LINDEISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, page 64, Public Records of Miami-Dade County, Florida.

> a/k/a 6913 Valencia Drive, Fisher Island, FL 33109

6. "FICA" shall mean and refer to Fisher Island Community Association, Inc. and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of FICA.

7. "JPMC" shall mean and refer to JP Morgan Chase Bank, N.A. and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of FICA.

8. "Document" or "Documents" shall mean or refer to all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, specifically including, but not limited to, writings, graphs, charts, photographs, telephone records, data compilations, letters, correspondence, memoranda, minutes, notes, contracts, agreements, memoranda of conversations, films, transcripts, desk calendars, appointment books, time sheets, logs, bulletins, notices, rules, regulations, directions, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidences of indebtedness, negotiable instruments, books, news releases, newspapers, magazines and advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of account, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, telephone messages (whether written or recorded), notebooks, evaluations, recommendations, annual reports, confirmations, leases, analyses, disbursement requests or orders, forms, data sheets, articles, manuals, compilations, or paraphrases of and of the foregoing, which are in the possession, custody or control of the Hazan or Guarantor, or to which the Hazan or Guarantor can obtain access.

9.      "Communications" includes correspondence, electronic messages, text messages, SMS messages, discussions, telephone conversations, and all other forms of written or oral communications.

10.     The term "relate to," including but not limited to its various forms such as "relating to" shall mean: consist of, refer to, reflect, or be in any way logically or factually connected with the matter.

11.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any matters which might otherwise be construed to be outside of the scope.

## DOCUMENTS REQUESTED

1.      Admit that Hazan's email address was an is elizabethhazan07@gmail.com.

2.      Admit that Exhibit 1 attached hereto is a true and correct copy of what it purports to be.

3.      Admit that Exhibit 2 attached hereto is a true and correct copy of what it purports to be.

4.      Admit that the Property is encumbered by a Mortgage dated March 7, 2007 as modified by the Loan Modification Agreement attached hereto as Exhibit 3.

Dated: July 18, 2024.                          Respectfully submitted,

                                               **BARRY S. TURNER P.A.**

                                               _/s/ Barry S. Turner_
                                               Barry S. Turner, Esq.
                                               Fla. Bar No. 85535
                                               PO Box 330189
                                               Miami, Florida 33233
                                               Tel: (786) 433-3866
                                               Email: bt@bstpa.com
                                               *Counsel for Plaintiff*

6

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 18, 2024 a true and correct copy of the foregoing was served via e-mail to those parties required to receive e-mail service pursuant to Fla. R. Jud. Admin. 2.516 or via U.S. Mail, as indicated below.

By:  */s/ Barry S. Turner*
Barry S. Turner, Esq.
Florida Bar No. 85535

7

**Exhibit 1**

| | |
|---|---|
| **From:** | Rebecca Newman Casamayor |
| **To:** | "elizabeth hazan" |
| **Cc:** | David B. Haber |
| **Subject:** | RE: Objection to the notice of lien sent by Haber law office on behalf of Valencia estate homeowner association INC |

Hello Ms. Hazan,

Do you have any explanation or documentation supporting your objections referenced below? If so, please send so that we may evaluate and respond.

Thank you,

REBECCA NEWMAN CASAMAYOR, ESQ. | SENIOR ASSOCIATE
251 NW 23 STREET MIAMI, FL 33127
T: 305.379.2400  F: 305.379.1106
RCASAMAYOR@HABER.LAW | WWW.HABER.LAW

BIO | VCARD


ATTENTION IMPORTANT NOTICE: Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.
Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE:  This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged.  The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.


-----Original Message-----
From: elizabeth hazan <elizabethhazan07@gmail.com>
Sent: Friday, February 19, 2021 4:31 PM
To: Rebecca Newman Casamayor <RCasamayor@haber.law>
Cc: David B. Haber <DHaber@haber.law>
Subject: Objection to the notice of lien sent by Haber law office on behalf of Valencia estate homeowner association INC

Objection by Homeowner Elizabeth Hazan parcel Lot unit 6913 matter # : 3706.102 to Valencia Estate Homeowner Association inc's Notice of intent to record a claim for lien

This shall serve as the written notice of my objection to Valencia Estates homeowners association ("the association")'s notice of intent to record a claim of lien issued in January 4, 2021

This shall serve as the written notice of my objection to the Association's alleged claim of alleged unpaid regular assessments (due first month, January 2020-January 2021) in the amount of $19,006.87

This shall serve as the written notice of my objection to the Association's alleged claim of Alleged interest through 12/31/20 at 18% per annum in the amount of $1,468.97

This shall serve as the written notice of my objection to the Association's alleged claim of alleged unpaid late fees in the amount of $225

This shall serve as the written notice of my objection to the Association's alleged claim of alleged unpaid attorney fees in the amount of $4,403.75

This shall serve as the written notice of my objection to the Association's alleged claim of alleged unpaid attorney's costs in the amount of $6.65

This shall serve as the written notice of my objection to the Association's alleged claim of all  Disbursment Processing Fee in the amount of $120

This shall serve as a written notice of my objection to the Association's alleged total due for alleged ongoing assessments as of 1/4/2021 in the amount of $25,231.24

Elizabeth Hazan owner of 6913 Valencia Drive Miami FL 33199

**Exhibit 2**

| | |
|---|---|
| **From:** | Elizabeth |
| **To:** | Rebecca Newman Casamayor |
| **Cc:** | elizabeth hazan; Alexis Gomez |
| **Subject:** | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| **Date:** | Monday, April 5, 2021 4:06:03 PM |

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.

Elizabeth Hazan

> On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.
Thank you,



**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 | 305.379.1106

**RCASAMAYOR@HABER.LAW** | **WWW.HABER.LAW**

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE: *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.***

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

| | |
|---|---|
| **From:** | Rebecca Newman Casamayor |
| **To:** | "Elizabeth" |
| **Cc:** | "elizabeth hazan"; Alexis Gomez; David B. Haber |
| **Subject:** | RE: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| **Attachments:** | image001.png |
| | image002.jpg |
| | [PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf |

Ms. Hazan,

First, you have repeatedly failed to provide any information, documentation, or even an explanation regarding why you believe you do not owe the amounts claimed by the Association. This is despite multiple requests from our office to you to please provide any support for your objection so that we can review and evaluate same. In addition, we have already provided verification of the debt to you via a letter dated 3/5/21, which was mailed and emailed to you. You did not respond. Further, you are well aware that you are required to timely and fully pay ongoing assessments and related charges under the Association's Declaration, Chapter 720 of the Florida Statutes, and the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 in your bankruptcy proceedings. In fact, you have even acknowledged in emails that the Association is entitled to a new lien against your property for nonpayment of ongoing assessments as opposed to payments under your bankruptcy plan (see, e.g., your email on 12/17/20 in which you stated "The ongoing assessments are NOT part of the plan you have the remedy under paragraph 7 of the stipulation and not paragraph 10"). So for you to now claim that the amounts in our Notice letters are "wrongly stated" is disingenuous at best.

Notwithstanding the foregoing, attached once again (this is at least the third time we have sent to you) is a breakdown of the amounts set forth in our Notice of Intent to Foreclose for ongoing assessments, late fees, interest, attorney's fees, and costs from your default beginning in August 2019.

The names of the Association's Board members are publicly available to you on Sunbiz, but I am listing them below for your reference:

President – Thomas Murphy

VP – Jason Giller

Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact information other than what's publicly available; however, you are welcome to send correspondence to the Association's Property Manager (Mercy.Rodriguez@marquishoa.com) who can forward same to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW | WWW.HABER.LAW**

**BIO** | **VCARD**





**<u>ATTENTION IMPORTANT NOTICE:</u>** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>
**Sent:** Monday, April 5, 2021 4:06 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.
Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.
Thank you,

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE
251 NW 23 STREET MIAMI, FL 33127
T: 305.379.2400 F: 305.379.1106
**RCASAMAYOR@HABER.LAW** | **WWW.HABER.LAW**

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

### Valencia - Unit 6913 (Hazan)

| Date | Item | Assessment | Interest | Late Fees | Ass'n Costs | Atty Fees | Atty Costs | Balance | Pymt |
|------|------|-----------|----------|-----------|-------------|-----------|------------|---------|------|
| 7/31/2019 | Opening Balance | $       - | $       - | $       - | $       - | $       - | $       - | $       - | $       - |
| 8/1/2019 | Assessment | $ 1,425.44 | | | | | | $ 1,425.44 | |
| 8/16/2019 | Interest | | $ 21.38 | | | | | $ 1,446.82 | |
| 8/16/2019 | Late Fees | | | $ 25.00 | | | | $ 1,471.82 | |
| 9/1/2019 | Assessment | $ 1,425.44 | | | | | | $ 2,897.26 | |
| 9/16/2019 | Interest | | $ 42.76 | | | | | $ 2,940.02 | |
| 9/16/2019 | Late Fees | | | $ 25.00 | | | | $ 2,965.02 | |
| 10/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 4,388.02 | |
| 10/3/2019 | Payment | $ (2,731.86) | $ (64.14) | $ (50.00) | | | | $ 1,542.02 | $ 2,846.00 |
| 10/16/2019 | Interest | | $ 23.13 | | | | | $ 1,565.16 | |
| 10/16/2019 | Late Fees | | | $ 25.00 | | | | $ 1,590.16 | |
| 11/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 3,013.16 | |
| 11/16/2019 | Interest | | $ 44.48 | | | | | $ 3,057.63 | |
| 11/16/2019 | Late Fees | | | $ 25.00 | | | | $ 3,082.63 | |
| 12/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 4,505.63 | |
| 12/16/2019 | Interest | | $ 65.82 | | | | | $ 4,571.45 | |
| 12/16/2019 | Late Fees | | | $ 25.00 | | | | $ 4,596.45 | |
| 1/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 6,019.45 | |
| 1/16/2020 | Interest | | $ 87.17 | | | | | $ 6,106.62 | |
| 1/16/2020 | Late Fees | | | $ 25.00 | | | | $ 6,131.62 | |
| 2/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 7,554.62 | |
| 2/16/2020 | Interest | | $ 108.51 | | | | | $ 7,663.13 | |
| 2/16/2020 | Late FEes | | | $ 25.00 | | | | $ 7,688.13 | |
| 3/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 9,111.13 | |
| 3/16/2020 | Interest | | $ 129.86 | | | | | $ 9,240.98 | |
| 3/16/2020 | Late Fees | | | $ 25.00 | | | | $ 9,265.98 | |
| 3/31/2020 | Payment | $ (2,241.91) | $ (458.97) | $ (150.00) | | | | $ 6,415.10 | $ 2,850.88 |
| 3/31/2020 | Payment | $ (2,850.88) | | | | | | $ 3,564.22 | $ 2,850.88 |
| 4/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 4,987.22 | |
| 4/16/2020 | Interest | | $ 74.81 | | | | | $ 5,062.03 | |
| 4/16/2020 | Late Fees | | | $ 25.00 | | | | $ 5,087.03 | |

| Date | Description | Assessment | Interest | Late Fees | Atty Fees | Atty Costs | Balance |
|---|---|---|---|---|---|---|---|
| 5/1/2020 | Assessment | $ 1,423.00 | | | | | $ 6,510.03 |
| 5/16/2020 | Interest | | $ 96.15 | | | | $ 6,606.18 |
| 5/16/2020 | Late Fees | | | $ 25.00 | | | $ 6,631.18 |
| 6/1/2020 | Assessment | $ 1,423.00 | | | | | $ 8,054.18 |
| 6/16/2020 | Interest | | $ 117.50 | | | | $ 8,171.68 |
| 6/16/2020 | Late Fees | | | $ 25.00 | | | $ 8,196.68 |
| 7/1/2020 | Assessment | $ 1,423.00 | | | | | $ 9,619.68 |
| 7/16/2020 | Interest | | $ 138.84 | | | | $ 9,758.53 |
| 7/16/2020 | Late Fees | | | $ 25.00 | | | $ 9,783.53 |
| 8/1/2020 | Assessment | $ 1,423.00 | | | | | $ 11,206.53 |
| 8/16/2020 | Interest | | $ 160.19 | | | | $ 11,366.71 |
| 8/16/2020 | Late Fees | | | $ 25.00 | | | $ 11,391.71 |
| 9/1/2020 | Assessment | $ 1,423.00 | | | | | $ 12,814.71 |
| 9/16/2020 | Interest | | $ 181.53 | | | | $ 12,996.25 |
| 9/16/2020 | Late Fees | | | $ 25.00 | | | $ 13,021.25 |
| 10/1/2020 | Assessment | $ 1,726.16 | | | | | $ 14,747.41 |
| 10/7/2020 | Atty Fees & Costs Sept. 2020 | | | | $ 462.50 | $ 0.40 | $ 15,210.31 |
| 10/16/2020 | Interest | | $ 207.43 | | | | $ 15,417.73 |
| 10/16/2020 | Late Fees | | | $ 25.00 | | | $ 15,442.73 |
| 11/1/2020 | Assessment | $ 1,726.16 | | | | | $ 17,168.89 |
| 11/16/2020 | Interest | | $ 233.32 | | | | $ 17,402.21 |
| 11/16/2020 | Late Fees | | | $ 25.00 | | | $ 17,427.21 |
| 12/1/2020 | Assessment | $ 1,726.16 | | | | | $ 19,153.37 |
| 12/16/2020 | Interest | | $ 259.21 | | | | $ 19,412.58 |
| 12/16/2020 | Late Fees | | | $ 25.00 | | | $ 19,437.58 |
| 12/16/2020 | Atty Fees Oct. - 12/16 | | | | $ 1,218.75 | | $ 20,656.33 |
| 12/23/2020 | Atty Fees 12/17-12/23 | | | | $ 1,755.00 | | $ 24,137.49 |
| 1/1/2021 | Assessment | $ 1,726.16 | | | | | $ 24,137.49 |
| 1/4/2021 | Atty Fees 12/24-12/29 | | | | $ 667.50 | | $ 24,804.99 |
| 1/4/2021 | Attorney's Fees NOIL | | | | $ 300.00 | | $ 25,104.99 |
| 1/4/2021 | Attorney's Costs NOIL | | | | | $ 6.25 | $ 25,111.24 |
| 1/16/2021 | Interest | | $ 285.10 | | | | $ 25,396.35 |
| 1/16/2021 | Late Fees | | | $ 25.00 | | | $ 25,421.35 |
| 2/1/2021 | Assessment | $ 1,726.16 | | | | | $ 27,147.51 |

| Date | Description | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/16/2021 | Interest | | | $ | 311.00 | | | | | $ | 27,458.50 |
| 2/16/2021 | Late Fees | | | | | $ | 25.00 | | | $ | 27,483.50 |
| 3/1/2021 | Assessment | $ | 1,726.16 | | | | | | | $ | 29,209.66 |
| 3/3/2021 | Atty Fees & Costs 1/4-3/3 | | | | | | | $ 918.75 | $ 5.86 | $ | 30,134.27 |
| 3/16/2021 | Interest | | | $ | 336.89 | | | | | $ | 30,471.16 |
| 3/16/2021 | Late Fees | | | | | $ | 25.00 | | | $ | 30,496.16 |
| 3/16/2021 | Atty Fees - COL | | | | | | | $ 300.00 | | $ | 30,796.16 |
| 3/16/2021 | Atty Costs- COL | | | | | | | | $ 23.00 | $ | 30,819.16 |
| 3/29/2021 | Attorney Fees - NOIF | | | | | | | $ 300.00 | | $ | 31,119.16 |
| 3/29/2021 | Attorney Costs | | | | | | | | $ 6.36 | $ | 31,125.52 |
| 4/1/2021 | Assessment | $ | 1,726.16 | | | | | | | $ | 32,851.68 |
| | | $ 24,185.35 | | $ 2,401.96 | $ 300.00 | $ | - | $ 5,922.50 | $ 41.87 | | |
| 3/3/2021 | Disbursment Processing Fee | | | | | | | $ 100.00 | $ 20.00 | $ | 32,971.68 |
| 3/15/2021 | ROL fees & costs | | | | | | | $ 127.50 | $ 23.00 | $ | 33,122.18 |

**From:** Elizabeth
**To:** Rebecca Newman Casamayor
**Cc:** elizabeth hazan; Alexis Gomez; David B. Haber
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien
**Date:** Wednesday, April 7, 2021 10:25:22 AM
**Attachments:** image001.png
image002.jpg
[PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf

I never received any "verification of the debt" from you. This is completely false.

I am once again demanding that you instantly remove the lien you have wrongfully recorded on my property or you will be responsible for all my legal fees. I will also sue you and I will file a bar complaint against you. I will sue the board and the board members for malicious prosecution and other tort claims.

I am disputing all of the alleged amounts in your notice of intent to foreclose. You have failed to prove the amounts that I supposedly owe and you have wronged me as always. I was never in default in august 2019. This is completely false.

I will go over the details attached and I will get back to you. In the meantime remove the lien immediately.

Provide me with all the copies of the legal fees.

Govern yourselves accordingly

Elizabeth Hazan

On Apr 7, 2021, at 10:03 AM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan,
First, you have repeatedly failed to provide any information, documentation, or even an explanation regarding why you believe you do not owe the amounts claimed by the Association. This is despite multiple requests from our office to you to please provide any support for your objection so that we can review and evaluate same. In addition, we have already provided verification of the debt to you via a letter dated 3/5/21, which was mailed and emailed to you. You did not respond. Further, you are well aware that you are required to timely and fully pay ongoing assessments and related charges under the Association's Declaration, Chapter 720 of the Florida Statutes, and the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 in your bankruptcy proceedings. In fact, you have even acknowledged in emails that the Association is entitled to a new lien against your property for

nonpayment of ongoing assessments as opposed to payments under your bankruptcy plan (see, e.g., your email on 12/17/20 in which you stated "The ongoing assessments are NOT part of the plan you have the remedy under paragraph 7 of the stipulation and not paragraph 10"). So for you to now claim that the amounts in our Notice letters are "wrongly stated" is disingenuous at best.

Notwithstanding the foregoing, attached once again (this is at least the third time we have sent to you) is a breakdown of the amounts set forth in our Notice of Intent to Foreclose for ongoing assessments, late fees, interest, attorney's fees, and costs from your default beginning in August 2019.

The names of the Association's Board members are publicly available to you on Sunbiz, but I am listing them below for your reference:

President – Thomas Murphy

VP – Jason Giller

Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact information other than what's publicly available; however, you are welcome to send correspondence to the Association's Property Manager (Mercy.Rodriguez@marquishoa.com) who can forward same to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

RCASAMAYOR@HABER.LAW | WWW.HABER.LAW

BIO | VCARD



**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information

contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>
**Sent:** Monday, April 5, 2021 4:06 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.
Elizabeth Hazan


On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:


Ms. Hazan, please see attached correspondence.
Thank you,

|  | **REBECCA NEWMAN CASAMAYOR, ESQ.** \| SENIOR ASSOCIATE |
|---|---|
|  | 251 NW 23 STREET MIAMI, FL 33127 |
|  | T: 305.379.2400 F: 305.379.1106 |
| <image001.png> | **RCASAMAYOR@HABER.LAW** \| **WWW.HABER.LAW** |
|  | **BIO** \| **VCARD** |
|  | <image002.jpg> |

**<u>ATTENTION IMPORTANT NOTICE:</u>** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

**Valencia - Unit 6913 (Hazan)**

| Date | Item | Assessment | Interest | Late Fees | Ass'n Costs | Atty Fees | Atty Costs | Balance | Pymt |
|------|------|-----------:|---------:|----------:|------------:|----------:|-----------:|--------:|-----:|
| 7/31/2019 | Opening Balance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 8/1/2019 | Assessment | $ 1,425.44 | | | | | | $ 1,425.44 | |
| 8/16/2019 | Interest | | $ 21.38 | | | | | $ 1,446.82 | |
| 8/16/2019 | Late Fees | | | $ 25.00 | | | | $ 1,471.82 | |
| 9/1/2019 | Assessment | $ 1,425.44 | | | | | | $ 2,897.26 | |
| 9/16/2019 | Interest | | $ 42.76 | | | | | $ 2,940.02 | |
| 9/16/2019 | Late Fees | | | $ 25.00 | | | | $ 2,965.02 | |
| 10/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 4,388.02 | |
| 10/3/2019 | Payment | $ (2,731.86) | $ (64.14) | $ (50.00) | | | | $ 1,542.02 | $ 2,846.00 |
| 10/16/2019 | Interest | | $ 23.13 | | | | | $ 1,565.16 | |
| 10/16/2019 | Late Fees | | | $ 25.00 | | | | $ 1,590.16 | |
| 11/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 3,013.16 | |
| 11/16/2019 | Interest | | $ 44.48 | | | | | $ 3,057.63 | |
| 11/16/2019 | Late Fees | | | $ 25.00 | | | | $ 3,082.63 | |
| 12/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 4,505.63 | |
| 12/16/2019 | Interest | | $ 65.82 | | | | | $ 4,571.45 | |
| 12/16/2019 | Late Fees | | | $ 25.00 | | | | $ 4,596.45 | |
| 1/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 6,019.45 | |
| 1/16/2020 | Interest | | $ 87.17 | | | | | $ 6,106.62 | |
| 1/16/2020 | Late Fees | | | $ 25.00 | | | | $ 6,131.62 | |
| 2/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 7,554.62 | |
| 2/16/2020 | Interest | | $ 108.51 | | | | | $ 7,663.13 | |
| 2/16/2020 | Late FEes | | | $ 25.00 | | | | $ 7,688.13 | |
| 3/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 9,111.13 | |
| 3/16/2020 | Interest | | $ 129.86 | | | | | $ 9,240.98 | |
| 3/16/2020 | Late Fees | | | $ 25.00 | | | | $ 9,265.98 | |
| 3/31/2020 | Payment | $ (2,241.91) | $ (458.97) | $ (150.00) | | | | $ 6,415.10 | $ 2,850.88 |
| 3/31/2020 | Payment | $ (2,850.88) | | | | | | $ 3,564.22 | $ 2,850.88 |
| 4/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 4,987.22 | |
| 4/16/2020 | Interest | | $ 74.81 | | | | | $ 5,062.03 | |
| 4/16/2020 | Late Fees | | | $ 25.00 | | | | $ 5,087.03 | |

| Date | Description | | | | | | | | |
|------|-------------|--:|--:|--:|--:|--:|--:|--:|--:|
| 5/1/2020 | Assessment | $ | 1,423.00 | | | | | $ | 6,510.03 |
| 5/16/2020 | Interest | | | $ | 96.15 | | | $ | 6,606.18 |
| 5/16/2020 | Late Fees | | | | | $ | 25.00 | $ | 6,631.18 |
| 6/1/2020 | Assessment | $ | 1,423.00 | | | | | $ | 8,054.18 |
| 6/16/2020 | Interest | | | $ | 117.50 | | | $ | 8,171.68 |
| 6/16/2020 | Late Fees | | | | | $ | 25.00 | $ | 8,196.68 |
| 7/1/2020 | Assessment | $ | 1,423.00 | | | | | $ | 9,619.68 |
| 7/16/2020 | Interest | | | $ | 138.84 | | | $ | 9,758.53 |
| 7/16/2020 | Late Fees | | | | | $ | 25.00 | $ | 9,783.53 |
| 8/1/2020 | Assessment | $ | 1,423.00 | | | | | $ | 11,206.53 |
| 8/16/2020 | Interest | | | $ | 160.19 | | | $ | 11,366.71 |
| 8/16/2020 | Late Fees | | | | | $ | 25.00 | $ | 11,391.71 |
| 9/1/2020 | Assessment | $ | 1,423.00 | | | | | $ | 12,814.71 |
| 9/16/2020 | Interest | | | $ | 181.53 | | | $ | 12,996.25 |
| 9/16/2020 | Late Fees | | | | | $ | 25.00 | $ | 13,021.25 |
| 10/1/2020 | Assessment | $ | 1,726.16 | | | | | $ | 14,747.41 |
| 10/7/2020 | Atty Fees & Costs Sept. 2020 | | | | | $ | 462.50 | $ | 0.40 | $ | 15,210.31 |
| 10/16/2020 | Interest | | | $ | 207.43 | | | $ | 15,417.73 |
| 10/16/2020 | Late Fees | | | | | $ | 25.00 | $ | 15,442.73 |
| 11/1/2020 | Assessment | $ | 1,726.16 | | | | | $ | 17,168.89 |
| 11/16/2020 | Interest | | | $ | 233.32 | | | $ | 17,402.21 |
| 11/16/2020 | Late Fees | | | | | $ | 25.00 | $ | 17,427.21 |
| 12/1/2020 | Assessment | $ | 1,726.16 | | | | | $ | 19,153.37 |
| 12/16/2020 | Interest | | | $ | 259.21 | | | $ | 19,412.58 |
| 12/16/2020 | Late Fees | | | | | $ | 25.00 | $ | 19,437.58 |
| 12/16/2020 | Atty Fees Oct. - 12/16 | | | | | $ | 1,218.75 | | | $ | 20,656.33 |
| 12/23/2020 | Atty Fees 12/17-12/23 | | | | | $ | 1,755.00 | | | $ | 24,137.49 |
| 1/1/2021 | Assessment | $ | 1,726.16 | | | | | $ | 24,137.49 |
| 1/4/2021 | Atty Fees 12/24-12/29 | | | | | $ | 667.50 | | | $ | 24,804.99 |
| 1/4/2021 | Attorney's Fees NOIL | | | | | $ | 300.00 | | | $ | 25,104.99 |
| 1/4/2021 | Attorney's Costs NOIL | | | | | | | $ | 6.25 | $ | 25,111.24 |
| 1/16/2021 | Interest | | | $ | 285.10 | | | $ | 25,396.35 |
| 1/16/2021 | Late Fees | | | | | $ | 25.00 | $ | 25,421.35 |
| 2/1/2021 | Assessment | $ | 1,726.16 | | | | | $ | 27,147.51 |

| Date | Description | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/16/2021 | Interest | | | $ | 311.00 | | | | | | $ | 27,458.50 |
| 2/16/2021 | Late Fees | | | | | $ | 25.00 | | | | $ | 27,483.50 |
| 3/1/2021 | Assessment | $ | 1,726.16 | | | | | | | | $ | 29,209.66 |
| 3/3/2021 | Atty Fees & Costs 1/4-3/3 | | | | | | | $ | 918.75 | $ 5.86 | $ | 30,134.27 |
| 3/16/2021 | Interest | | | $ | 336.89 | | | | | | $ | 30,471.16 |
| 3/16/2021 | Late Fees | | | | | $ | 25.00 | | | | $ | 30,496.16 |
| 3/16/2021 | Atty Fees - COL | | | | | | | $ | 300.00 | | $ | 30,796.16 |
| 3/16/2021 | Atty Costs- COL | | | | | | | | | $ 23.00 | $ | 30,819.16 |
| 3/29/2021 | Attorney Fees - NOIF | | | | | | | $ | 300.00 | | $ | 31,119.16 |
| 3/29/2021 | Attorney Costs | | | | | | | | | $ 6.36 | $ | 31,125.52 |
| 4/1/2021 | Assessment | $ | 1,726.16 | | | | | | | | $ | 32,851.68 |
| | | $ | 24,185.35 | $ 2,401.96 | | $ | 300.00 | $ - | $ | 5,922.50 | $ 41.87 | | |
| 3/3/2021 | Disbursment Processing Fee | | | | | | | $ | 100.00 | $ 20.00 | $ | 32,971.68 |
| 3/15/2021 | ROL fees & costs | | | | | | | $ | 127.50 | $ 23.00 | $ | 33,122.18 |

| From: | elizabeth hazan |
|---|---|
| To: | Rebecca Newman Casamayor |
| Cc: | Elizabeth; Alexis Gomez; David B. Haber |
| Subject: | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| Date: | Wednesday, April 7, 2021 10:00:06 PM |

Can you ask the accounting department to provide me with all the payments made in 2019 and 2020. There are payments that were sent to Valencia that were not accounted for. You have also wrongfully charged me interest and penalty fees when in realty I paid in advance numerous times the ongoing assessments.

Also provide me with your legal fees invoices.

Elizabeth Hazan


On Apr 7, 2021, at 10:03 AM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:


Ms. Hazan,

First, you have repeatedly failed to provide any information, documentation, or even an explanation regarding why you believe you do not owe the amounts claimed by the Association. This is despite multiple requests from our office to you to please provide any support for your objection so that we can review and evaluate same. In addition, we have already provided verification of the debt to you via a letter dated 3/5/21, which was mailed and emailed to you. You did not respond. Further, you are well aware that you are required to timely and fully pay ongoing assessments and related charges under the Association's Declaration, Chapter 720 of the Florida Statutes, and the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 in your bankruptcy proceedings. In fact, you have even acknowledged in emails that the Association is entitled to a new lien against your property for nonpayment of ongoing assessments as opposed to payments under your bankruptcy plan (see, e.g., your email on 12/17/20 in which you stated "The ongoing assessments are NOT part of the plan you have the remedy under paragraph 7 of the stipulation and not paragraph 10"). So for you to now claim that the amounts in our Notice letters are "wrongly stated" is disingenuous at best.

Notwithstanding the foregoing, attached once again (this is at least the third time we have sent to you) is a breakdown of the amounts set forth in our Notice of Intent to Foreclose for ongoing assessments, late fees, interest, attorney's fees, and costs from your default beginning in August 2019.

The names of the Association's Board members are publicly available to you on Sunbiz, but I am listing them below for your reference:

President – Thomas Murphy

VP – Jason Giller

Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact information other than what's publicly available; however, you are welcome to send correspondence to the Association's Property Manager (Mercy.Rodriguez@marquishoa.com) who can forward same to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW | WWW.HABER.LAW**

**BIO | VCARD**

&lt;image002.jpg&gt;

&lt;image001.png&gt;

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>
**Sent:** Monday, April 5, 2021 4:06 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.

Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor
<<u>RCasamayor@haber.law</u>> wrote:

Ms. Hazan, please see attached correspondence.
Thank you,

|  |  |
|---|---|
| <image001.png> | **REBECCA NEWMAN CASAMAYOR, ESQ.** \|<br>SENIOR ASSOCIATE<br><br>251 NW 23 STREET MIAMI, FL 33127<br><br>T: 305.379.2400 F: 305.379.1106<br><br>**<u>RCASAMAYOR@HABER.LAW</u>** \|<br>**<u>WWW.HABER.LAW</u>**<br><br>**<u>BIO</u>** \| **<u>VCARD</u>** |

<image002.jpg>

<u>**ATTENTION IMPORTANT NOTICE:**</u> *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

<[PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf>

| From: | Elizabeth |
|---|---|
| To: | Rebecca Newman Casamayor |
| Cc: | elizabeth hazan; Alexis Gomez; David B. Haber |
| Subject: | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| Date: | Thursday, April 8, 2021 12:23:44 PM |

I ll work on it and I will contact the banks that issued the various payments and I will get back to you. Can you email me copies of the legal invoices at your earliest convenience.

Also last year there was a stay home order because of the pandemic COVID 19 and the island was closed for several weeks/months and there was no service done by the maintenance. I have all the pictures etc. I am requesting that the association issues a credit for those months.


Elizabeth Hazan


On Apr 8, 2021, at 11:35 AM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:


Ms. Hazan, we will collect the documents you are requesting from accounting; however, in order to properly investigate your claims, please send us a list of all payments you believe were not properly credited to your account, as well as all interest and late fee charges that you believe were improperly charged.



**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW** | **WWW.HABER.LAW**

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and

obtain instructions as to the disposal of the transmitted material.

**From:** elizabeth hazan <elizabethhazan07@gmail.com>
**Sent:** Wednesday, April 7, 2021 10:00 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** Elizabeth <elizabeth9246qc@gmail.com>; Alexis Gomez <agomez@haber.law>;
David B. Haber <DHaber@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

Can you ask the accounting department to provide me with all the payments made in
2019 and 2020. There are payments that were sent to Valencia that were not
accounted for. You have also wrongfully charged me interest and penalty fees when in
realty I paid in advance numerous times the ongoing assessments.
Also provide me with your legal fees invoices.
Elizabeth Hazan


On Apr 7, 2021, at 10:03 AM, Rebecca Newman Casamayor
<RCasamayor@haber.law> wrote:


Ms. Hazan,
First, you have repeatedly failed to provide any information,
documentation, or even an explanation regarding why you believe you do
not owe the amounts claimed by the Association. This is despite multiple
requests from our office to you to please provide any support for your
objection so that we can review and evaluate same. In addition, we have
already provided verification of the debt to you via a letter dated 3/5/21,
which was mailed and emailed to you. You did not respond. Further, you
are well aware that you are required to timely and fully pay ongoing
assessments and related charges under the Association's Declaration,
Chapter 720 of the Florida Statutes, and the Stipulation of Settlement
Claim 10 executed by you and the Association on or about August 17,
2016 in your bankruptcy proceedings. In fact, you have even
acknowledged in emails that the Association is entitled to a new lien
against your property for nonpayment of ongoing assessments as
opposed to payments under your bankruptcy plan (see, e.g., your email
on 12/17/20 in which you stated "The ongoing assessments are NOT part
of the plan you have the remedy under paragraph 7 of the stipulation and
not paragraph 10"). So for you to now claim that the amounts in our
Notice letters are "wrongly stated" is disingenuous at best.
Notwithstanding the foregoing, attached once again (this is at least the
third time we have sent to you) is a breakdown of the amounts set forth
in our Notice of Intent to Foreclose for ongoing assessments, late fees,
interest, attorney's fees, and costs from your default beginning in August
2019.

The names of the Association's Board members are publicly available to you on Sunbiz, but I am listing them below for your reference:

President – Thomas Murphy

VP – Jason Giller

Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact information other than what's publicly available; however, you are welcome to send correspondence to the Association's Property Manager (Mercy.Rodriguez@marquishoa.com) who can forward same to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**REBECCA NEWMAN CASAMAYOR, ESQ.** |
SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW** |
**WWW.HABER.LAW**

**BIO** | **VCARD**

<image001.png>

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>
**Sent:** Monday, April 5, 2021 4:06 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>

**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>

**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.

Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.

Thank you,

|  |  |
|---|---|
| | **REBECCA NEWMAN CASAMAYOR, ESQ.** │ SENIOR ASSOCIATE |
| | 251 NW 23 STREET MIAMI, FL 33127 |
| <image001.png> | T: 305.379.2400 F: 305.379.1106 |
| | **RCASAMAYOR@HABER.LAW** │ **WWW.HABER.LAW** |
| | **BIO** │ **VCARD** |
| | <image002.jpg> |

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If

the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

<[PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf>

| | |
|---|---|
| **From:** | David B. Haber |
| **To:** | Rebecca Newman Casamayor |
| **Cc:** | elizabeth hazan; Elizabeth; Alexis Gomez |
| **Subject:** | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| **Date:** | Thursday, April 8, 2021 11:00:58 PM |
| **Attachments:** | image001.png |
| | image002.jpg |

Just so that Ms. Hazan understands, to the extent that she is incorrect, all legal fees associated with her latest inquiry will be charged to her and her account

Sent from my iPhone

> On Apr 8, 2021, at 11:35 AM, Rebecca Newman Casamayor
> <RCasamayor@haber.law> wrote:

Ms. Hazan, we will collect the documents you are requesting from accounting; however, in order to properly investigate your claims, please send us a list of all payments you believe were not properly credited to your account, as well as all interest and late fee charges that you believe were improperly charged.

<image001.png>

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW** | **WWW.HABER.LAW**

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** elizabeth hazan <elizabethhazan07@gmail.com>

**Sent:** Wednesday, April 7, 2021 10:00 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** Elizabeth <elizabeth9246qc@gmail.com>; Alexis Gomez <agomez@haber.law>;
David B. Haber <DHaber@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien
Can you ask the accounting department to provide me with all the payments made in
2019 and 2020. There are payments that were sent to Valencia that were not
accounted for. You have also wrongfully charged me interest and penalty fees when in
realty I paid in advance numerous times the ongoing assessments.
Also provide me with your legal fees invoices.
Elizabeth Hazan

On Apr 7, 2021, at 10:03 AM, Rebecca Newman Casamayor
<RCasamayor@haber.law> wrote:

Ms. Hazan,
First, you have repeatedly failed to provide any information,
documentation, or even an explanation regarding why you believe you do
not owe the amounts claimed by the Association. This is despite multiple
requests from our office to you to please provide any support for your
objection so that we can review and evaluate same. In addition, we have
already provided verification of the debt to you via a letter dated 3/5/21,
which was mailed and emailed to you. You did not respond. Further, you
are well aware that you are required to timely and fully pay ongoing
assessments and related charges under the Association's Declaration,
Chapter 720 of the Florida Statutes, and the Stipulation of Settlement
Claim 10 executed by you and the Association on or about August 17,
2016 in your bankruptcy proceedings. In fact, you have even
acknowledged in emails that the Association is entitled to a new lien
against your property for nonpayment of ongoing assessments as
opposed to payments under your bankruptcy plan (see, e.g., your email
on 12/17/20 in which you stated "The ongoing assessments are NOT part
of the plan you have the remedy under paragraph 7 of the stipulation and
not paragraph 10"). So for you to now claim that the amounts in our
Notice letters are "wrongly stated" is disingenuous at best.
Notwithstanding the foregoing, attached once again (this is at least the
third time we have sent to you) is a breakdown of the amounts set forth
in our Notice of Intent to Foreclose for ongoing assessments, late fees,
interest, attorney's fees, and costs from your default beginning in August
2019.
The names of the Association's Board members are publicly available to
you on Sunbiz, but I am listing them below for your reference:

President – Thomas Murphy

VP – Jason Giller

Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact information other than what's publicly available; however, you are welcome to send correspondence to the Association's Property Manager (Mercy.Rodriguez@marquishoa.com) who can forward same to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

<image001.png>

**REBECCA NEWMAN CASAMAYOR, ESQ. |**
**SENIOR ASSOCIATE**

**251 NW 23 STREET MIAMI, FL 33127**

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW |**
**WWW.HABER.LAW**

**BIO | VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>
**Sent:** Monday, April 5, 2021 4:06 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>

**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.

Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.

Thank you,

<image001.png>

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW** | **WWW.HABER.LAW**

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is

strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

<[PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf>

| | |
|---|---|
| **From:** | David B. Haber |
| **To:** | Elizabeth |
| **Cc:** | Rebecca Newman Casamayor; elizabeth hazan; Alexis Gomez |
| **Subject:** | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| **Date:** | Thursday, April 8, 2021 11:09:21 PM |

To the extent that the association has a maintenance contract, The association makes those payments All owners are being charged The regular monthly assessments.

you will not be treated any differently Than other owners, nor will you be given a credit On your assessments.

To the extent that you are asking the board and/or management to inquire of the maintenance company to get a credit to the association, we will forward that suggestion to the board and management.

To the extent that the association receives a credit, those funds will remain in the association's account —Unless the board decides to return those monies to the owners. That is a board decision. You don't have the right to state that you won't make payment Of your monthly maintenance come on nor do you have the right to withhold payment of any portion of that simply because you believe the association itself should seek and receive a credit from it's maintenance vendor.

Sent from my iPhone

> On Apr 8, 2021, at 12:23 PM, Elizabeth <elizabeth9246qc@gmail.com> wrote:
>
> I ll work on it and I will contact the banks that issued the various payments and I will get back to you. Can you email me copies of the legal invoices at your earliest convenience.
>
> Also last year there was a stay home order because of the pandemic COVID 19 and the island was closed for several weeks/months and there was no service done by the maintenance. I have all the pictures etc. I am requesting that the association issues a credit for those months.
>
>
> Elizabeth Hazan
>
>> On Apr 8, 2021, at 11:35 AM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:
>>
>>
>> Ms. Hazan, we will collect the documents you are requesting from accounting; however, in order to properly investigate your claims, please send us a list of all payments you believe were not properly credited to your account, as well as all interest and late fee charges that you believe

were improperly charged.

**REBECCA NEWMAN CASAMAYOR, ESQ.** |
SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW** |
**WWW.HABER.LAW**

<image001.png>

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** elizabeth hazan <elizabethhazan07@gmail.com>
**Sent:** Wednesday, April 7, 2021 10:00 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** Elizabeth <elizabeth9246qc@gmail.com>; Alexis Gomez <agomez@haber.law>; David B. Haber <DHaber@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

Can you ask the accounting department to provide me with all the payments made in 2019 and 2020. There are payments that were sent to Valencia that were not accounted for. You have also wrongfully charged me interest and penalty fees when in realty I paid in advance numerous times the ongoing assessments.

Also provide me with your legal fees invoices.

Elizabeth Hazan

On Apr 7, 2021, at 10:03 AM, Rebecca Newman Casamayor
<RCasamayor@haber.law> wrote:


Ms. Hazan,

First, you have repeatedly failed to provide any information,
documentation, or even an explanation regarding why you
believe you do not owe the amounts claimed by the
Association. This is despite multiple requests from our office
to you to please provide any support for your objection so
that we can review and evaluate same. In addition, we have
already provided verification of the debt to you via a letter
dated 3/5/21, which was mailed and emailed to you. You did
not respond. Further, you are well aware that you are
required to timely and fully pay ongoing assessments and
related charges under the Association's Declaration, Chapter
720 of the Florida Statutes, and the Stipulation of Settlement
Claim 10 executed by you and the Association on or about
August 17, 2016 in your bankruptcy proceedings. In fact, you
have even acknowledged in emails that the Association is
entitled to a new lien against your property for nonpayment
of ongoing assessments as opposed to payments under your
bankruptcy plan (see, e.g., your email on 12/17/20 in which
you stated "The ongoing assessments are NOT part of the
plan you have the remedy under paragraph 7 of the
stipulation and not paragraph 10"). So for you to now claim
that the amounts in our Notice letters are "wrongly stated"
is disingenuous at best.

Notwithstanding the foregoing, attached once again (this is
at least the third time we have sent to you) is a breakdown
of the amounts set forth in our Notice of Intent to Foreclose
for ongoing assessments, late fees, interest, attorney's fees,
and costs from your default beginning in August 2019.

The names of the Association's Board members are publicly
available to you on Sunbiz, but I am listing them below for
your reference:

President – Thomas Murphy

VP – Jason Giller

Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact
information other than what's publicly available; however,
you are welcome to send correspondence to the
Association's Property Manager
(Mercy.Rodriguez@marquishoa.com) who can forward same
to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW | WWW.HABER.LAW**

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>
**Sent:** Monday, April 5, 2021 4:06 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various

correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.

Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.

Thank you,

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW | WWW.HABER.LAW**

**BIO** | **VCARD**

<image001.png>

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work-product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any

dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

<[PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf>

**Exhibit 3**

CFN: 20220434954 BOOK 33212 PAGE 2465
DATE:05/27/2022  07:26:32 AM
MTG DOC 1,601.25
INTANGIBLE 914.86
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

CFN: 20220139494 BOOK 33023 PAGE 1746
DATE:02/16/2022  08:22:31 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Loan Number   3012393314

# LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: **ELIZABETH HAZAN**
Lender ("Lender"):   **JPMORGAN CHASE BANK, N.A.**
Date of First Lien Security Instrument (the "Mortgage") and Note (the "Note"): **MARCH 07, 2007**
Loan Number: **3012393314** (the "Loan")
Property Address:  **6913 VALENCIA DR, FISHER ISLAND, FLORIDA 33109**  (the "Property")

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents."  Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement.  This Agreement will not take effect unless and until the Lender signs it.

1.  **My Representations.**  I represent to the Lender and agree:

    A.  I am experiencing a financial hardship, and as a result, am either in default under the Loan Documents or a default is imminent.

    B.  The Property is neither in a state of disrepair, nor condemned.

    C.  There has been no change in the ownership of the Property since I signed the Loan Documents.

    D.  I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

    E.  I have provided documentation for all income that I earn.

    F.  All documents and information I provide pursuant to this Agreement are true and correct.

2.  **The Modification.**  The Loan Documents are hereby modified as of **AUGUST 01, 2011** (the "Modification Effective Date"), and all unpaid late charges are waived.  The Lender agrees to suspend any foreclosure activities so long as I comply with the terms of the Loan Documents, as modified by this Agreement.  The Loan Documents will be modified, and the first modified payment will be due on the date set forth in this Section 2:

    A.  The Maturity Date will be: **JULY 01, 2051.**

    B.  The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts towards taxes, insurance,

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I".  For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 06_17_2011_12_35_37                    Page 1 of 6 pages



CFN: 20220434954 BOOK 33212 PAGE 2466

CFN: 20220139494 BOOK 33023 PAGE 1747

Loan Number    3012303314

or other assessments. The new principal balance of my Note is $4,282,432.36   (the "New Principal Balance").

C.  .$400,000.00 of the New Principal Balance shall be deferred (the "Deferred Principal Balance"), and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance," and this amount is $3,882,432.36.  The Interest Bearing Principal Balance will re-amortize over 480 months.

Interest will begin to accrue as of JULY 01, 2011.  The first New monthly payment on the New Principal Balance will be due on AUGUST 01, 2011, and monthly on the same date thereafter.

This Section 2.C does Not apply To the repayment of any Deferred Principal Balance And such a balance will be repaid in accordance With Section 2.D.  My payment schedule For the modified Loan Is As follows:

I promise to pay monthly payments according to the following schedule with respect to the Interest Bearing Principal Balance.

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal & Interest Payment Amount | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1-5 | 2.000% | 07/01/2011 | $11,757.00 | 08/01/2011 | 60 |
| 6 | 3.000% | 07/01/2016 | $13,658.90 | 08/01/2016 | 12 |
| 7 | 4.000% | 07/01/2017 | $15,666.46 | 08/01/2017 | 12 |
| 8-40 | 4.500% | 07/01/2018 | $16,699.14 | 08/01/2018 | 396 |

The Lender will notify me of the payment amount prior to the date that the monthly payment on the Interest Bearing Principal Balance will change.
The Deferred Principal Balance of $400,000.00 will be due on the maturity date unless due earlier in accordance with Section 2.D.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for an adjustable or step interest rate.

D.  I agree to pay in full (i) the Deferred Principal Balance, if any; and (ii) any other amounts still owed under the Loan Documents, by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire Interest Bearing Principal Balance, or the Maturity Date.

E.  I will be in default if I do not (i) pay the full amount of a monthly payment on the date it is due, or (ii) comply with the terms of the Loan Documents, as modified by this Agreement.  If a

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 06_17_2011_12_35_37          Page 2 of 6 pages



CFN: 20220434954 BOOK 33212 PAGE 2467

CFN: 20220139494 BOOK 33023 PAGE 1748

Loan Number    3012393314

default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the Interest Bearing Principal Balance will be the rate set forth in Section 2.C, and there will be no interest payable on the Deferred Principal Balance, if any.

F.   If I make a partial prepayment of principal, the Lender may apply that partial prepayment first to any remaining Deferred Principal Balance before applying such partial prepayment to other amounts due under this Agreement or the Loan Documents.

3.   **Additional Agreements.** I agree to the following:

A.   That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

B.   To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

C.   That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

D.   That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E.   That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F.   That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G.   If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 06_17_2011_12_35_37          Page 3 of 6 pages



CFN: 20220434954 BOOK 33212 PAGE 2468

CFN: 20220139494 BOOK 33023 PAGE 1749

Loan Number    3012303314

(10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H.    All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I.    If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

J.    That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

K.    I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)



CFN: 20220434954 BOOK 33212 PAGE 2469

CFN: 20220139494 BOOK 33023 PAGE 1750

Loan Number       3012393314

**TO BE SIGNED BY BORROWER ONLY**

**BORROWER SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. AND ELIZABETH  HAZAN, LOAN NUMBER 3012393314 WITH A MODIFICATION EFFECTIVE DATE OF AUGUST 01, 2011**

In Witness Whereof the Borrower(s) have executed this agreement.

Borrower -   ELIZABETH HAZAN                                            Date: OG , 20 , 11

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_17_2011_12_35_37             Page 5 of 6 pages

CFN: 20220434954 BOOK 33212 PAGE 2470

CFN: 20220139494 BOOK 33023 PAGE 1751

Loan Number    3012393314

**TO BE SIGNED BY LENDER ONLY**

**LENDER** SIGNATURE PAGE TO YOUR MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. AND ELIZABETH HAZAN, LOAN NUMBER 3012393314 WITH A MODIFICATION EFFECTIVE DATE OF AUGUST 01, 2011

In Witness Whereof, the Lender has executed this Agreement.

**JPMORGAN CHASE BANK, N.A.**
Lender

By: _Patricia C. McLaughlin_

Date: _07·01·11_

Patricia C. McLaughlin
Vice President

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 06_17_2011_12_35_37          Page 6 of 6 pages

CFN: 20220434954 BOOK 33212 PAGE 2471

CFN: 20220139494 BOOK 33023 PAGE 1752

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County, Florida.

Filing # 202871630 E-Filed 07/18/2024 08:46:21 PM

IN THE CIRCUIT COURT OF THE 11<sup>TH</sup>
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO. 2022-005424-CA-01

VALENCIA ESTATES
HOMEOWNERS' ASSOCIATION, INC.,

        Plaintiff,

vs.

ELIZABETH HAZAN, et al.,

        Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS

Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. ("Plaintiff"),

by and through undersigned counsel and pursuant to Florida Rules of Civil Procedure 1.280 and

1.370, requests that the defendant, **ELIZABETH HAZAN**, admit or deny the following in writing,

within thirty (30) days of the date of service hereof, or such shortened time as the Court may order.

The following instructions and definitions shall apply to all requests for admissions unless

specifically noted otherwise.

## I. INSTRUCTIONS

1.      Reproduce each request in full immediately preceding the written response to same.

2.      As required by Florida Rules of Civil Procedure, organize and label any responsive

documents, and specify which documents are responsive to each individual request.

3.      If an objection is submitted in response to any request, the reasons for the objection

must be specified. To the extent the request is not considered objectionable, an answer and/or the

responsive information requested must be provided.

1

4.      If information responsive to a request is withheld on the basis of the attorney-client privilege, work product doctrine, or any other protection, such objection shall be expressed and shall describe the nature of the information not produced or disclosed in a manner that will enable the requesting party to assess the applicability of the privilege or protection asserted. A privilege log is also required.

5.      Answers to requests must be signed by the person making them. Objections to requests must be signed by the attorney making them.

6.      These requests shall be continuing so as to require supplemental answers at reasonable times prior to trial when additional information or documentation with respect to these requests is obtained by you or your counsel. Defendants are under a duty to seasonably amend any prior response or production upon learning that the prior response or production is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the requesting party during discovery or in writing.

7.      In answering these requests, furnish all information and/or documentation available to you, including information in the possession of your attorneys and their investigators and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot answer a request in full, after exercising due diligence to secure the information and/or documentation, so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

8.      With respect to the identification or production of any documents which you claim to be privileged, a statement shall be provided by your attorneys setting forth as to each such document:

2

a.    The name of the sender, if any, of the document;
b.    The name of the author of the document;
c.    The name of the person, if any, to whom the document and copies were sent;
d.    A description of the nature and the subject matter of the document;
e.    The statute, rule or decision which is claimed to give rise to the privilege;
f.    The last known custodian of the document and the present location of the document;
g.    Attachments to the document;
h.    The number of pages comprising the document;
i.    Whether the document was handwritten, typewritten or otherwise prepared; and
j.    Any other information which is useful in identifying or is necessary to identify the document.

9.    Whenever appropriate the singular form of a word shall be interpreted in the plural and vice versa.

10.    Pursuant to the Florida Rules of Civil Procedure, please produce any electronically stored information responsive to these requests either in native format or as text-searchable PDFs which have been converted directly from the native files (as opposed to printed and scanned) with a load file of the metadata. Assuming your production of electronically stored information is in native format, please: (i) identify in advance of the production a list of all native formats that will be produced so that we can ensure we will have the ability to view the documents; and (ii) include a unique document number as part of the file name, but otherwise preserve the original file name and file extension. If your production includes both electronically stored information and paper documents, you should include a key identifying by document number range which documents were produced from an electronic file and which were produced from paper files. If any documents produced are password protected, please remove the password protection.

11.    All requests herein refer to the period from January 1, 2022 to the date of production, unless otherwise specifically indicated, and shall include all documents and

3

information that relate to such period, even though prepared, generated or published prior to or subsequent to that period.

## II. DEFINITIONS

1.      "Hazan", "You", "Your", and "Yours" shall mean and refer to ELIZABETH HAZAN and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Hazan.

2.      "Plaintiff" or "Association" shall refer to VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. and its present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Plaintiff.

3.      "Meehan" shall mean and refer to SEAN MEEHAN and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Meehan.

4.      "Valencia, LLC" shall mean and refer to 6913 Valencia, LLC and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Valencia, LLC.

5.      "Property" or "Subject Property" shall mean and refer to the following described real property located in Miami- Dade County, Florida:

> Lot 7, Block 2, of LINDEISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, page 64, Public Records of Miami-Dade County, Florida.
>
> a/k/a 6913 Valencia Drive, Fisher Island, FL 33109

4

6.     "FICA" shall mean and refer to Fisher Island Community Association, Inc. and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of FICA.

7.     "JPMC" shall mean and refer to JP Morgan Chase Bank, N.A. and all present and former agents, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of FICA.

8.     "Document" or "Documents" shall mean or refer to all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, specifically including, but not limited to, writings, graphs, charts, photographs, telephone records, data compilations, letters, correspondence, memoranda, minutes, notes, contracts, agreements, memoranda of conversations, films, transcripts, desk calendars, appointment books, time sheets, logs, bulletins, notices, rules, regulations, directions, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidences of indebtedness, negotiable instruments, books, news releases, newspapers, magazines and advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of account, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, telephone messages (whether written or recorded), notebooks, evaluations, recommendations, annual reports, confirmations, leases, analyses, disbursement requests or orders, forms, data sheets, articles, manuals, compilations, or paraphrases of and of the foregoing, which are in the possession, custody or control of the Hazan or Guarantor, or to which the Hazan or Guarantor can obtain access.

5

9. "Communications" includes correspondence, electronic messages, text messages, SMS messages, discussions, telephone conversations, and all other forms of written or oral communications.

10. The term "relate to," including but not limited to its various forms such as "relating to" shall mean: consist of, refer to, reflect, or be in any way logically or factually connected with the matter.

11. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any matters which might otherwise be construed to be outside of the scope.

## **DOCUMENTS REQUESTED**

1. Admit that Hazan's email address was an is elizabethhazan07@gmail.com.

2. Admit that Exhibit 1 attached hereto is a true and correct copy of what it purports to be.

3. Admit that Exhibit 2 attached hereto is a true and correct copy of what it purports to be.

4. Admit that the Property is encumbered by a Mortgage dated March 7, 2007 as modified by the Loan Modification Agreement attached hereto as Exhibit 3.

Dated: July 18, 2024.                                    Respectfully submitted,

                                    **BARRY S. TURNER P.A.**

                                    */s/ Barry S. Turner*
                                    Barry S. Turner, Esq.
                                    Fla. Bar No. 85535
                                    PO Box 330189
                                    Miami, Florida 33233
                                    Tel: (786) 433-3866
                                    Email: bt@bstpa.com
                                    *Counsel for Plaintiff*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2024 a true and correct copy of the foregoing was served via e-mail to those parties required to receive e-mail service pursuant to Fla. R. Jud. Admin. 2.516 or via U.S. Mail, as indicated below.

By:  _/s/ Barry S. Turner_
Barry S. Turner, Esq.
Florida Bar No. 85535

7

# Exhibit 1

| From: | Rebecca Newman Casamayor |
|---|---|
| To: | "elizabeth hazan" |
| Cc: | David B. Haber |
| Subject: | RE: Objection to the notice of lien sent by Haber law office on behalf of Valencia estate homeowner association INC |

---

Hello Ms. Hazan,

Do you have any explanation or documentation supporting your objections referenced below? If so, please send so that we may evaluate and respond.

Thank you,

REBECCA NEWMAN CASAMAYOR, ESQ. | SENIOR ASSOCIATE
251 NW 23 STREET MIAMI, FL 33127
T: 305.379.2400  F: 305.379.1106
RCASAMAYOR@HABER.LAW | WWW.HABER.LAW

BIO | VCARD

ATTENTION IMPORTANT NOTICE: Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.
Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE:  This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged.  The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

-----Original Message-----
From: elizabeth hazan <elizabethhazan07@gmail.com>
Sent: Friday, February 19, 2021 4:31 PM
To: Rebecca Newman Casamayor <RCasamayor@haber.law>
Cc: David B. Haber <DHaber@haber.law>
Subject: Objection to the notice of lien sent by Haber law office on behalf of Valencia estate homeowner association INC

Objection by Homeowner Elizabeth Hazan parcel Lot unit 6913 matter # : 3706.102 to Valencia Estate Homeowner Association inc's Notice of intent to record a claim for lien

This shall serve as the written notice of my objection to Valencia Estates homeowners association ("the association")'s notice of intent to record a claim of lien issued in January 4, 2021



This shall serve as the written notice of my objection to the Association's alleged claim of alleged unpaid regular assessments (due first month, January 2020-January 2021) in the amount of $19,006.87

This shall serve as the written notice of my objection to the Association's alleged claim of Alleged interest through 12/31/20 at 18% per annum in the amount of $1,468.97

This shall serve as the written notice of my objection to the Association's alleged claim of alleged unpaid late fees in the amount of $225

This shall serve as the written notice of my objection to the Association's alleged claim of alleged unpaid attorney fees in the amount of $4,403.75

This shall serve as the written notice of my objection to the Association's alleged claim of alleged unpaid attorney's costs in the amount of $6.65

This shall serve as the written notice of my objection to the Association's alleged claim of all  Disbursment Processing Fee in the amount of $120

This shall serve as a written notice of my objection to the Association's alleged total due for alleged ongoing assessments as of 1/4/2021 in the amount of $25,231.24

Elizabeth Hazan owner of 6913 Valencia Drive Miami FL 33199

**Exhibit 2**

| From: | Elizabeth |
| To: | Rebecca Newman Casamayor |
| Cc: | elizabeth hazan; Alexis Gomez |
| Subject: | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| Date: | Monday, April 5, 2021 4:06:03 PM |

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.

Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.
Thank you,

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

<image001.png>   **RCASAMAYOR@HABER.LAW | WWW.HABER.LAW**

**BIO | VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

&lt;20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf&gt;

| From: | Rebecca Newman Casamayor |
|---|---|
| To: | "Elizabeth" |
| Cc: | "elizabeth hazan"; Alexis Gomez; David B. Haber |
| Subject: | RE: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| Attachments: | image001.png |
| | image002.jpg |
| | [PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf |

Ms. Hazan,

First, you have repeatedly failed to provide any information, documentation, or even an explanation regarding why you believe you do not owe the amounts claimed by the Association. This is despite multiple requests from our office to you to please provide any support for your objection so that we can review and evaluate same. In addition, we have already provided verification of the debt to you via a letter dated 3/5/21, which was mailed and emailed to you. You did not respond. Further, you are well aware that you are required to timely and fully pay ongoing assessments and related charges under the Association's Declaration, Chapter 720 of the Florida Statutes, and the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 in your bankruptcy proceedings. In fact, you have even acknowledged in emails that the Association is entitled to a new lien against your property for nonpayment of ongoing assessments as opposed to payments under your bankruptcy plan (see, e.g., your email on 12/17/20 in which you stated "The ongoing assessments are NOT part of the plan you have the remedy under paragraph 7 of the stipulation and not paragraph 10"). So for you to now claim that the amounts in our Notice letters are "wrongly stated" is disingenuous at best.

Notwithstanding the foregoing, attached once again (this is at least the third time we have sent to you) is a breakdown of the amounts set forth in our Notice of Intent to Foreclose for ongoing assessments, late fees, interest, attorney's fees, and costs from your default beginning in August 2019.

The names of the Association's Board members are publicly available to you on Sunbiz, but I am listing them below for your reference:

President – Thomas Murphy

VP – Jason Giller

Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact information other than what's publicly available; however, you are welcome to send correspondence to the Association's Property Manager (Mercy.Rodriguez@marquishoa.com) who can forward same to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

REBECCA NEWMAN CASAMAYOR, ESQ. | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

RCASAMAYOR@HABER.LAW | WWW.HABER.LAW

BIO | VCARD



**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>
**Sent:** Monday, April 5, 2021 4:06 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.

Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.
Thank you,

**REBECCA NEWMAN CASAMAYOR, ESQ. | SENIOR ASSOCIATE**

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

<image001.png>

**RCASAMAYOR@HABER.LAW | WWW.HABER.LAW**

BIO | VCARD



**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

**Valencia - Unit 6913 (Hazan)**

| Date | Item | Assessment | Interest | Late Fees | Ass'n Costs | Atty Fees | Atty Costs | Balance | Pymt |
|------|------|-----------:|---------:|----------:|------------:|----------:|-----------:|--------:|-----:|
| 7/31/2019 | Opening Balance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 8/1/2019 | Assessment | $ 1,425.44 | | | | | | $ 1,425.44 | |
| 8/16/2019 | Interest | | $ 21.38 | | | | | $ 1,446.82 | |
| 8/16/2019 | Late Fees | | | $ 25.00 | | | | $ 1,471.82 | |
| 9/1/2019 | Assessment | $ 1,425.44 | | | | | | $ 2,897.26 | |
| 9/16/2019 | Interest | | $ 42.76 | | | | | $ 2,940.02 | |
| 9/16/2019 | Late Fees | | | $ 25.00 | | | | $ 2,965.02 | |
| 10/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 4,388.02 | |
| 10/3/2019 | Payment | $ (2,731.86) | $ (64.14) | $ (50.00) | | | | $ 1,542.02 | $ 2,846.00 |
| 10/16/2019 | Interest | | $ 23.13 | | | | | $ 1,565.16 | |
| 10/16/2019 | Late Fees | | | $ 25.00 | | | | $ 1,590.16 | |
| 11/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 3,013.16 | |
| 11/16/2019 | Interest | | $ 44.48 | | | | | $ 3,057.63 | |
| 11/16/2019 | Late Fees | | | $ 25.00 | | | | $ 3,082.63 | |
| 12/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 4,505.63 | |
| 12/16/2019 | Interest | | $ 65.82 | | | | | $ 4,571.45 | |
| 12/16/2019 | Late Fees | | | $ 25.00 | | | | $ 4,596.45 | |
| 1/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 6,019.45 | |
| 1/16/2020 | Interest | | $ 87.17 | | | | | $ 6,106.62 | |
| 1/16/2020 | Late Fees | | | $ 25.00 | | | | $ 6,131.62 | |
| 2/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 7,554.62 | |
| 2/16/2020 | Interest | | $ 108.51 | | | | | $ 7,663.13 | |
| 2/16/2020 | Late FEes | | | $ 25.00 | | | | $ 7,688.13 | |
| 3/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 9,111.13 | |
| 3/16/2020 | Interest | | $ 129.86 | | | | | $ 9,240.98 | |
| 3/16/2020 | Late Fees | | | $ 25.00 | | | | $ 9,265.98 | |
| 3/31/2020 | Payment | $ (2,241.91) | $ (458.97) | $ (150.00) | | | | $ 6,415.10 | $ 2,850.88 |
| 3/31/2020 | Payment | $ (2,850.88) | | | | | | $ 3,564.22 | $ 2,850.88 |
| 4/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 4,987.22 | |
| 4/16/2020 | Interest | | $ 74.81 | | | | | $ 5,062.03 | |
| 4/16/2020 | Late Fees | | | $ 25.00 | | | | $ 5,087.03 | |

| Date | Description | Assessment | | Interest | | Late Fees | | Atty Fees/Costs | | | | Balance | |
|------|-------------|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/1/2020 | Assessment | $ | 1,423.00 | | | | | | | | | $ | 6,510.03 |
| 5/16/2020 | Interest | | | $ | 96.15 | | | | | | | $ | 6,606.18 |
| 5/16/2020 | Late Fees | | | | | $ | 25.00 | | | | | $ | 6,631.18 |
| 6/1/2020 | Assessment | $ | 1,423.00 | | | | | | | | | $ | 8,054.18 |
| 6/16/2020 | Interest | | | $ | 117.50 | | | | | | | $ | 8,171.68 |
| 6/16/2020 | Late Fees | | | | | $ | 25.00 | | | | | $ | 8,196.68 |
| 7/1/2020 | Assessment | $ | 1,423.00 | | | | | | | | | $ | 9,619.68 |
| 7/16/2020 | Interest | | | $ | 138.84 | | | | | | | $ | 9,758.53 |
| 7/16/2020 | Late Fees | | | | | $ | 25.00 | | | | | $ | 9,783.53 |
| 8/1/2020 | Assessment | $ | 1,423.00 | | | | | | | | | $ | 11,206.53 |
| 8/16/2020 | Interest | | | $ | 160.19 | | | | | | | $ | 11,366.71 |
| 8/16/2020 | Late Fees | | | | | $ | 25.00 | | | | | $ | 11,391.71 |
| 9/1/2020 | Assessment | $ | 1,423.00 | | | | | | | | | $ | 12,814.71 |
| 9/16/2020 | Interest | | | $ | 181.53 | | | | | | | $ | 12,996.25 |
| 9/16/2020 | Late Fees | | | | | $ | 25.00 | | | | | $ | 13,021.25 |
| 10/1/2020 | Assessment | $ | 1,726.16 | | | | | | | | | $ | 14,747.41 |
| 10/7/2020 | Atty Fees & Costs Sept. 2020 | | | | | | | $ | 462.50 | $ | 0.40 | $ | 15,210.31 |
| 10/16/2020 | Interest | | | $ | 207.43 | | | | | | | $ | 15,417.73 |
| 10/16/2020 | Late Fees | | | | | $ | 25.00 | | | | | $ | 15,442.73 |
| 11/1/2020 | Assessment | $ | 1,726.16 | | | | | | | | | $ | 17,168.89 |
| 11/16/2020 | Interest | | | $ | 233.32 | | | | | | | $ | 17,402.21 |
| 11/16/2020 | Late Fees | | | | | $ | 25.00 | | | | | $ | 17,427.21 |
| 12/1/2020 | Assessment | $ | 1,726.16 | | | | | | | | | $ | 19,153.37 |
| 12/16/2020 | Interest | | | $ | 259.21 | | | | | | | $ | 19,412.58 |
| 12/16/2020 | Late Fees | | | | | $ | 25.00 | | | | | $ | 19,437.58 |
| 12/16/2020 | Atty Fees Oct. - 12/16 | | | | | | | $ | 1,218.75 | | | $ | 20,656.33 |
| 12/23/2020 | Atty Fees 12/17-12/23 | | | | | | | $ | 1,755.00 | | | $ | 24,137.49 |
| 1/1/2021 | Assessment | $ | 1,726.16 | | | | | | | | | $ | 24,137.49 |
| 1/4/2021 | Atty Fees 12/24-12/29 | | | | | | | $ | 667.50 | | | $ | 24,804.99 |
| 1/4/2021 | Attorney's Fees NOIL | | | | | | | $ | 300.00 | | | $ | 25,104.99 |
| 1/4/2021 | Attorney's Costs NOIL | | | | | | | | | $ | 6.25 | $ | 25,111.24 |
| 1/16/2021 | Interest | | | $ | 285.10 | | | | | | | $ | 25,396.35 |
| 1/16/2021 | Late Fees | | | | | $ | 25.00 | | | | | $ | 25,421.35 |
| 2/1/2021 | Assessment | $ | 1,726.16 | | | | | | | | | $ | 27,147.51 |

| Date | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2/16/2021 | Interest | | $ 311.00 | | | | | $ | 27,458.50 |
| 2/16/2021 | Late Fees | | | $ 25.00 | | | | $ | 27,483.50 |
| 3/1/2021 | Assessment | $ 1,726.16 | | | | | | $ | 29,209.66 |
| 3/3/2021 | Atty Fees & Costs 1/4-3/3 | | | | | $ 918.75 | $ 5.86 | $ | 30,134.27 |
| 3/16/2021 | Interest | | $ 336.89 | | | | | $ | 30,471.16 |
| 3/16/2021 | Late Fees | | | $ 25.00 | | | | $ | 30,496.16 |
| 3/16/2021 | Atty Fees - COL | | | | | $ 300.00 | | $ | 30,796.16 |
| 3/16/2021 | Atty Costs- COL | | | | | | $ 23.00 | $ | 30,819.16 |
| 3/29/2021 | Attorney Fees - NOIF | | | | | $ 300.00 | | $ | 31,119.16 |
| 3/29/2021 | Attorney Costs | | | | | | $ 6.36 | $ | 31,125.52 |
| 4/1/2021 | Assessment | $ 1,726.16 | | | | | | $ | 32,851.68 |
| | | $ 24,185.35 | $ 2,401.96 | $ 300.00 | $ - | $ 5,922.50 | $ 41.87 | | |
| 3/3/2021 | Disbursment Processing Fee | | | | | $ 100.00 | $ 20.00 | $ | 32,971.68 |
| 3/15/2021 | ROL fees & costs | | | | | $ 127.50 | $ 23.00 | $ | 33,122.18 |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

| From: | Elizabeth |
|-------|-----------|
| To: | Rebecca Newman Casamayor |
| Cc: | elizabeth hazan; Alexis Gomez; David B. Haber |
| Subject: | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| Date: | Wednesday, April 7, 2021 10:25:22 AM |
| Attachments: | image001.png |
| | image002.jpg |
| | [PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf |

I never received any "verification of the debt" from you. This is completely false.

I am once again demanding that you instantly remove the lien you have wrongfully recorded on my property or you will be responsible for all my legal fees. I will also sue you and I will file a bar complaint against you. I will sue the board and the board members for malicious prosecution and other tort claims.

I am disputing all of the alleged amounts in your notice of intent to foreclose. You have failed to prove the amounts that I supposedly owe and you have wronged me as always. I was never in default in august 2019. This is completely false.

I will go over the details attached and I will get back to you. In the meantime remove the lien immediately.

Provide me with all the copies of the legal fees.

Govern yourselves accordingly

Elizabeth Hazan

> On Apr 7, 2021, at 10:03 AM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

> Ms. Hazan,
> First, you have repeatedly failed to provide any information, documentation, or even an explanation regarding why you believe you do not owe the amounts claimed by the Association. This is despite multiple requests from our office to you to please provide any support for your objection so that we can review and evaluate same. In addition, we have already provided verification of the debt to you via a letter dated 3/5/21, which was mailed and emailed to you. You did not respond. Further, you are well aware that you are required to timely and fully pay ongoing assessments and related charges under the Association's Declaration, Chapter 720 of the Florida Statutes, and the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 in your bankruptcy proceedings. In fact, you have even acknowledged in emails that the Association is entitled to a new lien against your property for

nonpayment of ongoing assessments as opposed to payments under your bankruptcy plan (see, e.g., your email on 12/17/20 in which you stated "The ongoing assessments are NOT part of the plan you have the remedy under paragraph 7 of the stipulation and not paragraph 10"). So for you to now claim that the amounts in our Notice letters are "wrongly stated" is disingenuous at best.

Notwithstanding the foregoing, attached once again (this is at least the third time we have sent to you) is a breakdown of the amounts set forth in our Notice of Intent to Foreclose for ongoing assessments, late fees, interest, attorney's fees, and costs from your default beginning in August 2019.

The names of the Association's Board members are publicly available to you on Sunbiz, but I am listing them below for your reference:

President – Thomas Murphy

VP – Jason Giller

Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact information other than what's publicly available; however, you are welcome to send correspondence to the Association's Property Manager (Mercy.Rodriguez@marquishoa.com) who can forward same to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW** | **WWW.HABER.LAW**

**BIO** | **VCARD**



**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work-product or attorney-client privileged information that may be Legally Privileged. The information

contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>
**Sent:** Monday, April 5, 2021 4:06 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.
Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.
Thank you,

REBECCA NEWMAN CASAMAYOR, ESQ. |
SENIOR ASSOCIATE
251 NW 23 STREET MIAMI, FL 33127
T: 305.379.2400 F: 305.379.1106
RCASAMAYOR@HABER.LAW |
WWW.HABER.LAW

<image001.png>

BIO | VCARD

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_ [PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

### Valencia - Unit 6913 (Hazan)

| Date | Item | Assessment | Interest | Late Fees | Ass'n Costs | Atty Fees | Atty Costs | Balance | Pymt |
|------|------|-----------:|---------:|----------:|------------:|----------:|-----------:|--------:|-----:|
| 7/31/2019 | Opening Balance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 8/1/2019 | Assessment | $ 1,425.44 | | | | | | $ 1,425.44 | |
| 8/16/2019 | Interest | | $ 21.38 | | | | | $ 1,446.82 | |
| 8/16/2019 | Late Fees | | | $ 25.00 | | | | $ 1,471.82 | |
| 9/1/2019 | Assessment | $ 1,425.44 | | | | | | $ 2,897.26 | |
| 9/16/2019 | Interest | | $ 42.76 | | | | | $ 2,940.02 | |
| 9/16/2019 | Late Fees | | | $ 25.00 | | | | $ 2,965.02 | |
| 10/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 4,388.02 | |
| 10/3/2019 | Payment | $ (2,731.86) | $ (64.14) | $ (50.00) | | | | $ 1,542.02 | $ 2,846.00 |
| 10/16/2019 | Interest | | $ 23.13 | | | | | $ 1,565.16 | |
| 10/16/2019 | Late Fees | | | $ 25.00 | | | | $ 1,590.16 | |
| 11/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 3,013.16 | |
| 11/16/2019 | Interest | | $ 44.48 | | | | | $ 3,057.63 | |
| 11/16/2019 | Late Fees | | | $ 25.00 | | | | $ 3,082.63 | |
| 12/1/2019 | Assessment | $ 1,423.00 | | | | | | $ 4,505.63 | |
| 12/16/2019 | Interest | | $ 65.82 | | | | | $ 4,571.45 | |
| 12/16/2019 | Late Fees | | | $ 25.00 | | | | $ 4,596.45 | |
| 1/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 6,019.45 | |
| 1/16/2020 | Interest | | $ 87.17 | | | | | $ 6,106.62 | |
| 1/16/2020 | Late Fees | | | $ 25.00 | | | | $ 6,131.62 | |
| 2/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 7,554.62 | |
| 2/16/2020 | Interest | | $ 108.51 | | | | | $ 7,663.13 | |
| 2/16/2020 | Late FEes | | | $ 25.00 | | | | $ 7,688.13 | |
| 3/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 9,111.13 | |
| 3/16/2020 | Interest | | $ 129.86 | | | | | $ 9,240.98 | |
| 3/16/2020 | Late Fees | | | $ 25.00 | | | | $ 9,265.98 | |
| 3/31/2020 | Payment | $ (2,241.91) | $ (458.97) | $ (150.00) | | | | $ 6,415.10 | $ 2,850.88 |
| 3/31/2020 | Payment | $ (2,850.88) | | | | | | $ 3,564.22 | $ 2,850.88 |
| 4/1/2020 | Assessment | $ 1,423.00 | | | | | | $ 4,987.22 | |
| 4/16/2020 | Interest | | $ 74.81 | | | | | $ 5,062.03 | |
| 4/16/2020 | Late Fees | | | $ 25.00 | | | | $ 5,087.03 | |

| Date | Description | Assessment | Interest | Late Fees | Atty | Costs | Balance |
|---|---|---|---|---|---|---|---|
| 5/1/2020 | Assessment | $ 1,423.00 | | | | | $ 6,510.03 |
| 5/16/2020 | Interest | | $ 96.15 | | | | $ 6,606.18 |
| 5/16/2020 | Late Fees | | | $ 25.00 | | | $ 6,631.18 |
| 6/1/2020 | Assessment | $ 1,423.00 | | | | | $ 8,054.18 |
| 6/16/2020 | Interest | | $ 117.50 | | | | $ 8,171.68 |
| 6/16/2020 | Late Fees | | | $ 25.00 | | | $ 8,196.68 |
| 7/1/2020 | Assessment | $ 1,423.00 | | | | | $ 9,619.68 |
| 7/16/2020 | Interest | | $ 138.84 | | | | $ 9,758.53 |
| 7/16/2020 | Late Fees | | | $ 25.00 | | | $ 9,783.53 |
| 8/1/2020 | Assessment | $ 1,423.00 | | | | | $ 11,206.53 |
| 8/16/2020 | Interest | | $ 160.19 | | | | $ 11,366.71 |
| 8/16/2020 | Late Fees | | | $ 25.00 | | | $ 11,391.71 |
| 9/1/2020 | Assessment | $ 1,423.00 | | | | | $ 12,814.71 |
| 9/16/2020 | Interest | | $ 181.53 | | | | $ 12,996.25 |
| 9/16/2020 | Late Fees | | | $ 25.00 | | | $ 13,021.25 |
| 10/1/2020 | Assessment | $ 1,726.16 | | | | | $ 14,747.41 |
| 10/7/2020 | Atty Fees & Costs Sept. 2020 | | | | $ 462.50 | $ 0.40 | $ 15,210.31 |
| 10/16/2020 | Interest | | $ 207.43 | | | | $ 15,417.73 |
| 10/16/2020 | Late Fees | | | $ 25.00 | | | $ 15,442.73 |
| 11/1/2020 | Assessment | $ 1,726.16 | | | | | $ 17,168.89 |
| 11/16/2020 | Interest | | $ 233.32 | | | | $ 17,402.21 |
| 11/16/2020 | Late Fees | | | $ 25.00 | | | $ 17,427.21 |
| 12/1/2020 | Assessment | $ 1,726.16 | | | | | $ 19,153.37 |
| 12/16/2020 | Interest | | $ 259.21 | | | | $ 19,412.58 |
| 12/16/2020 | Late Fees | | | $ 25.00 | | | $ 19,437.58 |
| 12/16/2020 | Atty Fees Oct. - 12/16 | | | | $ 1,218.75 | | $ 20,656.33 |
| 12/23/2020 | Atty Fees 12/17-12/23 | | | | $ 1,755.00 | | $ 24,137.49 |
| 1/1/2021 | Assessment | $ 1,726.16 | | | | | $ 24,137.49 |
| 1/4/2021 | Atty Fees 12/24-12/29 | | | | $ 667.50 | | $ 24,804.99 |
| 1/4/2021 | Attorney's Fees NOIL | | | | $ 300.00 | | $ 25,104.99 |
| 1/4/2021 | Attorney's Costs NOIL | | | | | $ 6.25 | $ 25,111.24 |
| 1/16/2021 | Interest | | $ 285.10 | | | | $ 25,396.35 |
| 1/16/2021 | Late Fees | | | $ 25.00 | | | $ 25,421.35 |
| 2/1/2021 | Assessment | $ 1,726.16 | | | | | $ 27,147.51 |

| Date | Description | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/16/2021 | Interest | | | $ | 311.00 | | | | | $ | 27,458.50 |
| 2/16/2021 | Late Fees | | | | | $ | 25.00 | | | $ | 27,483.50 |
| 3/1/2021 | Assessment | $ | 1,726.16 | | | | | | | $ | 29,209.66 |
| 3/3/2021 | Atty Fees & Costs 1/4-3/3 | | | | | | | $ | 918.75 | $ | 5.86 | $ | 30,134.27 |
| 3/16/2021 | Interest | | | $ | 336.89 | | | | | $ | 30,471.16 |
| 3/16/2021 | Late Fees | | | | | $ | 25.00 | | | $ | 30,496.16 |
| 3/16/2021 | Atty Fees - COL | | | | | | | $ | 300.00 | | $ | 30,796.16 |
| 3/16/2021 | Atty Costs- COL | | | | | | | | | $ | 23.00 | $ | 30,819.16 |
| 3/29/2021 | Attorney Fees - NOIF | | | | | | | $ | 300.00 | | $ | 31,119.16 |
| 3/29/2021 | Attorney Costs | | | | | | | | | $ | 6.36 | $ | 31,125.52 |
| 4/1/2021 | Assessment | $ | 1,726.16 | | | | | | | $ | 32,851.68 |
| | | $ | 24,185.35 | $ 2,401.96 | $ | 300.00 | $ | - | $ | 5,922.50 | $ | 41.87 | |
| | | | | | | | | | | | |
| 3/3/2021 | Disbursment Processing Fee | | | | | | | $ | 100.00 | $ | 20.00 | $ | 32,971.68 |
| 3/15/2021 | ROL fees & costs | | | | | | | $ | 127.50 | $ | 23.00 | $ | 33,122.18 |

| | |
|---|---|
| **From:** | elizabeth hazan |
| **To:** | Rebecca Newman Casamayor |
| **Cc:** | Elizabeth; Alexis Gomez; David B. Haber |
| **Subject:** | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| **Date:** | Wednesday, April 7, 2021 10:00:06 PM |

Can you ask the accounting department to provide me with all the payments made in 2019 and 2020. There are payments that were sent to Valencia that were not accounted for. You have also wrongfully charged me interest and penalty fees when in realty I paid in advance numerous times the ongoing assessments.

Also provide me with your legal fees invoices.

Elizabeth Hazan


On Apr 7, 2021, at 10:03 AM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:


Ms. Hazan,
First, you have repeatedly failed to provide any information, documentation, or even an explanation regarding why you believe you do not owe the amounts claimed by the Association. This is despite multiple requests from our office to you to please provide any support for your objection so that we can review and evaluate same. In addition, we have already provided verification of the debt to you via a letter dated 3/5/21, which was mailed and emailed to you. You did not respond. Further, you are well aware that you are required to timely and fully pay ongoing assessments and related charges under the Association's Declaration, Chapter 720 of the Florida Statutes, and the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 in your bankruptcy proceedings. In fact, you have even acknowledged in emails that the Association is entitled to a new lien against your property for nonpayment of ongoing assessments as opposed to payments under your bankruptcy plan (see, e.g., your email on 12/17/20 in which you stated "The ongoing assessments are NOT part of the plan you have the remedy under paragraph 7 of the stipulation and not paragraph 10"). So for you to now claim that the amounts in our Notice letters are "wrongly stated" is disingenuous at best.
Notwithstanding the foregoing, attached once again (this is at least the third time we have sent to you) is a breakdown of the amounts set forth in our Notice of Intent to Foreclose for ongoing assessments, late fees, interest, attorney's fees, and costs from your default beginning in August 2019.
The names of the Association's Board members are publicly available to you on Sunbiz, but I am listing them below for your reference:
President – Thomas Murphy
VP – Jason Giller
Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact information other than what's publicly available; however, you are welcome to send correspondence to the Association's Property Manager (Mercy.Rodriguez@marquishoa.com) who can forward same to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

REBECCA NEWMAN CASAMAYOR, ESQ. | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

RCASAMAYOR@HABER.LAW | WWW.HABER.LAW

BIO | VCARD

<image001.png>

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>
**Sent:** Monday, April 5, 2021 4:06 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.

Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor
<RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.
Thank you,

**REBECCA NEWMAN CASAMAYOR, ESQ. |**
SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW |**
**WWW.HABER.LAW**

<image001.png>

**BIO | VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913
Valencia-.pdf>

<[PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf>

| From: | Elizabeth |
| To: | Rebecca Newman Casamayor |
| Cc: | elizabeth hazan; Alexis Gomez; David B. Haber |
| Subject: | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| Date: | Thursday, April 8, 2021 12:23:44 PM |

I ll work on it and I will contact the banks that issued the various payments and I will get back to you. Can you email me copies of the legal invoices at your earliest convenience.

Also last year there was a stay home order because of the pandemic COVID 19 and the island was closed for several weeks/months and there was no service done by the maintenance. I have all the pictures etc. I am requesting that the association issues a credit for those months.

Elizabeth Hazan

On Apr 8, 2021, at 11:35 AM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, we will collect the documents you are requesting from accounting; however, in order to properly investigate your claims, please send us a list of all payments you believe were not properly credited to your account, as well as all interest and late fee charges that you believe were improperly charged.

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

<image001.png>   RCASAMAYOR@HABER.LAW | WWW.HABER.LAW

BIO | VCARD

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and

obtain instructions as to the disposal of the transmitted material.

**From:** elizabeth hazan <elizabethhazan07@gmail.com>
**Sent:** Wednesday, April 7, 2021 10:00 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** Elizabeth <elizabeth9246qc@gmail.com>; Alexis Gomez <agomez@haber.law>;
David B. Haber <DHaber@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien
Can you ask the accounting department to provide me with all the payments made in
2019 and 2020. There are payments that were sent to Valencia that were not
accounted for. You have also wrongfully charged me interest and penalty fees when in
realty I paid in advance numerous times the ongoing assessments.
Also provide me with your legal fees invoices.
Elizabeth Hazan

On Apr 7, 2021, at 10:03 AM, Rebecca Newman Casamayor
<RCasamayor@haber.law> wrote:

Ms. Hazan,
First, you have repeatedly failed to provide any information,
documentation, or even an explanation regarding why you believe you do
not owe the amounts claimed by the Association. This is despite multiple
requests from our office to you to please provide any support for your
objection so that we can review and evaluate same. In addition, we have
already provided verification of the debt to you via a letter dated 3/5/21,
which was mailed and emailed to you. You did not respond. Further, you
are well aware that you are required to timely and fully pay ongoing
assessments and related charges under the Association's Declaration,
Chapter 720 of the Florida Statutes, and the Stipulation of Settlement
Claim 10 executed by you and the Association on or about August 17,
2016 in your bankruptcy proceedings. In fact, you have even
acknowledged in emails that the Association is entitled to a new lien
against your property for nonpayment of ongoing assessments as
opposed to payments under your bankruptcy plan (see, e.g., your email
on 12/17/20 in which you stated "The ongoing assessments are NOT part
of the plan you have the remedy under paragraph 7 of the stipulation and
not paragraph 10"). So for you to now claim that the amounts in our
Notice letters are "wrongly stated" is disingenuous at best.
Notwithstanding the foregoing, attached once again (this is at least the
third time we have sent to you) is a breakdown of the amounts set forth
in our Notice of Intent to Foreclose for ongoing assessments, late fees,
interest, attorney's fees, and costs from your default beginning in August
2019.

The names of the Association's Board members are publicly available to you on Sunbiz, but I am listing them below for your reference:

President – Thomas Murphy

VP – Jason Giller

Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact information other than what's publicly available; however, you are welcome to send correspondence to the Association's Property Manager (Mercy.Rodriguez@marquishoa.com) who can forward same to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

REBECCA NEWMAN CASAMAYOR, ESQ. |
SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

<image001.png>

**RCASAMAYOR@HABER.LAW** |
**WWW.HABER.LAW**

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>

**Sent:** Monday, April 5, 2021 4:06 PM

**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>

**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez
<agomez@haber.law>

**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose
Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all
the amounts wrongly stated in your various correspondences. I am
demanding that you immediately retract your demands and cancel as
soon as possible your lien or you will be responsible for all my legal fees.
You have failed to justify any of the amounts stated in your demand
letters. Also provide at your earliest convenience the names of the
persons on the board and their contact information. Govern yourselves
accordingly.

Elizabeth Hazan

> On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor
<RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.
Thank you,

> **REBECCA NEWMAN**
> **CASAMAYOR, ESQ.** | SENIOR
> **ASSOCIATE**
>
> 251 NW 23 STREET MIAMI, FL
> 33127

<image001.png>

> T: 305.379.2400 F: 305.379.1106
> **RCASAMAYOR@HABER.LAW** |
> **WWW.HABER.LAW**
>
> **BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-
19 issues HABER LAW is taking precautionary
steps. HABER LAW is operational; however, our
team will be working remotely until further notice.
Please allow 24-48 hours for us to respond to your
emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a
communication from a debt collector. This is an attempt to collect a debt and any
information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message,
contains confidential, proprietary, attorney work- product or attorney-client
privileged information that may be Legally Privileged. The information contained
in this e-mail is intended only for use of the individual or entity named above. If

the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

<[PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf>

| | |
|---|---|
| **From:** | David B. Haber |
| **To:** | Rebecca Newman Casamayor |
| **Cc:** | elizabeth hazan; Elizabeth; Alexis Gomez |
| **Subject:** | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| **Date:** | Thursday, April 8, 2021 11:00:58 PM |
| **Attachments:** | image001.png<br>image002.jpg |

Just so that Ms. Hazan understands, to the extent that she is incorrect, all legal fees associated with her latest inquiry will be charged to her and her account

Sent from my iPhone

On Apr 8, 2021, at 11:35 AM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, we will collect the documents you are requesting from accounting; however, in order to properly investigate your claims, please send us a list of all payments you believe were not properly credited to your account, as well as all interest and late fee charges that you believe were improperly charged.

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

<image001.png>     **RCASAMAYOR@HABER.LAW** | **WWW.HABER.LAW**

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** elizabeth hazan <elizabethhazan07@gmail.com>

**Sent:** Wednesday, April 7, 2021 10:00 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** Elizabeth <elizabeth9246qc@gmail.com>; Alexis Gomez <agomez@haber.law>;
David B. Haber <DHaber@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien
Can you ask the accounting department to provide me with all the payments made in
2019 and 2020. There are payments that were sent to Valencia that were not
accounted for. You have also wrongfully charged me interest and penalty fees when in
realty I paid in advance numerous times the ongoing assessments.
Also provide me with your legal fees invoices.
Elizabeth Hazan


On Apr 7, 2021, at 10:03 AM, Rebecca Newman Casamayor
<RCasamayor@haber.law> wrote:


Ms. Hazan,
First, you have repeatedly failed to provide any information,
documentation, or even an explanation regarding why you believe you do
not owe the amounts claimed by the Association. This is despite multiple
requests from our office to you to please provide any support for your
objection so that we can review and evaluate same. In addition, we have
already provided verification of the debt to you via a letter dated 3/5/21,
which was mailed and emailed to you. You did not respond. Further, you
are well aware that you are required to timely and fully pay ongoing
assessments and related charges under the Association's Declaration,
Chapter 720 of the Florida Statutes, and the Stipulation of Settlement
Claim 10 executed by you and the Association on or about August 17,
2016 in your bankruptcy proceedings. In fact, you have even
acknowledged in emails that the Association is entitled to a new lien
against your property for nonpayment of ongoing assessments as
opposed to payments under your bankruptcy plan (see, e.g., your email
on 12/17/20 in which you stated "The ongoing assessments are NOT part
of the plan you have the remedy under paragraph 7 of the stipulation and
not paragraph 10"). So for you to now claim that the amounts in our
Notice letters are "wrongly stated" is disingenuous at best.
Notwithstanding the foregoing, attached once again (this is at least the
third time we have sent to you) is a breakdown of the amounts set forth
in our Notice of Intent to Foreclose for ongoing assessments, late fees,
interest, attorney's fees, and costs from your default beginning in August
2019.
The names of the Association's Board members are publicly available to
you on Sunbiz, but I am listing them below for your reference:

President – Thomas Murphy

VP – Jason Giller

Secretary – Irina Golochtchapov

I am not authorized to give out their personal contact information other than what's publicly available; however, you are welcome to send correspondence to the Association's Property Manager (Mercy.Rodriguez@marquishoa.com) who can forward same to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

REBECCA NEWMAN CASAMAYOR, ESQ. |
SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

<image001.png>

**RCASAMAYOR@HABER.LAW** |
**WWW.HABER.LAW**

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>

**Sent:** Monday, April 5, 2021 4:06 PM

**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>

**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>

**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.

Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.

Thank you,

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

<image001.png>

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW** | **WWW.HABER.LAW**

**BIO** | **VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is

strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

<[PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf>

| | |
|---|---|
| **From:** | David B. Haber |
| **To:** | Elizabeth |
| **Cc:** | Rebecca Newman Casamayor; elizabeth hazan; Alexis Gomez |
| **Subject:** | Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien |
| **Date:** | Thursday, April 8, 2021 11:09:21 PM |

To the extent that the association has a maintenance contract, The association makes those payments All owners are being charged The regular monthly assessments.

you will not be treated any differently Than other owners, nor will you be given a credit On your assessments.

To the extent that you are asking the board and/or management to inquire of the maintenance company to get a credit to the association, we will forward that suggestion to the board and management.

To the extent that the association receives a credit, those funds will remain in the association's account —Unless the board decides to return those monies to the owners. That is a board decision. You don't have the right to state that you won't make payment Of your monthly maintenance come on nor do you have the right to withhold payment of any portion of that simply because you believe the association itself should seek and receive a credit from it's maintenance vendor.

Sent from my iPhone

> On Apr 8, 2021, at 12:23 PM, Elizabeth <elizabeth9246qc@gmail.com> wrote:

>  I ll work on it and I will contact the banks that issued the various payments and I will get back to you. Can you email me copies of the legal invoices at your earliest convenience.

> Also last year there was a stay home order because of the pandemic COVID 19 and the island was closed for several weeks/months and there was no service done by the maintenance. I have all the pictures etc. I am requesting that the association issues a credit for those months.

> Elizabeth Hazan

>> On Apr 8, 2021, at 11:35 AM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

>> Ms. Hazan, we will collect the documents you are requesting from accounting; however, in order to properly investigate your claims, please send us a list of all payments you believe were not properly credited to your account, as well as all interest and late fee charges that you believe

were improperly charged.

**REBECCA NEWMAN CASAMAYOR, ESQ. |**
SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106
**RCASAMAYOR@HABER.LAW |**
**WWW.HABER.LAW**

**BIO | VCARD**

<image001.png>

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues*
*HABER LAW is taking precautionary steps. HABER LAW is*
*operational; however, our team will be working remotely until*
*further notice. Please allow 24-48 hours for us to respond to*
*your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from
a debt collector. This is an attempt to collect a debt and any information obtained may be used for
that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential,
proprietary, attorney work- product or attorney-client privileged information that may be Legally
Privileged. The information contained in this e-mail is intended only for use of the individual or
entity named above. If the reader of this message is not the intended recipient, or the employee or
agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that
any dissemination, distribution or copying of this communication is strictly prohibited. If you are not
the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit,
convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by
the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally
Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail
and by telephone at the phone number of the sender listed on the email and obtain instructions as to
the disposal of the transmitted material.

**From:** elizabeth hazan <elizabethhazan07@gmail.com>
**Sent:** Wednesday, April 7, 2021 10:00 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** Elizabeth <elizabeth9246qc@gmail.com>; Alexis Gomez
<agomez@haber.law>; David B. Haber <DHaber@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose
Claim of Lien
Can you ask the accounting department to provide me with all the
payments made in 2019 and 2020. There are payments that were sent to
Valencia that were not accounted for. You have also wrongfully charged
me interest and penalty fees when in realty I paid in advance numerous
times the ongoing assessments.
Also provide me with your legal fees invoices.
Elizabeth Hazan

On Apr 7, 2021, at 10:03 AM, Rebecca Newman Casamayor
<RCasamayor@haber.law> wrote:

Ms. Hazan,
First, you have repeatedly failed to provide any information,
documentation, or even an explanation regarding why you
believe you do not owe the amounts claimed by the
Association. This is despite multiple requests from our office
to you to please provide any support for your objection so
that we can review and evaluate same. In addition, we have
already provided verification of the debt to you via a letter
dated 3/5/21, which was mailed and emailed to you. You did
not respond. Further, you are well aware that you are
required to timely and fully pay ongoing assessments and
related charges under the Association's Declaration, Chapter
720 of the Florida Statutes, and the Stipulation of Settlement
Claim 10 executed by you and the Association on or about
August 17, 2016 in your bankruptcy proceedings. In fact, you
have even acknowledged in emails that the Association is
entitled to a new lien against your property for nonpayment
of ongoing assessments as opposed to payments under your
bankruptcy plan (see, e.g., your email on 12/17/20 in which
you stated "The ongoing assessments are NOT part of the
plan you have the remedy under paragraph 7 of the
stipulation and not paragraph 10"). So for you to now claim
that the amounts in our Notice letters are "wrongly stated"
is disingenuous at best.
Notwithstanding the foregoing, attached once again (this is
at least the third time we have sent to you) is a breakdown
of the amounts set forth in our Notice of Intent to Foreclose
for ongoing assessments, late fees, interest, attorney's fees,
and costs from your default beginning in August 2019.
The names of the Association's Board members are publicly
available to you on Sunbiz, but I am listing them below for
your reference:
President – Thomas Murphy
VP – Jason Giller
Secretary – Irina Golochtchapov
I am not authorized to give out their personal contact
information other than what's publicly available; however,
you are welcome to send correspondence to the
Association's Property Manager
(Mercy.Rodriguez@marquishoa.com) who can forward same
to the Board.

Please note that this correspondence reserves all rights of the Association, without limitation.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

**RCASAMAYOR@HABER.LAW** | **WWW.HABER.LAW**

**BIO** | **VCARD**

<image001.png>

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work- product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

**From:** Elizabeth <elizabeth9246qc@gmail.com>
**Sent:** Monday, April 5, 2021 4:06 PM
**To:** Rebecca Newman Casamayor <RCasamayor@haber.law>
**Cc:** elizabeth hazan <elizabethhazan07@gmail.com>; Alexis Gomez <agomez@haber.law>
**Subject:** Re: Valencia Unit 6913 - Hazan - Notice of Intent to Foreclose Claim of Lien

As I previously stated I have disputed and I am continuing to dispute all the amounts wrongly stated in your various

correspondences. I am demanding that you immediately retract your demands and cancel as soon as possible your lien or you will be responsible for all my legal fees. You have failed to justify any of the amounts stated in your demand letters. Also provide at your earliest convenience the names of the persons on the board and their contact information. Govern yourselves accordingly.

Elizabeth Hazan

On Apr 5, 2021, at 3:59 PM, Rebecca Newman Casamayor <RCasamayor@haber.law> wrote:

Ms. Hazan, please see attached correspondence.
Thank you,

**REBECCA NEWMAN CASAMAYOR, ESQ.** | SENIOR ASSOCIATE

251 NW 23 STREET MIAMI, FL 33127

T: 305.379.2400 F: 305.379.1106

<image001.png>

**RCASAMAYOR@HABER.LAW | WWW.HABER.LAW**

**BIO | VCARD**

<image002.jpg>

**ATTENTION IMPORTANT NOTICE:** *Due to COVID-19 issues HABER LAW is taking precautionary steps. HABER LAW is operational; however, our team will be working remotely until further notice. Please allow 24-48 hours for us to respond to your emails and calls.*

Pursuant to the Fair Debt Collection Practices Act, please be advised: This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

NOTICE: This e-mail message, and any attachment(s) to this e-mail message, contains confidential, proprietary, attorney work-product or attorney-client privileged information that may be Legally Privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient(s)/addressee(s), you are hereby notified that any

dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, you must not read, review, use, copy, reproduce, retain, store, retransmit, convert to hard copy, or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is Legally Privileged. If you have received this e-mail in error, please notify us immediately by return e-mail and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material.

<20210405_[PDF] Notice of Intent to Foreclose - Hazan 6913 Valencia-.pdf>

<[PDF] Spreadsheet Amounts Owed from Aug 2019 Default.pdf>

**Exhibit 3**

CFN: 20220434954 BOOK 33212 PAGE 2465
DATE:05/27/2022  07:26:32 AM
MTG DOC 1,601.25
INTANGIBLE 914.86
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

CFN: 20220139494 BOOK 33023 PAGE 1746
DATE:02/16/2022  08:22:31 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Loan Number    3012303314

## LOAN MODIFICATION AGREEMENT

Borrower ("I")¹:  ELIZABETH HAZAN
Lender ("Lender"):  JPMORGAN CHASE BANK, N.A.
Date of First Lien Security Instrument (the "Mortgage") and Note (the "Note"):  MARCH 07, 2007
Loan Number:  3012393314  (the "Loan")
Property Address:  6913 VALENCIA DR, FISHER ISLAND, FLORIDA 33109   (the "Property")

If my representations in Section 1 continue to be true in all material respects, then the provisions of
Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and
supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage.
The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan
Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan
Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my
income to determine whether I qualify for the offer described in this Agreement.  This Agreement will
not take effect unless and until the Lender signs it.

1.   **My Representations.**  I represent to the Lender and agree:

   A.   I am experiencing a financial hardship, and as a result, am either in default under the Loan
        Documents or a default is imminent.

   B.   The Property is neither in a state of disrepair, nor condemned.

   C.   There has been no change in the ownership of the Property since I signed the Loan
        Documents.

   D.   I am not a party to any litigation involving the Loan Documents, except to the extent I may be
        a defendant in a foreclosure action.

   E.   I have provided documentation for all income that I earn.

   F.   All documents and information I provide pursuant to this Agreement are true and correct.

2.   **The Modification.**  The Loan Documents are hereby modified as of AUGUST 01, 2011 (the
     "Modification Effective Date"), and all unpaid late charges are waived.  The Lender agrees to
     suspend any foreclosure activities so long as I comply with the terms of the Loan Documents, as
     modified by this Agreement.   The Loan Documents will be modified, and the first modified
     payment will be due on the date set forth in this Section 2:

   A. The Maturity Date will be:  JULY 01, 2051.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be
      past due (excluding unpaid late charges) and may include amounts towards taxes, insurance,



¹ If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I".  For purposes of this document words
signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 08_17_2011_12_35_37                    Page 1 of 8 pages

CFN: 20220434954 BOOK 33212 PAGE 2466

CFN: 20220139494 BOOK 33023 PAGE 1747

Loan Number    3012393314

or other assessments. The new principal balance of my Note is $4,282,432.36 (the "New Principal Balance").

C.  $400,000.00 of the New Principal Balance shall be deferred (the "Deferred Principal Balance"), and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance," and this amount is $3,882,432.36. The Interest Bearing Principal Balance will re-amortize over 480 months.

Interest will begin to accrue as of JULY 01, 2011. The first New monthly payment on the New Principal Balance will be due on AUGUST 01, 2011, and monthly on the same date thereafter.

This Section 2.C does Not apply To the repayment of any Deferred Principal Balance And such a balance will be repaid in accordance With Section 2.D. My payment schedule For the modified Loan Is As follows:

I promise to pay monthly payments according to the following schedule with respect to the Interest Bearing Principal Balance.

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal & Interest Payment Amount | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1-5 | 2.000% | 07/01/2011 | $11,757.00 | 08/01/2011 | 60 |
| 6 | 3.000% | 07/01/2016 | $13,658.90 | 08/01/2016 | 12 |
| 7 | 4.000% | 07/01/2017 | $15,666.46 | 08/01/2017 | 12 |
| 8-40 | 4.500% | 07/01/2018 | $16,699.14 | 08/01/2018 | 396 |

The Lender will notify me of the payment amount prior to the date that the monthly payment on the Interest Bearing Principal Balance will change.
The Deferred Principal Balance of $400,000.00 will be due on the maturity date unless due earlier in accordance with Section 2.D.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for an adjustable or step interest rate.

D.  I agree to pay in full (i) the Deferred Principal Balance, if any; and (ii) any other amounts still owed under the Loan Documents, by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire Interest Bearing Principal Balance, or the Maturity Date.

E.  I will be in default if I do not (i) pay the full amount of a monthly payment on the date it is due, or (ii) comply with the terms of the Loan Documents, as modified by this Agreement. If a

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 06_17_2011_12_35_37          Page 2 of 5 pages



CFN: 20220434954 BOOK 33212 PAGE 2467

CFN: 20220139494 BOOK 33023 PAGE 1748

Loan Number    5012303314

default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the Interest Bearing Principal Balance will be the rate set forth in Section 2.C, and there will be no interest payable on the Deferred Principal Balance, if any.

F.  If I make a partial prepayment of principal, the Lender may apply that partial prepayment first to any remaining Deferred Principal Balance before applying such partial prepayment to other amounts due under this Agreement or the Loan Documents.

3.  **Additional Agreements.**  I agree to the following:

A.  That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

B.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

C.  That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

D.  That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F.  That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G.  If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 06_17_2011_12_35_37          Page 3 of 6 pages



CFN: 20220434954 BOOK 33212 PAGE 2468

CFN: 20220139494 BOOK 33023 PAGE 1749

Loan Number    3012363314

(10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H.   All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I.   If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

J.   That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement.   If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

K.   I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP    Ver. 06_17_2011_12_35_37          Page 4 of 6 pages

CFN: 20220434954 BOOK 33212 PAGE 2469

CFN: 20220139494 BOOK 33023 PAGE 1750

Loan Number    3012393314

**TO BE SIGNED BY BORROWER ONLY**

**BORROWER SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK,
N.A. AND ELIZABETH  HAZAN, LOAN NUMBER 3012393314 WITH A MODIFICATION EFFECTIVE DATE OF
AUGUST 01, 2011**

In Witness Whereof the Borrower(s) have executed this agreement.

Borrower -    ELIZABETH HAZAN                                                Date: 06 / 20 / 11

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 06_17_2011_12_35_37        Page 8 of 9 pages

CFN: 20220434954 BOOK 33212 PAGE 2470

CFN: 20220139494 BOOK 33023 PAGE 1751

Loan Number    3012303314

**TO BE SIGNED BY LENDER ONLY**

**LENDER SIGNATURE PAGE TO YOUR MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. AND ELIZABETH HAZAN, LOAN NUMBER 3012393314 WITH A MODIFICATION EFFECTIVE DATE OF AUGUST 01, 2011**

In Witness Whereof, the Lender has executed this Agreement.

**JPMORGAN CHASE BANK, N.A.**
Lender

By: _Patricia C. McLaughlin_

Date: _07·01·11_

Patricia C. McLaughlin
Vice President

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 06_17_2011_12_35_37          Page 6 of 6 pages

CFN: 20220434954 BOOK 33212 PAGE 2471

CFN: 20220139494 BOOK 33023 PAGE 1752

**Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County, Florida.**

Filing # 170158359 E-Filed 04/03/2023 06:58:12 AM

*Hazan, et al.*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.: 2022-005424-CA-01

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

    Plaintiff,

vs.

ELIZABETH HAZAN, an individual; SEAN NEIL
MEEHAN, as spouse of ELIZABETH HAZAN, an
individual; 6913 VALENCIA, LLC, a Florida limited
liability company; JOHN DOE and JANE DOE as
unknown as unknown tenants or occupants,

    Defendants.

_____/

## AMENDED MOTION TO DISMISS FOR LACK OF SERVICE[1]

    **COMES NOW** The Defendants, LIZA HAZAN AKA ELIZABETH HAZAN, Sean

Meehan and 6913 Valencia LLC, by and through their undersigned counsel hereby file

this Motion to Dismiss with prejudice Plaintiff's Complaint and as grounds therefore,

allege:

    (a) The Plaintiff has instituted this action against defendants LIZA HAZAN AKA ELIZABETH
        HAZAN, Sean Meehan and 6913 Valencia LLC, seeking to foreclose a Claim of Lien recorded
        on March 24, 2021, in Official Records Book 32413 at Pages 4637-38 of the public records
        of Miami-Dade County, Florida, with respect to the property described below;

    (b) The Plaintiff in this action 1s: **VALENCIA ESTATES HOMEOWNERS'**
        **ASSOCIATION, INC.;**

_____

[1] There had been absolutely no service of process upon Hazan or Meehan or 6913 Valencia,
LLC, depriving this court of personal jurisdiction over Defendants Hazan and Meehan or
6913 Valencia LLC. By filing this motion, Defendants Hazan and Meehan are not submitting
themselves to this Courts' jurisdiction.
Counsel is filing a special notice of appearance for a limited purpose to quash service.

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*

    (c) The case number of the action is as shown in the caption;

    (d) The property that is the subject matter of this action is in Miami-Dade County, Florida as is described as follows:

        Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, page 64, Public Records of Miami-Dade County, Florida.

        The property address is 6913 Valencia Drive, Fisher Island, FL 33109.

        Defendants Liza Hazan aka Elizabeth Hazan, Sean Neil Meehan and 6913 Valencia Drive LLC have never been served with the lawsuit filed herein and the Court lacks jurisdiction over Defendant Liza Hazan aka Elizabeth Hazan, Sean Neil Meehan and 6913 Valencia LLC.

        Defendants Liza Hazan aka Elizabeth Hazan, Sean Neil Meehan and 6913 Valencia LLC were never served on April 29, 2022, by OLE Process Servers, Inc or Kenny Gallego. Defendants Liza Hazan aka Elizabeth Hazan, Sean Neil Meehan and 6913 Valencia LLC were not handed any complaint by any process server and they are denying receiving any summons or complaint. Defendants Liza Hazan aka Elizabeth Hazan, Sean Neil Meehan and 6913 Valencia LLC were never informed of anything contrary to his allegations in the process server's alleged affidavits of service.

        Florida Rule of Civil Procedure 1.070G) specifically provides that service of process is to be made on a defendant within 120 days after filing of the initial pleading directed to that defendant [to wit on or before February 20, 2023], unless the court, upon a showing of good cause or excusable neglect, extends the time for service for an appropriate period. Plaintiff's motion to extend has not granted by this Court.

        Plaintiffs have failed to effectuate proper service on Hazan and Meehan or 6913 Valencia LLC by the

deadline of 120 days after the filing of the Complaint.

Plaintiffs have failed to show good cause or excusable neglect in regards to the improper service and have falsely alleged that Defendants Hazan and Meehan are evading service. Plaintiffs should not be allowed to flout the requirements under the rules.

WEHEREFORE, your Defendant Liza Hazan aka Elizabeth Hazan, Sean Meehan and 6913 Valencia LLC, pray that this Honorable Court Grant their Motion to Dismiss the Complaint with prejudice and grant further relief that may be awarded at law or in equity.

Dated: April 2, 2023

Respectfully submitted,

s/ Joel M. Aresty
Joel M. Aresty, Esq.
Joel M. Aresty, P.A.
309 1st Avenue S.
Tierra Verde, FL 33715
305-904-1903
aresty@mac.com
Florida Bar # 197483

Counsel for Defendant Liza Hazan a/k/a Elizabeth Hazan

and Sean Neil Meehan and 6913 Valencia LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was furnished

via email to all parties through the E-Portal this 2nd day of April, 2023.

s/ Joel M. Aresty
Joel M. Aresty, Esq.
Joel M. Aresty, P.A.
309 1st Avenue S.
Tierra Verde, FL 33715
aresty@mac.com
Florida Bar Licence # 197483

Counsel for Defendant Liza Hazan a/k/a Elizabeth Hazan

and Sean Neil Meehan and 6913 Valencia LLC

WEHEREFORE,  your Defendant Liza Hazan aka Elizabeth Hazan prays that this Honorable

Court Grant her Motion to dismiss Complaint with prejudice.

Respectfully submitted,

Submitted By:

Liza Hazan aka Elizabeth Hazan
Miami, Florida 33109
(212) 920-6605
Primary Email: lizahazan77@gmail.com

By: _____
Liza Hazan aka Elizabeth Hazan
Pro se

By: _____
Liza Hazan

**CERTIFICATE OF SERVICE**

**I hereby certify** that on April 2, 2023, I served the foregoing Defendant Liza Hazan aka

Elizabeth Hazan , Sean Neil Meehan and 6913 Valencia LLC's  Motion to Quash Service by

email or U.S. Mail on the following:

**HABER LAW, P.A.**
251 NW 23rd Street Miami, FL 33127
(305) 379-2400
(305) 379-1106 (fax)
service@haber.law

Rebecca  Casamayor
**DAVID B. HABER, ESQ.**
Florida Bar No. 435368 dhaber@haber.law
**REBECCA  N. CASAMAYOR, ESQ.**
Fla. Bar No. 99070 RCasamayor@haber.law
JFelipe@haber.law
*Counsel for Plaintiff, Valencia Estates Homeowners's
Association, Inc.*

Respectfully Submitted By.


Liza Hazan aka Elizabeth Hazan
6913 Valencia Drive
Miami, Florida 33109
(212) 920-6605
Primary Email: lizahazan77@gmail.com


By: _____

·

# Case Information

| | | |
|---|---|---|
| **Local Case Number:** 2022-005424-CA-01 | **State Case Number:** 132022CA005424000001 | **Case Style:** VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. vs ELIZABETH HAZAN et al |
| **Filing Date:** 03/23/2022 | **Judicial Section:** CA06 - Downtown Miami - Judge Johnson, Charles | **Case Status:** CLOSED |
| **Case Type:** RPMF -Commercial | **Consolidated Case No.:** | |

# Related Cases

No data available

# Hearing Details

| | | |
|---|---|---|
| **Hearing Date:** 12/31/2025 **Description:** Special Sets | **Hearing Time:** 1:00PM **Hearing Location:** | **Hearing Code:** SPECSETS |
| **Hearing Date:** 10/14/2025 **Description:** Motion Calendar | **Hearing Time:** 9:00AM **Hearing Location:** | **Hearing Code:** MOTCAL |
| **Hearing Date:** 09/04/2025 **Description:** Calendar Call | **Hearing Time:** 1:00PM **Hearing Location:** | **Hearing Code:** CALND |
| **Hearing Date:** 07/23/2025 **Description:** Special Sets | **Hearing Time:** 2:30PM **Hearing Location:** | **Hearing Code:** SPECSETS |
| **Hearing Date:** 05/19/2025 **Description:** Special Sets | **Hearing Time:** 9:15AM **Hearing Location:** | **Hearing Code:** SPECSETS |
| **Hearing Date:** 03/19/2025 **Description:** Special Sets | **Hearing Time:** 2:45PM **Hearing Location:** | **Hearing Code:** SPECSETS |
| **Hearing Date:** 12/13/2024 **Description:** Special Sets | **Hearing Time:** 1:30PM **Hearing Location:** | **Hearing Code:** SPECSETS |
| **Hearing Date:** 12/12/2024 **Description:** Special Sets | **Hearing Time:** 2:45PM **Hearing Location:** | **Hearing Code:** SPECSETS |

**Hearing Date:** 11/19/2024 | **Hearing Time:** 9:00AM | **Hearing Code:** MOTCAL
**Description:** Motion Calendar | **Hearing Location:** |

**Hearing Date:** 11/14/2024 | **Hearing Time:** 9:00AM | **Hearing Code:** MOTCAL
**Description:** Motion Calendar | **Hearing Location:** |

**Hearing Date:** 11/07/2024 | **Hearing Time:** 9:00AM | **Hearing Code:** MOTCAL
**Description:** Motion Calendar | **Hearing Location:** |

**Hearing Date:** 08/06/2024 | **Hearing Time:** 4:30PM | **Hearing Code:** SPECSETS
**Description:** Special Sets | **Hearing Location:** DCC-Circuit Courtroom 5-3 73 West Flagler Street |

**Hearing Date:** 07/11/2024 | **Hearing Time:** 4:00PM | **Hearing Code:** CMC
**Description:** Case Management Conference | **Hearing Location:** DCC-Circuit Courtroom 5-3 73 West Flagler Street |

**Hearing Date:** 06/26/2024 | **Hearing Time:** 9:30AM | **Hearing Code:** MOTCAL
**Description:** Motion Calendar | **Hearing Location:** DCC-Circuit Courtroom 5-3 73 West Flagler Street |

**Hearing Date:** 05/01/2024 | **Hearing Time:** 9:30AM | **Hearing Code:** MOTCAL
**Description:** Motion Calendar | **Hearing Location:** DCC-Circuit Courtroom 5-3 73 West Flagler Street |

**Hearing Date:** 10/05/2023 | **Hearing Time:** 9:30AM | **Hearing Code:** MOTCAL
**Description:** Motion Calendar | **Hearing Location:** |

**Hearing Date:** 09/26/2023 | **Hearing Time:** 9:30AM | **Hearing Code:** MOTCAL
**Description:** Motion Calendar | **Hearing Location:** |

**Hearing Date:** 03/24/2023 | **Hearing Time:** 10:00AM | **Hearing Code:** SPECSETS
**Description:** Special Sets | **Hearing Location:** |

**Hearing Date:** 10/12/2022 | **Hearing Time:** 9:30AM | **Hearing Code:** MOTCAL
**Description:** Motion Calendar | **Hearing Location:** |

# Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. | B#: 85535 Turner, Barry S., ESQ | |
| Defendant | HAZAN, ELIZABETH | | |

| Defendant | MEEHAN, SEAN NEIL | **B#:** 197483 |
|---|---|---|
| | | Aresty, Joel M. |
| Defendant | 6913 VALENCIA, LLC | **B#:** 776394 |
| | | Michael W Simon |

# Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | 12/31/2025 | | Special Sets | Hearing | Motion for summary judgment Motion to dismiss Motion to strike affirmative defenses |
| 310 | 12/16/2025 | | Notice of Change of Address | Event | |
| 309 | 12/12/2025 | | Motion: | Event | Plaintiff's |
| 308 | 12/08/2025 | | Notice of Hrg Special Appt | Event | December 31, 2025, at 1:00 p.m. |
| 307 | 12/05/2025 | | Notice of Hearing- | Event | 12/31/2025 AT 1:00 PM |
| 306 | 12/02/2025 | | Notice of Appearance | Event | |
| 305 | 12/01/2025 | | Voluntary Dismissal | Judgment | |
| 304 | 12/01/2025 | 35054/4301 | Voluntary Dismissal | Event | WITHOUT PREJUDICE |
| 303 | 12/01/2025 | | Motion for Leave | Event | |
| 302 | 11/11/2025 | | Voluntary Dismissal | Judgment | It's Counterclaim Without Prejudice |
| 301 | 11/11/2025 | 35030/693 | Voluntary Dismissal | Event | It's Counterclaim Without Prejudice. |
| 300 | 11/11/2025 | | Motion for Leave | Event | TO FILE NOTICE OF APPERANCE |
| 299 | 11/10/2025 | | Notice of Appearance | Event | |
| 298 | 11/05/2025 | | Amended Notice of Hearing | Event | November 12, 2025, at 9:00 AM, via Zoom |
| 297 | 11/05/2025 | | Notice of Hearing- | Event | 12/01/2025 AT 1:00 PM |
| 296 | 10/31/2025 | | Notice of Hearing- | Event | 11-12-2025 |
| 295 | 10/31/2025 | | Notice of Filing: | Event | EXHIBIT E |
| 294 | 10/31/2025 | | Notice of Filing: | Event | EXHIBIT D |
| 293 | 10/31/2025 | | Notice of Filing: | Event | EXHIBIT C |
| 292 | 10/31/2025 | | Notice of Filing: | Event | EXHIBIT B |
| 291 | 10/31/2025 | | Notice of Filing: | Event | EXHIBIT A |
| 290 | 10/31/2025 | | Motion for Sanctions | Event | |
| 289 | 10/31/2025 | | Motion to Strike | Event | |
| 288 | 10/29/2025 | | Motion for Extension of Time | Event | |
| 287 | 10/29/2025 | | Motion for Extension | Event | |

|  | | | | of Time |
|---|---|---|---|---|
| 286 | 10/14/2025 | Notice of Hearing- | Event | 10/21/2025 AT 3:00 PM |
| 285 | 10/14/2025 | Order of Withdrawal as Attorney of Record | Event | |
| | 10/14/2025 | Motion Calendar | Hearing | Filing # 229894099 Motion to Withdraw as Counsel for Defendant, 6913 Valencia, LLC |
| 284 | 10/01/2025 | Notice of Hearing- | Event | October 14, 2025 |
| 283 | 09/22/2025 | Notice of Hearing- | Event | 09/29/2025 |
| 282 | 09/22/2025 | Notice of Hearing- | Event | 09/29/2025 AT 9:15 AM |
| 281 | 09/18/2025 | Notice of Hrg Special Appt | Event | 10/16/2025 |
| 280 | 09/17/2025 | Notice of Hearing- | Event | 10-15-2025 |
| 279 | 09/17/2025 | Notice of Hearing- | Event | 10-16-2025 at 02:00 PM via zoom |
| 278 | 09/17/2025 | Notice of Hearing- | Event | 10-15-2025 at 03:30 PM VIA ZOOM |
| 277 | 09/12/2025 | Notice of Hearing- | Event | 09/25/2025 |
| 276 | 09/04/2025 | Mediators Report | Event | |
| | 09/04/2025 | Calendar Call | Hearing | |
| 275 | 08/29/2025 | Exhibit List | Event | |
| 274 | 08/21/2025 | Notice of Hearing- | Event | 08/29/2025 |
| 273 | 08/21/2025 | Notice of Mediation Conference | Event | |
| 272 | 08/20/2025 | Motion to Withdraw | Event | AS COUNSEL FOR DEFENDANT, 6913 VALENCIA, LLC |
| 271 | 08/20/2025 | Notice of Hearing- | Event | 09-05-2025 at 02:30 PM |
| 270 | 08/19/2025 | Notice of Hrg Special Appt | Event | 09/05/2025 |
| 269 | 08/18/2025 | Motion: | Event | TO EXCUSE MEDIATION |
| 268 | 08/18/2025 | Motion to Strike | Event | |
| 267 | 08/18/2025 | Witness List | Event | Plaintiff's |
| 266 | 08/18/2025 | Exhibit List | Event | Plaintiff's |
| 265 | 08/07/2025 | Recorded Document | Event | Order of Remand from United States District Court. |
| 264 | 08/07/2025 | Receipt: | Event | Receipt Mailed To United State District Court. |
| 263 | 08/07/2025 | Letter of Correspondence | Event | Received From United State District Court Case Number: 2022-005424-CA-01 |
| 262 | 07/23/2025 | Notice: | Event | of Removal |
| | 07/23/2025 | Special Sets | Hearing | IN PESON 1. Amended Motion for Summary Judgment (Filing # 202954556) 2. Amended Affidavit in Support Of Plaintiff s Motion For Summary Judgment (Filing # 202954556) 3. Request for Judicial Notice of Public Records (Filing # 203752452) 4. Emergency Motion To Strike Notice Of Unavailability, For Scheduling Order, |

And For Sanctions (Filing # 206241545) 5. Plaintiff s Motion For Sanctions Pursuant To Fla. Stat. 57.105 Against 6913 Valencia, LLC And Its Counsel (Filing # 217502424) 6. Supplemental Affidavit in Support Of Plaintiff s Motion For Summary Judgment (Filing # 205578271) 7. Plaintiffs Motion to Strike Amended Counterclaim (Filing # 205488586) 8. Plaintiffs Motion to Strike Defendants Affirmative Defenses To Plaintiffs Complaint (Filing # 205488586) 9. Plaintiffs Motion to Strike Amended Answer (Filing # 205488586) 10. Reply in Support of Amended Motion for Summary Judgment (Filing # 205488586) 11. Second Supplemental Affidavit In Support Of Summary Judgment Of Foreclosure (Filing # 205578271) 12. All pending motions and documents not otherwise listed herein.

| # | Date | Doc # | Type | Kind | Detail |
|---|------|-------|------|------|--------|
| 261 | 06/23/2025 | | Notice of Hearing- | Event | 7-15-2025 |
| 260 | 06/20/2025 | | Amended Witness List | Event | |
| 259 | 06/19/2025 | | Notice of Appearance | Event | |
| 258 | 06/18/2025 | | Motion to Compel | Event | |
| 257 | 06/17/2025 | | Witness List | Event | |
| 256 | 06/17/2025 | | Notice of Hearing- | Event | 07/23/2025 AT 2:30 PM |
| 255 | 06/17/2025 | | Notice of Hrg Special Appt | Event | ON 07-23-2025 @ 2:30 PM |
| 254 | 06/17/2025 | | Notice: | Event | OF WITHDRAWAL OF EMERGENCY MOTION TO SET HEARING ON ALL PENDING MOTIONS |
| 253 | 06/17/2025 | | Emergency Motion | Event | TO SET HEARING ON ALL PENDING MOTIONS |
| 252 | 06/05/2025 | | Notice Or Stipulation Designating Mediator | Event | |
| 251 | 06/02/2025 | | Request: | Event | for appointment of mediator |
| 250 | 05/19/2025 | | Order: | Event | ON MOTION TO WITHDRAW |
| | 05/19/2025 | | Special Sets | Hearing | |
| 249 | 05/09/2025 | | Notice of Hearing- | Event | 05/19/2025 @ 9:15am |
| 248 | 05/09/2025 | | Order Setting Jury Trial with Mediation Referral | Event | 09/15/2025 calendar call 09/04/2025 @ 1:00pm |
| 247 | 05/09/2025 | | Notice of Hearing- | Event | May 19, 2025, at 9:15 a.m. |
| 246 | 05/08/2025 | | Notice of Hearing- | Event | May 13, 2025, at 9:00 a.m., via Zoom |
| 245 | 04/30/2025 | 34735/4491 | Recorded Document | Event | Order on Motions to Remand |
| 244 | 04/30/2025 | | Letter of Correspondence | Event | from United States District Court Case # 1:25-cv-21172-EIS |
| 243 | 04/30/2025 | | Receipt: | Event | from United States District Court Case # 1:25-cv-21172-EIS |
| 242 | 04/29/2025 | 34733/3114 | Recorded Document | Event | Order of Remand from United States District Court. |

| 241 | 04/29/2025 | | Receipt: | Event | Receipt Mailed To United State District Court. |
|---|---|---|---|---|---|
| 240 | 04/29/2025 | | Letter of Correspondence | Event | Received FROM U.S. DISTRICT COURT SOUTHERN DISTRICT COURT OF FLORIDA CASE # 22-005424-CA-01 |
| 239 | 04/15/2025 | | Notice of Cancellation of Hearing | Event | |
| 238 | 04/07/2025 | | Notice of Hearing- | Event | April 16, 2025 at 9:00 AM |
| 237 | 04/07/2025 | | Motion to Withdraw | Event | |
| 236 | 03/19/2025 | 34672/775 | Notice of Removal to Federal Court | Event | |
| | 03/19/2025 | | Special Sets | Hearing | 1.Plaintiffs Motion to Dismiss Defendants Counterclaim (Filing # 177910944)2.Plaintiffs Motion to Strike Defendants Affirmative Defenses To Plaintiffs Complaint (Filing # 177905711)3.Plaintiffs Emergency Motion to Compel Dates For Hearing (Filing # 182459169)4.Amended Motion for Summary Judgment (Filing # 202954556)5.Amended Affidavit in Support Of Plaintiffs Motion For Summary Judgment (Filing # 202954556)6.Request for Judicial Notice of Public Records (Filing # 203752452)7.Emergency Motion To Strike Notice Of Unavailability, For Scheduling Order, And For Sanctions (Filing # 206241545)8.All pending motions |
| 235 | 03/14/2025 | | Memorandum of Law | Event | |
| 234 | 03/14/2025 | | Affidavit in Support of Motion for Judgment | Event | |
| 233 | 03/13/2025 | | Notice of Hearing- | Event | 03/19/2025 at 2:45PM |
| 232 | 03/12/2025 | | Amended Notice of Hearing | Event | March 19, 2025 at 2:45 p.m. (EST) VIA ZOOM |
| 231 | 03/12/2025 | | Notice of Filing: | Event | the Order (DE#36) |
| 230 | 02/25/2025 | | Motion for Sanctions | Event | |
| 229 | 02/19/2025 | | Notice of Hrg Special Appt | Event | |
| 228 | 02/19/2025 | | Notice of Hearing- | Event | 03/19/2025 at 2:45PM |
| 227 | 02/12/2025 | 34619/3323 | Recorded Document | Event | Order Remanding Case |
| 226 | 02/12/2025 | | Letter of Correspondence Processed | Event | From: United States District Court. 1:24-cv-24879-RKA |
| 225 | 02/12/2025 | | Receipt: | Event | From: United States District Court. 1:24-cv-24879-RKA |
| 224 | 02/06/2025 | | Notice of Filing: | Event | |
| 223 | 12/13/2024 | | Order Denying Judicial Disqualification | Event | |
| 222 | 12/13/2024 | | Notice of Unavailability/absence | Event | |

| | | | | | |
|---|---|---|---|---|---|
| 221 | 12/13/2024 | 34536/382 | Notice of Removal to Federal Court | Event | |
| 220 | 12/13/2024 | 34535/3944 | Notice of Removal to Federal Court | Event | |
| 219 | 12/13/2024 | | Receipt: | Event | Receipt#:2800001 Amt Paid:$12.00 Comment: Allocation Code Quantity Unit Amount 3120-Copy 10 $1.00 $10.00 3121-Certified 1 $2.00 $2.00 Tender Type:Cash Tender Amt:$12.00 Receipt Date:12/13/2024 Register#:280 Cashier:WilsoLi |
| | 12/13/2024 | | Special Sets | Hearing | 1.Plaintiffs Motion to Dismiss Defendants Counterclaim (Filing # 177910944)2.Plaintiffs Motion to Strike Defendants Affirmative Defenses To Plaintiffs Complaint (Filing # 177905711)3.Plaintiffs Emergency Motion to Compel Dates For Hearing (Filing # 182459169)4.Amended Motion for Summary Judgment (Filing # 202954556)5.Amended Affidavit in Support Of Plaintiffs Motion For Summary Judgment (Filing # 202954556)6.Request for Judicial Notice of Public Records (Filing # 203752452)7.Emergency Motion To Strike Notice Of Unavailability, For Scheduling Order, And For Sanctions (Filing # 206241545) |
| 218 | 12/12/2024 | | Order to Show Cause | Event | |
| 217 | 12/12/2024 | | Emergency Motion | Event | TO DISQUALIFY JUDGE KENNETH CHARLES PURSUANT TO RULE 2.330. FLORIDA RULES OF JUDICIAL ADMINISTRATION |
| | 12/12/2024 | | Special Sets | Hearing | IN PERSONMotion For Order To Show Cause And For Sanctions Against Elizabeth Hazan (Filing # 207552582) |
| 216 | 12/05/2024 | | Notice of Filing: | Event | EMAILS RELATING TO DECEMBER 12, 2024 IN PERSON HEARING |
| 215 | 11/22/2024 | | Order: | Event | AWARDING ATTORNEY'S FEES AND COSTS AS SANCTIONS AGAINST 6913 VALENCIA, LLC AND OTHER RELIEF |
| 214 | 11/22/2024 | | Order to Show Cause | Event | AND FOR SANCTIONS AGAINST SEAN MEEHAN |
| 213 | 11/20/2024 | | Notice of Hearing- | Event | 12/12/2024 AT 2:45 PM |
| 212 | 11/19/2024 | | Response to Request for Production | Event | |
| | 11/19/2024 | | Motion Calendar | Hearing | 1.MOTION FOR ORDER TO SHOW CAUSE AND FOR SANCTIONS AGAINST SEAN MEEHAN (Filing # 207552582) |
| 211 | 11/14/2024 | | Notice of Hearing- | Event | November 19, 2024 at 3:15 p.m. |
| | 11/14/2024 | | Motion Calendar | Hearing | MOTION FOR ORDER TO SHOW CAUSE AND FOR SANCTIONS AGAINST ELIZABETH HAZAN (Filing # 207552582) |
| 210 | 11/13/2024 | | Response to Request for Admissions | Event | |
| 209 | 11/13/2024 | | Motion to Compel | Event | RESPONSE TO SECOND REQUEST FOR PRODUCTION |

| | | | | OF DOCUMENTS |
|---|---|---|---|---|
| 208 | 11/13/2024 | Motion to Compel | Event | RESPONSE TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS |
| 207 | 11/08/2024 | Amended Notice of Hearing | Event | November 19, 2024 |
| 206 | 11/07/2024 | Order to Show Cause | Event | |
| | 11/07/2024 | Motion Calendar | Hearing | MOTION FOR ORDER TO SHOW CAUSE AND FOR SANCTIONS AGAINST 6913 VALENCIA, LLC |
| 205 | 11/06/2024 | Response to Request for Production | Event | |
| 204 | 10/22/2024 | Notice of Hearing- | Event | November 19, 2024 |
| 203 | 10/22/2024 | Notice of Appearance | Event | |
| 202 | 10/18/2024 | Motion for Leave | Event | |
| 201 | 10/16/2024 | Notice of Hearing- | Event | 12/13/2024 AT 1:30 pm |
| 200 | 10/14/2024 | Notice of Hearing- | Event | 11/14/2024 |
| 199 | 10/11/2024 | Amended Notice of Hearing | Event | 10/24/2024 |
| 198 | 10/11/2024 | Notice of Cancellation of Hearing | Event | NOVEMBER 13, 2024 |
| 197 | 10/11/2024 | Notice of Hrg Special Appt | Event | NOVEMBER 19, 2024 AT 2:00 P.M. |
| 196 | 10/11/2024 | Notice of Unavailability/absence | Event | |
| 195 | 10/11/2024 | Notice of Hrg Special Appt | Event | October 30, 2024 @ 9:00 am |
| 194 | 10/11/2024 | Notice of Hearing- | Event | October 30, 2024 @ 9:00 am |
| 192 | 10/11/2024 | Notice of Hrg Special Appt | Event | 11-19-2024 at 2:00 PM |
| 191 | 10/11/2024 | Notice of Hearing- | Event | 11-13-2024 at 2:30 PM |
| 193 | 10/08/2024 | Notice of Hearing- | Event | 11/07/2024 @9:00am via zoom |
| 190 | 10/08/2024 | Notice of Unavailability/absence | Event | |
| 189 | 09/26/2024 | Notice of Hearing- | Event | 11/6/2024 @ 9:00 AM |
| 188 | 09/26/2024 | Notice of Hearing- | Event | 10/24/2024 @9:00am via zoom |
| 187 | 09/25/2024 | Subpoena Served | Event | |
| 186 | 09/24/2024 | Motion to Show Cause | Event | |
| 185 | 09/24/2024 | Motion to Show Cause | Event | |
| 184 | 09/24/2024 | Motion to Show Cause | Event | |

| 181 | 09/06/2024 | Order on Motion to Compel | Event | RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
|---|---|---|---|---|
| 180 | 09/06/2024 | Order on Motion to Compel | Event | RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| 179 | 09/06/2024 | Order on Motion to Compel | Event | RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| 183 | 09/05/2024 | Subpoena | Event | |
| 182 | 09/05/2024 | Notice of Taking Deposition | Event | |
| 178 | 09/05/2024 | Motion to Strike | Event | |
| 177 | 09/05/2024 | Request for Production | Event | |
| 176 | 09/05/2024 | Request for Production | Event | |
| 175 | 09/04/2024 | Order of Recusal | Event | |
| 174 | 09/04/2024 | Notice of Unavailability/absence | Event | |
| 171 | 08/27/2024 | Order Granting Motion for Judicial Disqualification | Event | JUDGE HAS BEEN ASSIGNED TO SECTION ( CA 06 ) |
| 170 | 08/27/2024 | Affidavit of: | Event | of Sean Neil Meehan |
| 169 | 08/27/2024 | Affidavit of: | Event | defendant Liza Hazan also known as Elizabeth Hazan |
| 168 | 08/27/2024 | Motion to Disqualify | Event | |
| 172 | 08/26/2024 | Affidavit in Support | Event | of plaintiffs motion for summary judgment of foreclosure |
| 167 | 08/24/2024 | Amended Notice of Hearing | Event | 08/28/2024 at 3:00PM |
| 166 | 08/24/2024 | Motion to Dismiss | Event | |
| 165 | 08/24/2024 | Motion to Strike | Event | |
| 164 | 08/24/2024 | Motion to Strike | Event | |
| 163 | 08/24/2024 | Response: | Event | IN SUPPORT OF AMENDED MOTION |
| 158 | 08/21/2024 | Response to Request for Admissions | Event | |
| 157 | 08/21/2024 | Response to Request for Admissions | Event | |
| 156 | 08/21/2024 | Response to Request for Admissions | Event | |
| 155 | 08/21/2024 | Objections to Discovery | Event | AND RESPONSE AND PLAINTIFFS REQUEST FOR ADMISSIONS |
| 154 | 08/21/2024 | Motion to Compel | Event | RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| 153 | 08/21/2024 | Motion to Compel | Event | TO DEEM ADMITTED FIRST REQUEST FOR ADMISSIONS |

| 152 | 08/21/2024 | Motion to Compel | Event | TO DEEM ADMITTED FIRST REQUEST FOR ADMISSIONS |
| 151 | 08/21/2024 | Motion to Compel | Event | RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| 150 | 08/21/2024 | Motion to Compel | Event | TO DEEM ADMITTED FIREST REQUEST FOR ADMISSIONS |
| 149 | 08/21/2024 | Motion to Compel | Event | RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| 162 | 08/17/2024 | Evidence Submission EDP | Event | Bankruptcy Court – Def. Ex C for ID |
| 161 | 08/17/2024 | Evidence Submission EDP | Event | Unites States Bankruptcy Court – Def. Ex. B for Id |
| 160 | 08/17/2024 | Transcript of Proceedings Taken | Event | Transcript – Def. Ex. A for Id |
| 159 | 08/17/2024 | Motion for Rehearing | Event | |
| 148 | 08/16/2024 | Appendix | Event | |
| 147 | 08/16/2024 | Answer and Demand for Jury Trial | Event | |
| 146 | 08/16/2024 | Answer and Demand for Jury Trial | Event | |
| 145 | 08/16/2024 | Appendix | Event | |
| 144 | 08/16/2024 | Answer and Demand for Jury Trial | Event | |
| 143 | 08/12/2024 | Notice of Taking Deposition | Event | |
| 142 | 08/12/2024 | Notice of Taking Deposition | Event | |
| 141 | 08/12/2024 | Notice of Taking Deposition | Event | |
| 140 | 08/12/2024 | Notice of Taking Deposition | Event | |
| 139 | 08/08/2024 | Affidavit in Support | Event | |
| 138 | 08/08/2024 | Affidavit in Support | Event | |
| 137 | 08/08/2024 | Memorandum of Law | Event | |
| 136 | 08/08/2024 | Memorandum of Law | Event | |
| 135 | 08/08/2024 | Affidavit in Support | Event | |
| 134 | 08/08/2024 | Affidavit in Support | Event | |
| 133 | 08/08/2024 | Affidavit of: | Event | COUNTER-PLAINTIFF/DEFENDANT 6913 VALENCIA, LLC'S AMENDED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT |
| 132 | 08/08/2024 | Affidavit in Support | Event | |
| 131 | 08/08/2024 | Affidavit in Support | Event | |

| 130 | 08/08/2024 | Affidavit in Support | Event | |
| 128 | 08/08/2024 | Affidavit of: | Event | Of Elizabeth Hazan |
| 129 | 08/07/2024 | Order: | Event | Motion to Quash Subpoena Duces Tecum With Deposition And For Protective Order etc. Granted in Part and denied in part. |
| 127 | 08/07/2024 | Evidence Submission EDP | Event | Defts EX B For ID- Screenshot of Correspondence between Mercy Rodriguez and Elizabeth Hazan |
| 126 | 08/07/2024 | Request: | Event | FOR COURT TO TAKE JUDICIAL |
| 125 | 08/07/2024 | Evidence Submission EDP | Event | Defts EX A For ID- Screenshot of Correspondence between Mercy Rodriguez and Elizabeth Hazan |
| 124 | 08/07/2024 | Request: | Event | FOR COURT TO TAKE JUDICIAL |
| 123 | 08/06/2024 | Notice of Hearing- | Event | 08-06-2024 AT 04:30 PM |
| | 08/06/2024 | Special Sets | Hearing | Motion to Quash Subpoena |
| 122 | 08/05/2024 | Motion to Quash | Event | |
| 119 | 08/01/2024 | Notice of Filing: | Event | AVAILABLE DATES FOR DEPOSITION |
| 118 | 08/01/2024 | Request: | Event | FOR DATES FOR DEPOSITION OF DEFENDANTS |
| 121 | 07/31/2024 | Notice of Hrg Special Appt | Event | August 28, 2024 at 3:00 p.m. (EST) |
| 120 | 07/31/2024 | Request: | Event | FOR COURT TO TAKE JUDICIAL NOTICE OF PUBLIC RECORDS |
| 117 | 07/25/2024 | Subpoena Served | Event | |
| 116 | 07/23/2024 | Response to Request for Production | Event | |
| 115 | 07/19/2024 | Aff In Support of Mtn for Final/summary Judgment | Event | |
| 114 | 07/19/2024 | Motion for Summary Judgment | Event | |
| 113 | 07/19/2024 | Subpoena | Event | |
| 112 | 07/19/2024 | Notice of Taking Deposition | Event | |
| 111 | 07/19/2024 | Notice of Unavailability/absence | Event | |
| 110 | 07/19/2024 | Notice of Unavailability/absence | Event | |
| 101 | 07/19/2024 | Order: | Event | OF REFERRAL TO SPECIAL MAGISTRATE |
| 109 | 07/18/2024 | Notice of Non-Jury Trial | Event | |
| 108 | 07/18/2024 | Request for Production | Event | |
| 107 | 07/18/2024 | Request for | Event | |

| | | | Production | |
|---|---|---|---|---|
| 106 | 07/18/2024 | | Request for Production | Event |
| 104 | 07/18/2024 | | Request for Admissions | Event |
| 103 | 07/18/2024 | | Request for Admissions | Event |
| 102 | 07/18/2024 | | Request for Admissions | Event |
| 105 | 07/17/2024 | | Notice of Hrg Special Appt | Event | August 28, 2024 at 3:00 p.m. |
| 100 | 07/15/2024 | | Notice of Hearing- | Event | 08-28-2024 at 3:00 PM |
| | 07/11/2024 | | Case Management Conference | Hearing | Case Status Conference |
| | 06/26/2024 | | Motion Calendar | Hearing | PLAINTIFFS MOTION TO DISMISS DEFENDANTS COUNTERCLAIM (Filing # 177910944)||PLAINTIFFS MOTION TO STRIKE DEFENDANTS AFFIRMATIVE DEFENSES TO PLAINTIFFS COMPLAINT (Filing # 177905711) |
| 99 | 06/18/2024 | | Affidavit in Support of Motion for Judgment | Event |
| 98 | 06/18/2024 | | Motion for Summary Judgment | Event |
| 97 | 06/01/2024 | | Notice of Appearance | Event | PRO SE |
| 96 | 06/01/2024 | | Notice of Appearance | Event |
| 95 | 06/01/2024 | | Notice of Appearance | Event |
| 94 | 05/02/2024 | | Order of Withdrawal as Attorney of Record | Event |
| 93 | 05/02/2024 | | Order of Withdrawal as Attorney of Record | Event | GRANTING JOEL M. ARESTY, ESQUIRE AND JOEL M. ARESTY, P.A.S MOTION TO WITHDRAW |
| 92 | 05/01/2024 | | Notice of Hearing- | Event | June 26, 2024 at 9:30 a.m |
| | 05/01/2024 | | Motion Calendar | Hearing | Motion to Withdraw (188314182) |
| 91 | 04/05/2024 | | Order: | Event | AMENDED ORDER ON JOINT STIPULATION FOR SUBSTITUTION OF COUNSEL. GRANTED |
| 90 | 04/04/2024 | | Notice of Hearing- | Event | May 1, 2024 at 9:30 a.m. |
| 89 | 04/03/2024 | | Order for Substitution of Counsel | Event |
| 88 | 04/03/2024 | | Stipulation for Substitution of Counsel | Event |
| 87 | 04/03/2024 | | Notice of Appearance | Event |
| 86 | 03/12/2024 | 34132/1672 | Recorded Document | Event | Order of Remand |

| | | | | |
|---|---|---|---|---|
| 85 | 03/12/2024 | Letter of Correspondence | Event | from the United States District Court case # 1:23-cv-24780-DPG |
| 84 | 03/12/2024 | Receipt: | Event | from the United States District Court case # 1:23-cv-24780-DPG |
| 83 | 03/11/2024 | Motion to Withdraw | Event | |
| 82 | 03/11/2024 | Notice: | Event | OF WITHDRAWAL OF NOTICE OF SUBSTITUTION |
| 81 | 12/19/2023 | Stipulation for Substitution of Counsel | Event | |
| 80 | 12/18/2023 34013/4979 | Notice of Removal to Federal Court | Event | |
| 79 | 12/18/2023 | Receipt: | Event | Receipt#:3000004 Amt Paid:$58.00 Comment: Allocation Code Quantity Unit Amount 3120-Copy 56 $1.00 $56.00 3121-Certified 1 $2.00 $2.00 Tender Type:Cash Tender Amt:$100.00 Tender Type:Change Tender Amt:($42.00) Receipt Date:12/18/2023 Register#:300 Cashier:Yadie |
| 78 | 12/13/2023 | Notice of Appearance | Event | |
| 77 | 10/09/2023 | Notice of Hrg Special Appt | Event | 12-19-2023 at 3:30 PM |
| | 10/05/2023 | Motion Calendar | Hearing | Plaintiff Emergency Motion to Compel Dates for Hearing |
| 76 | 09/28/2023 | Notice of Hearing- | Event | October 5, 2023 |
| | 09/26/2023 | Motion Calendar | Hearing | Plaintiff Emergency Motion to Compel Dates for Hearing |
| 75 | 09/22/2023 | Emergency Motion | Event | TO COMPEL DATES FOR HEARING |
| 74 | 09/11/2023 | Emergency Motion | Event | FOR STATUS CONFERENCE |
| 73 | 08/18/2023 | Motion: | Event | FOR STATUS CONFERENCE |
| 72 | 07/20/2023 | Motion to Dismiss | Event | |
| 71 | 07/20/2023 | Motion to Strike | Event | |
| 70 | 07/12/2023 | Receipt: | Event | Receipt#:3160131 Amt Paid:$395.00 Name:ARESTY, JOEL M. 309 1ST AVE S TIERRA VERDE FL 33715-2231 Comment: Allocation Code Quantity Unit Amount 3203-Foreclose Cross Cl 1 $395.00 $395.00 Tender Type:eFilings Tender Amt:$395.00 Receipt Date:07/12/2023 Register#:316 Cashier:EFilingUser |
| 69 | 07/10/2023 | Foreclosure Counter Claim <= $50,000 | Event | |
| 68 | 07/10/2023 | Evidence Submission EDP | Event | |
| 67 | 07/10/2023 | Evidence Submission EDP | Event | |
| 66 | 07/10/2023 | Answer and Affirmative Defense | Event | |
| 65 | 06/09/2023 | Notice of Cancellation | Event | |

| | | of Hearing | | |
|---|---|---|---|---|
| 64 | 06/09/2023 | Agreed Order | Event | ON DEFENDANTS MOTION TO QUASH SERVICE OF PROCESS |
| 63 | 06/09/2023 | Order Denying Motion to Dismiss | Event | |
| 62 | 06/09/2023 | Agreed Order | Event | ON PLAINTIFFS MOTION FOR JUDICIAL DEFAULT |
| 61 | 06/05/2023 | Response to Motion | Event | |
| 60 | 05/23/2023 | Notice of Hrg Special Appt | Event | 06-12-2023 at 9:30 AM |
| 59 | 05/22/2023 | Notice of Hearing- | Event | On June 12, 2023 at 9:30 AM |
| 58 | 05/22/2023 | Notice of Hrg Special Appt | Event | 05-22-2023 @ 10:00 AM |
| 56 | 04/03/2023 | Motion to Dismiss | Event | (AMENDED) |
| 55 | 04/02/2023 | Motion to Dismiss | Event | |
| 57 | 03/31/2023 | Motion: | Event | for Judicial Default. |
| 54 | 03/24/2023 | Motion for Continuance | Event | |
| 53 | 03/24/2023 | Motion for Continuance | Event | SUPPLEMENT TO VERIFIED EMERGENCY |
| | 03/24/2023 | Special Sets | Hearing | Verified Motion to Quash Service of Process and Plaintiff's Opposition to Defendants Motions to Quash Service of Process |
| 52 | 03/23/2023 | Motion for Continuance | Event | EMERGENCY |
| 51 | 12/07/2022 | Notice of Hrg Special Appt | Event | MARCH 24, 2023 AT 10:00 AM |
| 50 | 12/01/2022 | Notice of Filing: | Event | hearing transcript |
| 49 | 12/01/2022 | Notice of Filing: | Event | E-Mail Communications. |
| 48 | 10/31/2022 | Notice of Cancellation of Hearing | Event | |
| 47 | 10/21/2022 | Notice of Hearing- | Event | 12/20/2022 |
| 45 | 10/21/2022 | Notice of Hearing- | Event | 12-20-2022 |
| 46 | 10/20/2022 | Notice of Hearing- | Event | November 2,2022. |
| | 10/12/2022 | Motion Calendar | Hearing | Plaintiff's Motion for Status Conference |
| 44 | 09/22/2022 | Notice of Hearing- | Event | October 12, 2022. |
| 43 | 09/21/2022 | Motion: | Event | for Status Conference. |
| 42 | 08/08/2022 | Order Setting CM Deadline | Event | |
| 41 | 07/23/2022 | Notice of Taking Deposition | Event | |
| 40 | 07/23/2022 | Notice of Taking | Event | |

Search Results - Miami-Dade County OCS                                                                                    12/30/25, 2:40 PM

| | | Deposition | | |
|---|---|---|---|---|
| 39 | 07/23/2022 | Notice of Taking Deposition | Event | |
| 38 | 07/23/2022 | Notice of Taking Deposition | Event | |
| 37 | 07/23/2022 | Notice of Taking Deposition | Event | |
| 36 | 07/23/2022 | Notice of Taking Deposition | Event | |
| 35 | 07/23/2022 | Notice of Taking Deposition | Event | |
| 34 | 07/23/2022 | Notice of Taking Deposition | Event | |
| 33 | 07/23/2022 | Notice of Taking Deposition | Event | |
| 32 | 07/21/2022 | Response to Motion | Event | |
| 31 | 05/24/2022 | Notice: | Event | OF DROPPING PARTIES |
| 30 | 05/24/2022 | Motion to Quash | Event | |
| 29 | 05/24/2022 | Motion to Quash | Event | |
| 28 | 05/24/2022 | Motion to Quash | Event | |
| 27 | 05/24/2022 | Motion to Quash | Event | |
| 26 | 05/23/2022 | Service Returned | Event | |
| 25 | 05/23/2022 | Service Returned | Event | |
| 24 | 05/23/2022 | Service Returned | Event | |
| 23 | 05/23/2022 | Service Return for Unknown Party | Event | JOHN DOE AS TENANT IN POSSESSION |
| 22 | 05/23/2022 | Service Return for Unknown Party | Event | JANE DOE AS TENANT IN POSSESSION |
| 21 | 04/11/2022 | ESummons 20 Day Issued | Event | Re: Index # 19. |
| 20 | 04/08/2022 | Receipt: | Event | Receipt#:3080001 Amt Paid:$10.00 Name:REBECCA C NEWMAN ESQ 201 S BISCAYNE BLVD STE 1205 MIAMI FL 33131-4317 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$10.00 Receipt Date:04/08/2022 Register#:308 Cashier:EFilingUser |
| 18 | 03/30/2022 | Receipt: | Event | Receipt#:3080072 Amt Paid:$10.00 Name:REBECCA C NEWMAN ESQ 201 S BISCAYNE BLVD STE 1205 MIAMI FL 33131-4317 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$10.00 Receipt Date:03/30/2022 Register#:308 Cashier:EFilingUser |
| 17 | 03/30/2022 | Receipt: | Event | Receipt#:3080071 Amt Paid:$10.00 Name:REBECCA C |

| | | | | |
|---|---|---|---|---|
| | | | | NEWMAN ESQ 201 S BISCAYNE BLVD STE 1205 MIAMI FL 33131-4317 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$10.00 Receipt Date:03/30/2022 Register#:308 Cashier:EFilingUser |
| 16 | 03/30/2022 | Receipt: | Event | Receipt#:3080070 Amt Paid:$10.00 Name:REBECCA C NEWMAN ESQ 201 S BISCAYNE BLVD STE 1205 MIAMI FL 33131-4317 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$10.00 Receipt Date:03/30/2022 Register#:308 Cashier:EFilingUser |
| 15 | 03/30/2022 | Receipt: | Event | Receipt#:3080069 Amt Paid:$10.00 Name:REBECCA C NEWMAN ESQ 201 S BISCAYNE BLVD STE 1205 MIAMI FL 33131-4317 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$10.00 Receipt Date:03/30/2022 Register#:308 Cashier:EFilingUser |
| | 03/29/2022 | 20 Day Summons Issued | Service | |
| 14 | 03/29/2022 | ESummons 20 Day Issued | Event | Re: Index # 10. |
| | 03/29/2022 | 20 Day Summons Issued | Service | |
| 13 | 03/29/2022 | ESummons 20 Day Issued | Event | Re: Index # 9. |
| | 03/29/2022 | 20 Day Summons Issued | Service | |
| 12 | 03/29/2022 | ESummons 20 Day Issued | Event | Re: Index # 8. |
| 11 | 03/29/2022 | ESummons 20 Day Issued | Event | Re: Index # 7. |
| 6 | 03/29/2022 | Receipt: | Event | Receipt#:3030018 Amt Paid:$9.00 Name:REBECCA C NEWMAN ESQ 201 S BISCAYNE BLVD STE 1205 MIAMI FL 33131-4317 Comment: Allocation Code Quantity Unit Amount 3142-Recording Fee 1 $4.00 $4.00 3142-Recording Fee 1 $5.00 $5.00 Tender Type:eFilings Tender Amt:$9.00 Receipt Date:03/29/2022 Register#:303 Cashier:EFilingUser |
| 19 | 03/25/2022 | (M) 20 Day (P) Summons (Sub) Received | Event | |
| 10 | 03/25/2022 | (M) 20 Day (P) Summons (Sub) Received | Event | |
| 9 | 03/25/2022 | (M) 20 Day (P) Summons (Sub) Received | Event | |
| 8 | 03/25/2022 | (M) 20 Day (C) | Event | |

| | | | Summons (Sub)<br>Received | | |
|---|---|---|---|---|---|
| 7 | 03/25/2022 | | (M) 20 Day (P)<br>Summons (Sub)<br>Received | Event | |
| 4 | 03/25/2022 | | Receipt: | Event | Receipt#:3030117 Amt Paid:$906.00 Name:REBECCA C<br>NEWMAN ESQ 201 S BISCAYNE BLVD STE 1205 MIAMI<br>FL 33131-4317 Comment: Allocation Code Quantity Unit<br>Amount 3201-Foreclosure Filing 1 $906.00 $906.00<br>Tender Type:eFilings Tender Amt:$906.00 Receipt<br>Date:03/25/2022 Register#:303 Cashier:EFilingUser |
| 5 | 03/24/2022 | 33098/2524 | Lis Pendens | Event | |
| 2 | 03/23/2022 | | Complaint | Event | |
| 1 | 03/23/2022 | | Civil Cover Sheet -<br>Claim Amount | Event | |

Filing # 146470900 E-Filed 03/25/2022 05:13:32 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2022-005424-CA-01

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

      Plaintiff,

vs.

ELIZABETH HAZAN, an individual; SEAN NEIL
MEEHAN, as spouse of ELIZABETH HAZAN, an
individual; 6913 VALENCIA, LLC, a Florida limited
liability company; JOHN DOE and JANE DOE as
unknown tenants or occupants,

_____/

### CIVIL ACTION SUMMONS
### ON A CORPORATION

STATE OF FLORIDA:

To Each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint and
Lis Pendens in this action on Defendant:

**6913 VALENCIA, LLC**
**By Serving its Registered Agent,**
**LIZA HAZAN**
**6913 Valencia Drive**
**Fisher Island, FL 33109**

Or, in his/her absence, on an employee at the corporation's principal place of business or on any
employee of the Registered Agent, or alternatively, by serving the President or Vice President, or
other head of the corporation, and in his/her absence, the Treasurer, Secretary or General Manager,
and in the absence of all the above, on any Director, and in the absence of all the above, on any
Officer or Business Agent of Defendant residing in the State.

CASE NO: 2022-003225-CA-01

**IMPORTANT**

**You have 20 calendar days after this Summons is served on you  to file a written response to the attached Complaint in this Court.** A phone call will not protect you.  Your  written response, including the above case number and named parties must be filed if you want the  court to hear your case. If you do not file your response on time, you may lose the case, and your  wages, money and property may thereafter be taken without further warning from the Court. There  are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

Within 20 days after service of this Summons on you, exclusive of the day of service, you are required to serve written defenses to:

**REBECCA N. CASAMAYOR, ESQ.**
**Haber Law, P.A.**
**251 NW 23rd Street,**
**Miami, FL  33127**
**Telephone: (305) 379-2400**
**Facsimile: (305) 379-1106**

and to file the original of the written defenses in response to the Complaint with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED ON _____, 2022

**HARVEY RUVIN**
**CLERK OF THE CIRCUIT COURT**

(SEAL)

By:_____
As Deputy Clerk

**AMERICANS WITH DISABILITIES ACT OF 1990**

In accordance with the Americans with Disabilities Act of 1990 (ADA), disabled persons who, because of their disabilities, need special accommodation to participate in this proceeding should contact Maria E. Mihaic, the Eleventh Judicial Circuit's ADA Coordinator at Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2702, Miami, Florida 33128; Telephone (305) 349-7175; TDD (305) 349-7174; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

2

CASE NO: 2022-003225-CA-01

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias contados a partir del recibo de esta notificacion para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero de caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades. o privado de sus derechos, sin previo aviso del tribuanl. Existen otros requisitos legales. Si lo desea puede used consultar a un abogado inmediatemente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal debera usted enviar por correo o entregar una copia de su respuesta a la persona demoninada abajo como "Plaintiff/ Plantiff Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete enreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pur vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vouse souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent., et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. ll y a d'autres obligations juriduques et vous pouvez requerir les services immediates d'un avocat. Si vous ne connaiassez pas d'avocate. vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

3

View Document - Miami-Dade County Clerk of Courts 4/30/25, 1:42 PM

Filing # 146381332 E-Filed 03/24/2022 04:11:53 PM

<div style="text-align:right">

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2022-005424-CA-01

</div>

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

       Plaintiff,

vs.

ELIZABETH HAZAN, an individual; SEAN NEIL
MEEHAN, as spouse of ELIZABETH HAZAN, an
individual; 6913 VALENCIA, LLC, a Florida limited
liability company; JOHN DOE and JANE DOE as
unknown as unknown tenants or occupants,

       Defendants.

_____/

### NOTICE OF LIS PENDENS

**TO:** **DEFENDANTS, ELIZABETH HAZAN; SEAN NEIL MEEHAN; 6913 VALENCIA,
LLC; JOHN DOE AND JANE DOE; AND ALL OTHERS WHOM IT MAY
CONCERN:**

**YOU ARE NOTIFIED OF THE FOLLOWING:**

  (a) The Plaintiff has instituted this action against you seeking to foreclose a Claim of Lien
recorded on March 24, 2021, in Official Records Book 32413 at Pages 4637-38 of the
public records of Miami-Dade County, Florida, with respect to the property described
below;

  (b) The Plaintiff in this action is: **VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC.;**

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Notice of Lis Pendens*

(c) The case number of the action is as shown in the caption;

(d) The property that is the subject matter of this action is in Miami-Dade County, Florida as is described as follows:

Lot 7, Block 2, of LINDEISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, page 64, Public Records of Miami-Dade County, Florida.

The property address is 6913 Valencia Drive, Fisher Island, FL 33109.

Dated this 24<sup>th</sup> day of March, 2022.

Respectfully submitted,

**HABER LAW, P.A.**
*Counsel for Plaintiff*
251 NW 23rd Street
Miami, FL 33127
Telephone No.: (305) 379-2400
Facsimile No.: (305) 379-1106
service@haber.law

By:     /s/ Rebecca N. Casamayor
**REBECCA N. CASAMAYOR, ESQ.**
Florida Bar No.: 99070
rcasamayor@haber.law
jfelipe@haber.law
**DEESHA SMART, ESQ.**
Florida Bar No. 1026394
dsmart@haber.law

Page **2** of 2

Filing # 146288525 E-Filed 03/23/2022 03:37:12 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

     Plaintiff,

vs.

ELIZABETH HAZAN, an individual; SEAN NEIL
MEEHAN, as spouse of ELIZABETH HAZAN, an
individual; 6913 VALENCIA, LLC, a Florida limited
liability company; JOHN DOE and JANE DOE as
unknown as unknown tenants or occupants,

     Defendants.

_____/

## COMPLAINT

     Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., a Florida not-

for-profit corporation ("ASSOCIATION" or "Plaintiff"), by and through its undersigned counsel,

hereby sues the Defendants, ELIZABETH HAZAN ("HAZAN"), an individual; SEAN NEIL

MEEHAN, as spouse of HAZAN ("MEEHAN") an individual; 6913 VALENCIA, LLC ("6913

VALENCIA"), a Florida limited liability company; and JOHN DOE and JANE DOE, as unknown

tenants or occupants ("TENANTS"), and alleges as follows:

### GENERAL ALLEGATIONS

     1.    This Honorable Court has jurisdiction pursuant to § 26.012(2), Fla. Stat., as this is

an action to foreclose a claim of lien for unpaid assessments.

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

2.    The ASSOCIATION is a Florida corporation not-for-profit, operating pursuant to the provisions of Chapter 720, Florida Statutes. The ASSOCIATION is responsible for managing the affairs of Valencia Estates, a residential community in Miami-Dade County, Florida, pursuant to its Declaration of Covenants and Restrictions ("Declaration"), recorded in the Public Records of Miami-Dade County, Florida, on February 6, 2003, at ORB 21004, Page 390, as amended from time to time.

3.    Defendant HAZAN, is over the age of eighteen (18) years, is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*. HAZAN is the record owner of the real property forming the subject of this action.

4.    Defendant MEEHAN is HAZAN's spouse, is over the age of eighteen (18) years, is believed to be a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

5.    Defendant 6913 VALENCIA is a Florida limited liability company that is believed to still own and hold a second mortgage on the Subject Property, recorded in the public records of Miami-Dade County, Florida. According to online Florida public records, Defendant 6913 VALENCIA's Manager and Authorized Representative is Defendant HAZAN.

6.    Defendants, TENANTS, if such persons exist, are residents of Miami-Dade County, Florida, who are over the age of eighteen (18) years, and are otherwise *sui juris*.

7.    Venue is appropriate in Miami-Dade County, Florida because:

    (a)    The real property forming the subject of this action is located in Miami-Dade County, Florida;

    (b)    The causes of action asserted herein arose in Miami-Dade County, Florida;

    (c)    HAZAN is the owner of the Subject Property (hereinafter defined), and as such is a member of the ASSOCIATION;

Page 2 of 11
**HABER LAW, P.A.**

View Document - Miami-Dade County OCS                                                    12/30/25, 1:42 PM

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

(d)    Defendants, MEEHAN and 6913 VALENCIA, hold or may claim to hold interests encumbering the Subject Property which is located in Miami-Dade County, Florida;

(e)    Defendants, TENANTS, if they exist, reside in the Subject Property; and

(f)    This is an action to foreclose a Claim of Lien upon on the following described real property located in Miami-Dade County, Florida (the "Subject Property"):

Lot 7, Block 2, of LINDEISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, page 64, Public Records of Miami-Dade County, Florida.

a/k/a 6913 Valencia Drive, Fisher Island, FL 33109.

8.    Pursuant to § 720.3085, Fla. Stat. and Article 6 of the Association's Declaration, HAZAN is required to pay all assessments that are levied by the ASSOCIATION against the Subject Property as they become due and payable. A true and correct copy of Article 6 of the Declaration is attached hereto as **Exhibit "1"** and incorporated herein by reference.

9.    Additionally, § 720.3085, Fla. Stat. and Article 6 of the Declaration require that HAZAN pay interest at the rate of eighteen percent (18%) per annum on the balance of all unpaid maintenance assessments, along with administrative late fees in the amount of $25.00 for each monthly assessment installment that is not paid within fifteen (15) days of its due date, plus costs and attorney's fees incurred by the ASSOCIATION incident to the collections process. *See* **Exhibit "1"**.

10.    On or about August 2, 2013, JPMorgan Chase Bank, N.A. ("JPMorgan") filed an action against HAZAN to foreclose the first mortgage on the Subject Property, Case No.: 2013-

Page 3 of 11
**HABER LAW, P.A.**

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

025902-CA-01 ("Bank Foreclosure"). The Bank Foreclosure is still pending in Miami-Dade County Circuit Court.

11.     On or about January 11, 2016, HAZAN filed for Chapter 11 bankruptcy in the Southern District of Florida, Case No. 16-10389-AJC ("Bankruptcy Action"). In the Bankruptcy Action, the ASSOCIATION and HAZAN entered into an agreement regarding the ASSOCIATION's claim for past-due assessments and related charges due at that time. True and correct copies of the Stipulation of Settlement for Claim 10 executed by the ASSOCIATION and HAZAN on or about August 17, 2016 [D.E. 209-A] and approved by the Bankruptcy Court on November 17, 2016 [D.E. 302] (hereinafter collectively the "Stipulation") are attached hereto as **Composite Exhibit "2"** and incorporated herein by reference.

12.     In addition to her obligations under Article 6 of the Association's Declaration and § 720.3085, Fla. Stat., the Stipulation further requires HAZAN to continue to pay all post-petition, ongoing monthly and/or special assessments to the ASSOCIATION. *See* **Composite Exhibit "2"** at Para. 6. Failure to pay such amounts entitles the ASSOCIATION to "all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same." *Id.* at Para. 7.

13.     Thus, even though the Bankruptcy Action is still pending in that HAZAN is still making payments pursuant to her Bankruptcy Plan, the parties have already agreed and the Bankruptcy Court has already approved the filing of a new lien and foreclosure action with respect to post-petition assessments, which is what the ASSOCIATION's seeks herein.

14.     HAZAN has failed or otherwise refused to fully and timely pay the assessments levied by the ASSOCIATION against the Subject Property and the charges related thereto as same have become due and payable, since approximately August 2019 through the present, in an amount

<div align="center">

Page 4 of 11
**HABER LAW, P.A.**

</div>

currently exceeding $61,000.00, after application of payments received to date in accordance with § 720.3085(3)(b), Fla. Stat., which amount continues to accrue.

15.    All conditions precedent to the filing of this action have been performed, occurred, or were otherwise waived.

16.    As a result of HAZAN's failure to pay assessments and related charges resulting from such nonpayment, the ASSOCIATION has been required to retain the undersigned counsel and is obligated to pay a reasonable fee thereto.

17.    Pursuant to §§ 720.305 and 720.3085, Fla. Stat., and the Association's Declaration at Article 6, the ASSOCIATION is entitled to be reimbursed its attorney's fees and costs incurred in this action.

## COUNT I
## FORECLOSURE OF LIEN

18.    Plaintiff ASSOCIATION hereby re-alleges and re-avers the allegations contained in Paragraphs 1 through 17 above as if fully set forth herein.

19.    This is an action to foreclose the Claim of Lien (hereinafter defined) against the Subject Property.

20.    HAZAN has failed or otherwise refused to pay the assessments levied by the ASSOCIATION against the Subject Property and the charges related thereto as same have become due and payable, since approximately August 2019 through the present, in an amount currently exceeding $61,000.00, after application of payments received to date in accordance with § 720.3085(3)(b), Fla. Stat., which amount continues to accrue.

21.    On or about January 4, 2021, and in accordance with § 720.3085, Fla. Stat., the ASSOCIATION, by and through its undersigned counsel, sent HAZAN, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Notice of Intent to File/Record a Claim

View Document - Miami-Dade County OCS    12/30/25, 1:42 PM

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

of Lien ("Notice of Intent to Lien") to the Subject Property, which is also HAZAN's last address on file with the ASSOCIATION. A true and correct copy of the Notice of Intent to Lien is attached hereto as **Exhibit "3"** and incorporated herein by reference.

22.     HAZAN failed or otherwise refused to pay the amounts set forth in the Notice of Intent to Lien within forty-five (45) days thereof. As a result, and in accordance with § 720.3085, Fla. Stat. and the Declaration, on March 24, 2021, the ASSOCIATION recorded a Claim of Lien against the Subject Property in ORB 32413 at Pages 4637-38, of the public records of Miami-Dade County, Florida (the "Claim of Lien"). A true and correct copy of the Claim of Lien is attached hereto as **Exhibit "4"** and incorporated herein by reference.

23.     Pursuant to F.S. §720.3085(5)(b), the ASSOCIATION was not required to send HAZAN a forty-five (45) day Notice of Intent to Foreclose its Claim of Lien due to the pending Bank Foreclosure as well as the pending Bankruptcy. Nonetheless, on or about April 5, 2021, in accordance with § 720.3085, Fla. Stat., the ASSOCIATION, by and through its undersigned counsel, sent HAZAN, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Notice of Intent to Foreclose Claim of Lien ("Notice of Intent to Foreclose") to the Subject Property, which is also HAZAN's last address on file with the ASSOCIATION. A true and correct copy of the Notice of Intent to Foreclose is attached hereto as **Exhibit "5"** and incorporated herein by reference.

24.     In addition, on February 7, 2022, the ASSOCIATION sent HAZAN, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Supplemental Notice of Intent to Foreclose Claim of Lien ("Supplemental Notice of Intent to Foreclose") to the Subject Property, which is also HAZAN's last address on file with the ASSOCIATION. A true and correct copy of

Page 6 of 11
**HABER LAW, P.A.**

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

the Supplemental Notice of Intent to Foreclose is attached hereto as **Exhibit "6"** and incorporated
herein by reference.

25.     As set forth in § 720.3085, Fla. Stat. and the Declaration, the Claim of Lien secures
all unpaid assessments, interest, late fees, collection costs, and attorneys' fees and costs incident
to the collections process set forth therein and that have and will come due subsequent to its
recording through the entry of a final judgment in this action.

26.     Further, pursuant to § 720.3085(1), the ASSOCIATION's lien rights and Claim of
Lien are effective from and shall relate back to the date of recording of the ASSOCIATION's
original Declaration, i.e. - - February 6, 2003.

27.     To date, HAZAN has failed or otherwise refused to satisfy the Claim of Lien, and
thus pursuant to § 720.3085, Fla. Stat. and Article 6 of the Declaration, the ASSOCIATION is
now entitled to foreclose the Claim of Lien in the same manner that a mortgage is foreclosed.

28.     The ASSOCIATION's interest in the Subject Property pursuant to the Declaration
and the Claim of Lien is superior to any right, title or interest of Defendant or any party claiming
by, through or under HAZAN to the Subject Property.

29.     Defendant MEEHAN may claim some interest in or lien upon the Subject Property
as an occupant or having a homestead interest in same. However, MEEHAN's specific interest in
the Subject Property and any other right, title or interest to and in the Subject Property is junior,
inferior, and subordinate to the ASSOCIATION's rights pursuant to the Claim of Lien.

30.     Defendant, 6913 VALENCIA may claim an interest in the Subject Property by
virtue of a Second Mortgage recorded on March 14, 2012 in ORB 28034, at Page 4869 of the
Public Records of Miami Dade County, Florida. However, 6913 VALENCIA's specific interest in

<div align="center">

Page 7 of 11
**HABER LAW, P.A.**

</div>

View Document - Miami-Dade County, ...                                                                                   12/30/25, 1:42 PM

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

the Subject Property and any other right, title or interest to and in the Subject Property is junior, inferior, and subordinate to the ASSOCIATION's rights pursuant to the Claim of Lien.

31.     Defendants TENANTS may claim an interest in the Subject Property by virtue of possession of the Subject Property as tenants under a lease or otherwise as occupants. However, TENANTS' specific interest in the Subject Property and any other right, title or interest to and in the Subject Property is junior, inferior, and subordinate to the ASSOCIATION's rights pursuant to the Claim of Lien.

WHEREFORE, Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, and in so doing award the following relief:

A.     Take jurisdiction of this cause and of the parties to this action;

B.     Ascertain the amount of money including assessments, interest, late fees, expenses, costs and attorney's fees and costs which ASSOCIATION is entitled to recover in this action and award such amounts pursuant to the Declaration and § 720.385, Fla. Stat.;

C.     Find that ASSOCIATION be decreed to have a lien upon the Subject Property of Defendant HAZAN as described herein for the sum of money found to be due, and that said lien be decreed superior to the rights, title and interest of all of the Defendants named herein;

D.     Find that such lien be foreclosed in accordance with the Declaration and the established rules and practices of the Court, that upon default of the payment to ASSOCIATION of the amounts so found to be due, and that said real estate be sold by the Clerk of Court to satisfy ASSOCIATION's lien in accordance with provisions of Chapter 720 of the Florida Statutes;

<div align="center">

Page 8 of 11
**HABER LAW, P.A.**

</div>

View Document - Miami-Dade County, FL    12/30/25, 1:42 PM

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

E.    Find that the Final Judgment of Foreclosure incorporate an order dispossessing the Defendants, and requiring that the purchaser at the foreclosure sale, his representatives or all of the assigns, be let into possession of the Subject Property;

F.    Reserve jurisdiction to enter a Writ of Possession in favor of the person or entity acquiring title to the Subject Property as a result of the public sale ordered by the Court;

G.    Reserve jurisdiction to award the ASSOCIATION a deficiency judgment in the event the sale of the Subject Property produces insufficient funds to satisfy the ASSOCIATION's judgment; and

H.    Award such other and further relief as ASSOCIATION may be entitled to receive.

## COUNT II
## BREACH OF DECLARATION

32.    Plaintiff ASSOCIATION hereby re-alleges and re-avers the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

33.    The ASSOCIATION's Declaration allows the ASSOCIATION to levy assessments and charges related thereto against the Subject Property, which HAZAN is required to pay. *See* **Exhibit "1"**.

34.    The Declaration is a contract by and between the ASSOCIATION and HAZAN, which strictly governs the relationship between them.

35.    Pursuant to §§ 720.305 and 720.3085, Fla. Stat., HAZAN is required to comply with the terms and conditions of the Declaration.

<div align="center">

Page 9 of 11
**HABER LAW, P.A.**

</div>

36. Despite multiple demands from the ASSOCIATION, HAZAN still has not made payment for the assessments and related charges due and owing to the ASSOCIATION. *See* **Exhibits "3", "5", and "6"**.

37. HAZAN materially breached the Declaration by failing or otherwise refusing to pay assessments levied by the ASSOCIATION against the Subject Property as same became due and payable.

38. HAZAN further materially breached the Declaration by failing or otherwise refusing to pay the interest, late fees, collection costs, and attorneys' fees and costs incurred by the ASSOCIATION incident to the collections process, resulting from HAZAN's failure to pay the assessments levied by the ASSOCIATION against the Subject Property.

39. As a direct and proximate result of such breaches, the ASSOCIATION has been damaged.

WHEREFORE, Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant ELIZABETH HAZAN, and in so doing award the ASSOCIATION the actual damages it has sustained in this regard, along with pre-judgment and post-judgment interest and the reasonable attorneys' fees and costs incurred in this regard, together with such other and further relief deemed just and proper.

[SIGNATURE PAGE TO FOLLOW]

Page 10 of 11
**HABER LAW, P.A.**

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

Dated this 23rd day of March, 2022.

Respectfully submitted,

**HABER LAW, P.A.**
251 NW 23rd Street
Miami, Florida 33127
(305) 379-2400
(305) 379-1106 (fax)
service@haber.law


By:   */s/ Rebecca N. Casamayor*
**REBECCA N. CASAMAYOR, ESQ.**
Florida Bar No.: 99070
rcasamayor@haber.law
jfelipe@haber.law
**DEESHA SMART, ESQ.**
Florida Bar No. 1026394
dsmart@haber.law

Exhibit "1"

### ARTICLE 6.

### COVENANT FOR MAINTENANCE ASSESSMENTS

6.1. <u>Creation of the Lien and Personal Obligation of the Assessments</u>.  Except as provided elsewhere herein, the Developer (and each party joining in any supplemental declaration), for all Lots within the Neighborhood, hereby covenants and agrees, and each Owner of any Lot by acceptance of a deed therefor or other conveyance thereof, whether or not it shall be so expressed in such deed or other conveyance, shall be deemed to covenant and agree to pay to the Association annual assessments and charges for the operation of the Association and the maintenance, management, operation and insurance of the Common Properties as provided elsewhere herein, including such reasonable reserves as the Association may deem necessary, capital improvement assessments as provided elsewhere herein, assessments for maintenance, bulk cable and/or satellite television or communications charges and all other charges and assessments hereinafter referred to or lawfully imposed by the Association, all such assessments to be fixed, established and collected from time to time as herein provided. In addition, special assessments may be levied against particular Owners and Lots for fines, expenses incurred against particular Lots and/or Owners to the exclusion of others and other charges against specific Lots or Owners as contemplated in this Declaration. The annual, special and other assessments, together with interest thereon and costs of collection thereof as are hereinafter provided, shall be a charge on the land and shall be a continuing lien upon the Lot against which each such assessment is made.  Each such assessment, together with such interest thereon and costs of collection thereof as are hereinafter provided, shall also be the personal obligation of the person who is the Owner of such property at the time when the assessment fell due and all subsequent Owners until paid, except as provided in Section 6.9 below.

6.2. <u>Rate of Assessment</u>.  Except as provided herein with respect to special assessments which may be imposed on one or more Lots or Homes and Owners to the exclusion of others and in Section 6.9 below, all assessments imposed by the Association shall be imposed against all Lots subject to its jurisdiction in accordance with the percentages set forth on **Exhibit "E"** attached hereto and made a part hereof.  Reference herein to assessments shall be understood to include reference to any and all of said charges whether or not specifically mentioned.

6.3. <u>Purpose of Assessments</u>.  The regular assessments levied by the Association shall be used exclusively for the purposes expressed in Section 6.1 above.

6.4. <u>Special Assessments</u>.  In addition to the regular and capital improvement assessments which are or may be levied hereunder, the Association (through the Board of Directors) shall have the right to levy special assessments against an Owner(s) to the exclusion of other Owners for: (a) the repair or replacement of damage to any portion of the Common Properties (including, without limitation, improvements and landscaping thereon) caused by the misuse, negligence or other action or inaction of an Owner or such Owner's Members' Permittee(s); or (b) the costs of work performed by the Association in accordance with Article **4** and/or Article **5** of this Declaration.  Any such special assessment shall be subject to all of the applicable provisions of this Article including, without limitation, lien filing and foreclosure procedures and late charges and interest.  Any special assessment levied hereunder shall be due within the time specified by the Board of Directors in the action imposing such assessment.

6.5. <u>Capital Improvements</u>.  Funds which, in the aggregate, exceed twenty percent (20%) of the total amount of the current operating budget of the Association in any one fiscal year, and are necessary for the addition of capital improvements (as distinguished from

- 11 -

NOT AN OFFICIAL PUBLIC ACCESS

OFF. REC BK. 21004PG0400

View Document - Miami-Dade County 2025                                                   12/30/25, 1:42 PM

OFF. REC. BK.
21004PG0401

repairs and maintenance) relating to the Common Properties and which have not previously been collected as reserves or are not otherwise available to the Association (other than by borrowing), shall be levied by the Association as special assessments only upon approval of a majority of the Board of Directors of the Association and upon approval by two-thirds (2/3) favorable vote of the Members of the Association voting at a meeting or by ballot as may be provided in the By-Laws of the Association. Additionally, the Association may adopt a capital improvement assessment upon approval of a majority of the Board of Directors of the Association for reconstruction as provided in Section 11.1 below.

6.6.     Date of Commencement of Annual Assessments; Due Dates.     The annual regular assessments provided for in this Article shall commence on the first day of the month next following the recordation of these covenants and shall be applicable through September 30 of such year.  Each subsequent annual assessment shall be imposed for the year beginning October 1 and ending September 30.  The annual assessments shall be payable in advance, in monthly installments, or in annual, semi-annual or quarterly installments if so determined by the Board of Directors of the Association (absent which determination they shall be payable monthly).  The assessment amount (and applicable installments) may be changed at any time by said Board from that originally stipulated or from any other assessment that is in the future adopted.  The original assessment for any year shall be levied for the calendar year (to be reconsidered and amended, if necessary, every six (6) months), but the amount of any revised assessment to be levied during any period shorter than a full calendar year shall be in proportion to the number of months (or other appropriate installments) remaining in such calendar year.  The due date of any special assessment or capital improvement assessment shall be fixed in the Board resolution authorizing such assessment.    Notwithstanding anything herein contained to the contrary, no Lot shall be subject to assessment until such time as a Home has been constructed thereon and received a certificate of occupancy from the applicable governmental authority.

6.7.     Duties of the Board of Directors.  The Board of Directors of the Association shall fix the date of commencement and the amount of the assessment against each Lot subject to the Association's jurisdiction for each assessment period, to the extent practicable, at least thirty (30) days in advance of such date or period, and shall, at that time, prepare a roster of the Lots and assessments applicable thereto which shall be kept in the office of the Association and shall be open to inspection by any Owner.  Written notice of the assessment shall thereupon be sent to every Owner subject thereto thirty (30) days prior to payment of the first installment thereof, except as to special assessments.  In the event no such notice of a change in the assessments for a new assessment period is given, the amount payable shall continue to be the same as the amount payable for the previous period, until changed in the manner provided for herein.  Subject to other provisions hereof, the Association shall upon demand at any time furnish to any Owner liable for an assessment a certificate in writing signed by an officer of the Association, setting forth whether such assessment has been paid as to any particular Lot.  Such certificate shall be conclusive evidence of payment of any assessment to the Association therein stated to have been paid.  The Association, through the action of its Board of Directors, shall have the power, but not the obligation, to enter into an agreement or agreements from time to time with one or more persons, firms or corporations (including affiliates of the Developer) for management services.  The Association shall have all other powers provided in its Articles of Incorporation and By-Laws.

6.8.     Effect of Non-Payment of Assessment; the Personal Obligation; the Lien; Remedies of the Association.  If the assessments (or installments) provided for herein are not paid on the date(s) when due (being the date(s) specified herein), then such assessments (or installments) shall become delinquent and shall, together with late charges, interest and

- 12 -

https://www2.miamidadeclerk.gov/ocs/pdfHandler?qs=rxXoJHkTWxgUoejdCJw0wVi95Juxe6TXyVc%2B6x6wT48%3D

the cost of collection thereof as hereinafter provided, thereupon become a continuing lien on the Lot which shall bind such property in the hands of the then Owner, his heirs, personal representatives, successors and assigns.  Except as provided in Section 6.9 below to the contrary, the personal obligation of the then Owner to pay such assessment shall pass to his successors in title and recourse may be had against either or both.  If any installment of an assessment is not paid within fifteen (15) days after the due date, at the option of the Association, a late charge not greater than the amount of such unpaid installment may be imposed (provided that only one late charge may be imposed on any one unpaid installment and if such installment is not paid thereafter, it and the late charge shall accrue interest as provided herein but shall not be subject to additional late charges, provided further, however, that each other installment thereafter coming due shall be subject to one late charge each as aforesaid), or the next twelve (12) months' worth of installments may be accelerated and become immediately due and payable in full and all such sums shall bear interest from the dates when due until paid at the highest lawful rate and the Association may bring an action at law against the Owner(s) personally obligated to pay the same, may record a claim of lien (as evidence of its lien rights as hereinabove provided for) against the Lot on which the assessments and late charges are unpaid, may foreclose the lien against the Lot on which the assessments and late charges are unpaid, or may pursue one or more of such remedies at the same time or successively, and attorneys' and paralegals' fees and costs actually incurred preparing and filing the claim of lien and the complaint, if any, and prosecuting same, in such action (and any appeals therefrom) shall be added to the amount of such assessments, late charges and interest, and in the event a judgment is obtained, such judgment shall include all such sums as above provided and attorneys' and paralegals' fees actually incurred together with the costs of the action, through all applicable appellate levels.  In the case of an acceleration of the next twelve (12) months' worth of installments, each installment so accelerated shall be deemed, initially, equal to the amount of the then most current delinquent installment, provided that if any such installment so accelerated would have been greater in amount by reason of a subsequent increase in the applicable budget, the Owner of the Lot whose installments were so accelerated shall continue to be liable for the balance due by reason of such increase and special assessments against such Lot shall be levied by the Association for such purpose.  In addition to the rights of collection of assessments stated in this Section, any and all persons acquiring title to or an interest in a Lot as to which the assessment is delinquent, including without limitation persons acquiring title by operation of law and by judicial sales, shall not be entitled to the occupancy of such Lot or the enjoyment of the Common Properties until such time as all unpaid and delinquent assessments due and owing from the selling Owner have been fully paid; provided, however, that the provisions of this sentence shall not be applicable to the mortgagees and purchasers contemplated by Section 6.9 below.  It shall be the legal duty and responsibility of the Association to enforce payment of the assessments hereunder.  Failure of the Association to send or deliver bills shall not, however, relieve Owners from their obligations hereunder.  All assessments, late charges, interest, penalties, fines, attorney's fees and other sums provided for herein shall accrue to the benefit of the Association.  Owners shall be obligated to deliver the documents originally received from the Developer, containing this and other declarations and documents, to any grantee of such Owner.

6.9.    Subordination of the Lien.  The lien of the assessments provided for in this Article shall be subordinate to real property tax liens and to the lien of any first mortgage recorded prior to recordation by the Association of a claim of lien held by a Mortgage Lender and which is now or hereafter placed upon any property subject to assessment; provided, however, that any such Mortgage Lender when in possession or any receiver, and in the event of a foreclosure, any purchaser at a foreclosure sale, and any such Mortgage Lender acquiring a deed in lieu of foreclosure, and all persons claiming by, through or under such purchaser or Mortgage Lender, shall hold title subject to the liability and lien

- 13 -

OFF. REC BK. 21004PG0403

of any assessment coming due after such foreclosure (or conveyance in lieu of foreclosure). Any unpaid assessment which cannot be collected as a lien against any Lot by reason of the provisions of this Section shall be deemed to be an assessment divided equally among, payable by and a lien against all Lots subject to assessment by the Association, including the Lots as to which the foreclosure (or conveyance in lieu of foreclosure) took place.

6.10.　Effect on Developer.　Notwithstanding any provision to the contrary contained in this Declaration, for as long as Developer (or any of its affiliates) is the Owner of any Lot, Developer shall have the option, in its sole discretion, to (a) pay assessments on the Lots owned by it in like manner as paid by other Owners; or (b) not paying assessments on Lots owned by Developer, and in lieu thereof, funding any resulting deficit in the Association's operating expenses (exclusive of any capital costs and reserves) not produced by assessments receivable from Owners other than Developer and any other income receivable by the Association. The deficit to be paid under option (b) above shall be the difference between (i) actual operating expenses of the Association (exclusive of capital improvement costs and reserves) and (ii) the sum of all monies receivable by the Association (including, without limitation, assessments, interest, late charges, fines and incidental income) and any surplus carried forward from the preceding year(s). Developer may from time to time change the option stated above under which Developer is making payments to the Association by written notice to such effect to the Association. When all Lots within the Neighborhood are sold and conveyed to purchasers, neither the Developer, nor its affiliates, shall have further liability of any kind to the Association for the payment of assessments, deficits or contributions.

6.11.　Association Funds.　The portion of all regular assessments collected by the Association for reserves for future expenses, if any, and the entire amount of all special assessments, shall be held by the Association for the Owners of all Lots, as their interests may appear, and may be invested in interest bearing accounts or in certificates of deposit or other like instruments or accounts available at banks or savings and loan institutions the deposits of which are insured by an agency of the United States.

## ARTICLE 7.

### CERTAIN RULES AND REGULATIONS

7.1.　Applicability.　The provisions of this Article **7** shall be applicable to all of the Lots, Homes and Common Properties of the Neighborhood.

7.2.　Land Use and Building Type.　No Lot shall be used except for single family residential purposes, unless otherwise approved by the Developer. No building constructed on a Lot shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any Lot other than one Home and one cabana house. Temporary uses by Developer and its affiliates for model homes, guest accommodations, sales displays, parking lots, sales offices and other offices, or any one or combination of such uses, shall be permitted at all times. No improvements may be made to a Lot, or changes thereafter made (unless such changes are made by the Developer) without the consent of the Architectural Control Board (as hereinafter defined).

7.3.　Construction Activity.　Unless otherwise approved in advance by the Architectural Control Board, no construction or construction related activities may be undertaken: (a) on legal holidays recognized by the Federal Government (or other holidays designated as such by Declarant), (b) Sundays, or (c) outside the hours of 8:00 a.m through 6:00 p.m., Monday through Friday, or 9:00 a.m through 6:00 p.m. on Saturdays.

- 14 -

Composite Exhibit "2"

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF**
**FLORIDA MIAMI DIVISION**

www.flsb.uscourts.gov

IN RE:

                                  CaseNo:16-10389AJC
                                  Chapter 11

Liza Hazan
a/k/a ELIZABETH HAZAN

DEBTOR. _____/

### STIPULATION OF SETTLEMENT CLAIM 10
### Valencia Estates Homeowners Assn, Inc.

       Debtor-In-Possession, Liza Hazan ("Hazan" or "Debtor") and Creditor Valencia Estates Homeowners Assn, Inc. (the "Creditor") (collectively the "Parties"), by and through undersigned counsel, hereby agree to a stipulation as to the treatment of Creditor's claim, as set forth below and respectfully represent the following to the court: By submission of this Stipulation for entry, the submitting counsel represents that the opposing party consents to its entry. Pursuant to this stipulation, the Parties agree as follows:

     1.    On 1/11/16, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code.

     2.    On 5/11/16, Creditor filed Claim #10 in the amount of $195,072.14 as a Secured Claim.

     3.    On 6/29/16, Valencia filed ECF 94 Motion for adequate protection pending confirmation and motion to shorten or terminate exclusivity ("Motion").

     4.    On 7/11/16 Debtor filed her Plan of Reorganization ECF 102 ("Plan").

     5.    Parties agree that Valencia's Motion ECF 94 is granted in part as follows:

          A.    Debtor shall pay on or before August 17, 2016 the amount of $2,193.17 owed for past due maintenance to Valencia;

          B.    Debtor shall pay four (4) months of accelerated regular assessments of $1121.00 per month for a total of $4,484.00 for the months of September through December, 2016 on or before September 15, 2016;

          C.    Debtor shall pay special assessment of $6,250.00 by October 15, 2016. (collectively, A, B and C will be referred to as the Post-Petition Payments")

     6.    Parties agree that Claim Number 10 shall be paid in the amount of $195,000.00 with 3.5% interest in the Chapter 11 Plan, over forty-eight (48) months, with one payment on the Effective Date of $4,062.00, and payments every five (5) months thereafter in the amount of $20,312.50 following the Effective Date until paid in full, with the interest payments to be made

annually on the twelfth (12th) month.  All monies are to be paid on or before the 48th month after
the Effective Date.  Interest statements shall be rendered annually to the Debtor and payment of
said accrued interest will be due within fifteen (15) days of invoice date (hereinafter all payments
under Paragraph 6 shall be referenced as "Claim Payments").

*[handwritten: The Claim Amount of $195,000.00 includes pre-petition and post-petition attorney's fees & costs absent a breach by Debtor as referenced below in paragraph 10 below]*
*E.H*

7.      Debtor shall continue to pay monthly and/or special assessments on an ongoing basis
as required by the Declaration ("Ongoing Assessments").   Should the Ongoing Assessments not
be paid, Valencia shall have all rights under its Recorded Declaration, including but not limited
to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose
upon same.

8.      Debtor shall immediately dismiss her appeal in the Third District Court of Appeal
Case styled *Elizabeth Hazan v. Valencia Estates Homeowners Association, Inc.*, Third DCA
Case No. 16-1733, pursuant to the Notice of Appeal filed on July 17, 2016 of the Final Judgment
rendered in the state court action in the Eleventh Judicial Circuit, State of Florida, styled
*Valencia Estates Homeowners Association, Inc. v. Elizabeth Hazan*, et. al, Case No. 10-56030
CA 32 ("Valencia State Court Action").  Debtor shall then allow the Valencia Final Judgment to
be amended to include attorney's fees and costs to be added to the original Final Judgment, so
that the Amended Final Judgment shall be for the total sum of $195,000.  The Amended Final
Judgment shall not be appealed by Debtor, and Creditor shall be entitled to record a Certified
Copy of the Amended Final Judgment against the Debtor's residence at Valencia as a recorded
lien against the Subject Property ("Judgment Lien").  Valencia shall not execute or take action to
enforce the Judgment Lien absent an uncured breach relating to either the Claim Payments
(Paragraph 6 above) or the Post-Petition Payments (Paragraph 5 above) due to a failure to timely
cure the default pursuant to Paragraph 9 below.  However, Debtor agrees and acknowledges that
Valencia shall be paid in full for all remaining monies due and owing under the Claim Payments
pursuant to the Judgment Lien on an accelerated basis should there be a sale or refinance of the
Subject Property.

9.      Should the Debtor breach the payment obligations hereunder or the Ongoing
Payments (Paragraph 7 above), she will be in violation of this Agreement.  Should the Debtor
violate this Agreement pre-Confirmation, the Plan cannot be confirmed.

10.     If a payment is not made related to either the Claim Payments (Paragraph 6 above) or
the Post-Petition Payments due (Paragraph 5 above) consistent with the above treatment,
Valencia shall provide seven (7) days notice to Debtor ("Notice"), and same shall provide
fourteen (14) days to cure the default ("Cure Period").  Upon an Uncured Default, the remaining
balance due of the Claim Payments and Post-Petition Payments Valencia are automatically
accelerated ("Accelerated Amounts") and Valencia shall be entitled to file a Motion to Enforce
Stipulation and Granting of Stay Relief to Execute upon the Judgment Lien with a supporting
Affidavit of Uncured Default ("Motion to Enforce and for Stay Relief"), along with a request for
reasonable attorney's fees and costs for enforcement of the Stipulation ("Enforcement Attorney's
Fees").   The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and to
address/rule upon such a Motion to Enforce and for Stay Relief.  Should the Bankruptcy Court
grant the Motion to Enforce and for Stay Relief and grant stay relief to pursue enforcement of the
Judgment Lien for the Accelerated Amounts plus Enforcement Attorney's Fees, then Valencia
shall have all of the rights granted under law to pursue such enforcement of the Judgment Lien
and Debtor shall have no defenses to same absent payment of the Accelerated Amounts due
(inclusive of interest due upon same at the Amended Final Judgment rate) plus Enforcement
Attorney's Fees.

11.     Creditor Valencia agrees that so long as Debtor is in compliance with this Stipulation
to vote the full amount of its claim in favor of Debtor's Plan of Reorganization with the

*[handwritten: Valencia shall count its * All claims, counterclaims, defenses, proposed counterclaims + proposed third party claims against Valencia, it's agents, managers, attorneys, members + officers, raised or unraised, are released + waived.   E.H]*

stipulated treatment.

12.  This Stipulation shall be submitted to the Court for ratification and approval.

WHEREFORE, the Debtor respectfully requests an order ratifying and approving this Stipulation.

Agreed to by

s/s: Liza Hazan, Debtor


s/s: David Haber, Esq.
Rebecca Newman Casamayor, Esq.
HABER SLADE, P.A.
Miami Center
201 S. Biscayne Blvd. Suite 1205
Miami, FL 33131
T: 305-379-2400
F: 305-379-1106
rcasamayor@dhaberlaw.com
counsel for Creditor Valencia

and

/s/: Joel M. Aresty, Esq.
Joel M. Aresty, P.A.
309 1st Ave S
Tierra Verde, FL 33715
Fax: 305-899-9889
Phone: (305) 899-9876
Aresty@Mac.com
Fla. Bar No. 197483
counsel for Debtor Liza Hasan


**Certificate Of Service**


**I hereby certify** that a true and correct copy of the foregoing was served upon all parties as indicated below, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party.

Case 16-10389-AJC    Doc 302    Filed 11/18/16    Page 1 of 2



**ORDERED in the Southern District of Florida on November 17, 2016.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF**
**FLORIDA MIAMI DIVISION**
**www.flsb.uscourts.gov**

IN RE:

                               CaseNo:16-10389AJC
                               Chapter 11

Liza Hazan
a/k/a ELIZABETH HAZAN

DEBTOR.                             /

**AGREED ORDER APPROVING STIPULATION OF SETTLEMENT OF CLAIM 10**
**Valencia Estates Homeowners Assn, Inc.**

THIS CAUSE came before the Court upon the Stipulation of Settlement of Claim 10 (Valencia Estates Homeowners Assn, Inc.) [attached as "Exhibit "A" to ECF 209] (hereinafter the "Stipulation"). The Court has been advised of the agreement of the Parties and has

reviewed the terms of the Stipulation and being fully advised in the premises, it is hereby

**ORDERED** as follows:

1) The Stipulation (attached as Exhibit "A" to ECF 209) is approved and ratified by the Court.

2) Valencia's Motion for Adequate Protection [ECF 94] is granted in part, as set forth in the Stipulation at Paragraph 5.

3) Valencia's Claim #10 and Valencia's Objection to Debtor's Disclosure Statement [ECF 138] are considered resolved pursuant to the terms of the Stipulation.

4) This Court shall retain jurisdiction to enforce the terms of this Order and the Stipulation.

5) The Debtor hereby withdraws her Limited Objection to Motion to Compromise Controversy [ECF 239].

6) Valencia hereby withdraws its Limited Objection to Debtor's Amended Disclosure Statement [ECF 279].

\* \* \*

Submitted by:
Rebecca Newman Casamayor, Esq.
HABER SLADE, P.A.
Miami Center
201 S. Biscayne Blvd. Suite 1205
Miami, FL 33131
T: 305-379-2400
F: 305-379-1106
dhaber@dhaberlaw.com
*counsel for Creditor Valencia*

Attorney Rebecca Newman Casasmayor, Esq. shall serve copies of this Order on all interested parties and file a Certificate of Service.

## Exhibit "3"



**HABER LAW**

**REBECCA N. CASAMAYOR, ESQ.**
305-379-2400 Ext. 117
RCASAMAYOR@HABER.LAW

### NOTICE OF INTENT TO RECORD A CLAIM OF LIEN
#### This letter is sent pursuant to Chapter 720 of the Florida Statutes

January 4, 2021

**Via Regular U.S. and Certified Mail, Return Receipt Requested:**
*Barcode:* 9214 8901 9403 8300 0028 8859 23
Elizabeth Hazan a/k/a Liza Hazan
6913 Valencia Drive
Fisher Island, Florida 33109

**COPY TO COUNSEL [VIA E-MAIL ONLY]:**
David Langley, Esq.
E-mail: dave@flalawyer.com
Joel Aresty, Esq.
E-mail: Aresty@Mac.com
Stuart J. Zoberg, Esq.
E-mail: szoberg@shirlawgroup.com

         *RE:*    *Valencia Estates Homeowners' Association, Inc.*
                *Property: Parcel/Lot/Unit 6913*
                *Owner: Elizabeth Hazan*
                *Matter #: 3706.102*

Dear Ms. Hazan:

      As you are aware, our law firm represents **Valencia Estates Homeowners' Association, Inc.** ("Association"). We have been retained by the Association with respect to your failure to pay assessments when due to the Association. Pursuant to §720.3085 of the Florida Statutes and the Association's Declaration of Covenants and Restrictions ("Declaration"), you are obligated to pay the regular periodic assessments, special assessments, interest, administrative late fees, collection costs, and attorneys' fees and costs detailed below. These amounts (the "Debt") must be paid within forty-five (45), unless the validity of the Debt is disputed in writing within that time, in which case these amounts will continue to be due upon verification of the Debt.

      Pursuant to §720.3085 of the Florida Statutes, the following amounts are currently due on your account to the Association, and must be paid within forty-five (45) days after your receipt of this letter. This letter shall serve as the Association's notice of intent to record a Claim of Lien against your property no sooner than forty-five (45) days after your receipt of this letter, unless you pay in full the amounts set forth below:

---

**HABER LAW, P.A.** | 251 NW 23 STREET | MIAMI, FL 33127 | T: 305.379.2400 | F: 305.379.1106 | **WWW.HABER.LAW**

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Lien*
*January 4, 2021*
*Page 2 of 4*

| Item | Amount |
|------|--------|
| Unpaid Regular Assessments (due first of month, Jan. 2020-Jan. 2021) | $19,006.87 |
| Unpaid Interest through 12/31/20 at 18% per annum | 1,468.97 |
| Unpaid Late Fees | 225.00 |
| Unpaid Attorney's Fees[1] | 4,403.75 |
| Unpaid Attorney's Costs | 6.65 |
| Disbursement Processing Fee | 120.00 |
| **Total Due for Ongoing Assessments as of 1/4/2021:** | **$25,231.24** |

The Total Due, as specified above, takes into account charges and application of payments received for Ongoing Assessments, in accordance with Fla. Stat. 720.3085, from August 2019 to present. The Total Due does not affect any amounts owed by you for any other reason or pursuant to any judgment, order, and/or agreement. This correspondence does not address or concern any amounts that may be due or come due with respect to your bankruptcy proceedings in the Bankruptcy Court for the Southern District of Florida (Case No.: 16-10389-AJC – Chapter 11). This correspondence pertains only to Ongoing Assessments and related charges due to the Association, pursuant to the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 [D.E. 209-A] and approved by the Bankruptcy Court on November 17, 2016 [D.E. 302] (the "Stipulation"), as well as pursuant to Article 6 of the Association's Declaration and Florida Statutes, Chapter 720.

Please be advised that if payment for the Total Due, as specified above, is not paid in full on or before January 15, 2021, additional late fees in the amount of $25.00 will come due, and additional interest at the rate of eighteen percent (18%) per annum will accrue on the balance of all unpaid assessments. Further, on February 1, 2021 (and the first of every month thereafter), additional regular periodic assessments in the amount of $1,726.16 will come due. **Please keep these dates and amounts in mind when you make your payment.**

**Do not send a check directly to the Association as this will delay crediting the account and may cause attorneys' fees and costs to continue to accrue**. We have enclosed the wiring instructions for this law firm's IOTA Trust Account for your review and for the purpose of forwarding payment. If payment is to be made by check, please make same payable to Haber Law, P.A. Trust Account.

If you have any further questions concerning this account, please write a letter or send an e-mail to the undersigned.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THE NOTICE REQUIRED BY 15 U.S.C. § 1692(g) IS ATTACHED HERETO.**

---

[1] Incurred incident to the collections process for Ongoing Assessments, from September 2020 to the date of this correspondence, pursuant to the Declaration and Fla. Stat. 720.3085.

**HABER LAW, P.A.** 251 NW 23 STREET | MIAMI, FL 33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Lien*
*January 4, 2021*
*Page 3 of 4*

    This correspondence reserves all rights of the Association, without limitation.

                Very truly yours,

                **HABER LAW, P.A.**

                */s/ Rebecca N. Casamayor, Esq.*

                REBECCA N. CASAMAYOR, ESQ.

Enclosures:    Notice Required by 15 U.S.C. § 1692(g)
               Haber Law, P.A., Trust Account wiring instructions

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Lien*
*January 4, 2021*
*Page 4 of 4*

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. SECTION 1692(g), AS AMENDED

1.    The amount of the debt is set forth in this Notice.

2.    **VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC.** is the creditor to whom the debt is owed.

3.    Unless the consumer, within thirty (30) days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office (the Debt Collector).

4.    If the consumer notifies this office (the Debt Collector), in writing within the thirty-day period that the debt, or any portion thereof, is disputed, this office (the Debt Collector) will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by this office (the Debt Collector).

5.    Upon the consumer's written request within the thirty-day period, this office (the Debt Collector) will provide the consumer with the name and address of the original creditor, if different from the current creditor.

6.    Written requests pursuant to this notice should be addressed to Rebecca N. Casamayor, Haber Law, P.A.

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Lien*
*January 4, 2021*
*Page 5 of 4*

## WIRE TRANSFER INSTRUCTIONS:

Haber Law, P.A. IOTA Trust Account

IberiaBank
200 W. Congress Street
Lafayette, LA 70501

ABA #: █████████
ACCOUNT: █████████

SWIFT#: ███████

RE:  Association Dues – Valencia Unit 6913
      Matter # 3706.102

**HABER LAW, P.A.** 251 NW 23 STREET | MIAMI, FL 33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

Exhibit "4"

CFN: 20210205943 BOOK 32413 PAGE 4637
DATE:03/24/2021  11:42:18 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**Prepared By and Return to:**
Rebecca N. Casamayor, Esq.
Haber Law, P.A.
251 NW 23rd Street
Miami, FL 33127
Matter #3706.102

# COVER PAGE TO
## Homeowners' Association Claim of Lien
### (Valencia Estates – 6913 Valencia Drive)

### HOMEOWNERS' ASSOCIATION CLAIM OF LIEN

**Valencia Estates Homeowners' Association, Inc.** (the "Association"), a Florida not for profit corporation, hereby files this Claim of Lien against the following described property:

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, at Page 64, of the Public Records of Miami-Dade County, Florida. Property Address: 6913 Valencia Drive, Fisher Island, Florida 33109.

The record owner of the Property is: **Elizabeth Hazan**. The address of the Association is: 40306 Fisher Island Drive, Fisher Island, Florida, 33109. This Claim of Lien is for the amount of **$31,089.66** which includes the following:

| Item | Amount |
|---|---|
| Unpaid Regular Periodic Assessments (due first of each month, from 1/1/20 - 3/1/21) | $22,459.19 |
| Unpaid Interest at 18% per annum | 2,401.96 |
| Unpaid Late Fees | 300.00 |
| Unpaid Attorney's Fees | 5,622.50 |
| Unpaid Attorney's Costs | 35.51 |
| Attorneys' Fees and Costs for Disbursement Processing | 120.00 |
| | **$30,939.16** |
| Attorneys' Fees to prepare Release of Claim of Lien | 127.50 |
| Attorneys' Costs to record Release of Claim of Lien | 23.00 |
| **Total Due** | **$31,089.66** |

The Claim of Lien secures all unpaid assessments which are due and which may accrue subsequent to the recording of this Claim of Lien and before entry of a certificate of title, as well as all related charges permitted by § 720.3085, Fla. Stat., including but not necessarily limited to, interest at the rate reflected above, late charges, and reasonable costs and attorney fees incurred by the Association incident to the collection process. This Claim of Lien is filed pursuant to the Association's recorded Declaration of Covenants and Restrictions, as amended, and § 720.3085, Fla. Stat.

Dated this _17th_ day of _March_, 2021.

Valencia Estates Homeowners' Association, Inc.

By: _____

Print Name: _Jason Giller_

Title: _VP/Director_

STATE OF FLORIDA )
)ss
COUNTY OF MIAMI-DADE )

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐ online notarization, this _17_ day of _March_, 2021, by _Jason Giller_, who is the _____ of Valencia Estates Homeowners' Association, Inc., and who is personally known to me or who produced _____ as identification.

Iren Kovalii
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG337549
Expires 5/28/2023

NOTARY PUBLIC, STATE OF FLORIDA

CFN: 20210205943 BOOK 32413 PAGE 4638

**Exhibit "5"**



**HABER LAW**

REBECCA NEWMAN CASAMAYOR, ESQ.
305-379-2400 Ext. 117
RCASAMAYOR@HABER.LAW

## NOTICE OF INTENT TO FORECLOSE CLAIM OF LIEN
### (This letter is being sent pursuant to Florida Statues, Chapter 720)

April 5, 2021

**Via Regular U.S. and Certified Mail, Return Receipt Requested & Via E-mail:**
*Barcode:* **92148901940383000036032388**
Elizabeth Hazan a/k/a Liza Hazan
6913 Valencia Drive
Fisher Island, Florida 33109
E-mail: elizabethhazan07@gmail.com;
elizabeth9246qc@gmail.com

> RE:    *Valencia Estates Homeowners' Association, Inc.*
> *Property: Parcel/Lot/Unit 6913*
> *Owner: Elizabeth Hazan*
> *Matter #: 3706.102*

Dear Ms. Hazan:

As you are aware, our law firm represents **Valencia Estates Homeowners' Association, Inc.** ("Association"). Enclosed is a copy of the Claim of Lien that has been recorded in the Public Records of Miami-Dade County, Florida against your property, Parcel/Lot/Unit 6913 within Valencia Estates (the "Subject Property"). The Claim of Lien was recorded against the Subject Property due to your failure to pay the below assessments and related charges to the Association. The Association will be authorized and intends to file a foreclosure action if the following amounts, together with any subsequent sums that come due, are not paid in full within forty-five (45) days after your receipt of this letter:

| Item | Amount |
|---|---|
| Unpaid Regular Assessments (due first of month, Jan. 2020-April 2021)[1] | $24,185.35 |
| Unpaid Interest at 18% per annum[2] | 2,401.96 |
| Unpaid Late Fees[3] | 300.00 |

---

[1] Due dates take into account application of all payments received, in accordance with Fla. Stat. 720.3085, to a debt beginning in August 2019.
[2] Accruing from August 2019 through March 31, 2021.
[3] Accruing from August 2019 through March 31, 2021.

---

HABER LAW, P.A. | 251 NW 23 STREET | MIAMI, FL 33127 | T: 305.379.2400 | F: 305.379.1106 | WWW.HABER.LAW

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Foreclose*
*April 5, 2021*
*Page 2 of 4*

| | |
|---|---:|
| Unpaid Attorneys' Fees[4] | 5,922.50 |
| Unpaid Attorneys' Costs | 41.87 |
| Disbursement Processing Fee | 120.00 |
| | **$32,971.68** |
| Attorney' Fees for preparing Release of Lien | 127.50 |
| Attorneys' Costs for recording Release of Lien | 23.00 |
| **TOTAL DUE ON OR BEFORE 4/15/21:** | **$33,122.18** |

The Total Due, as specified above, takes into account charges and application of payments received for Ongoing Assessments, in accordance with Fla. Stat. 720.3085, from August 2019 to present. The Total Due does not affect any amounts owed by you for any other reason or pursuant to any judgment, order, and/or agreement. This correspondence does not address or concern any amounts that may be due or come due with respect to your bankruptcy proceedings in the Bankruptcy Court for the Southern District of Florida (Case No.: 16-10389-AJC – Chapter 11). This correspondence pertains only to Ongoing Assessments and related charges due to the Association, pursuant to the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 [D.E. 209-A] and approved by the Bankruptcy Court on November 17, 2016 [D.E. 302] (the "Stipulation"), as well as pursuant to Article 6 of the Association's Declaration and Florida Statutes, Chapter 720.

Please be advised that if payment for the Total Due, as specified above, is not paid in full on or before April 15, 2021, additional late fees in the amount of $25.00 will come due, and additional interest at the rate of eighteen percent (18%) per annum will accrue on the balance of all unpaid assessments. Further, on May 1, 2021 (and the first of every month thereafter), additional regular periodic assessments in the amount of $1,726.16 will come due. **Please keep these dates and amounts in mind when you make your payment**.

**Do not send a check directly to the Association as this will delay crediting the account and may cause attorneys' fees and costs to continue to accrue.** We have enclosed the wiring instructions for this law firm's IOTA Trust Account for your review and for the purpose of forwarding payment. If payment is to be made by check, please make same payable to Haber Law, P.A. Trust Account and forward same to this office, to be received on or before April 15, 2021.

If you have any further questions concerning this account, please write a letter or send an email to the undersigned, pursuant to the contact information listed on the first page of this letter.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

[4] Incurred incident to the collections process for Ongoing Assessments, from September 2020 to the date of this correspondence, pursuant to the Declaration and Fla. Stat. 720.3085.

**HABER LAW, P.A.** 251 NW 23 STREET | MIAMI, FL 33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Foreclose*
*April 5, 2021*
*Page 3 of 4*

This correspondence reserves all rights of the Association, without limitation.

Very truly yours,

**HABER LAW, P.A.**

*/s/ Rebecca N. Casamayor, Esq.*

REBECCA NEWMAN CASAMAYOR, ESQ.

Enclosures:      Recorded Claim of Lien

**HABER LAW, P.A.** 251 NW 23 STREET | MIAMI, FL 33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Foreclose*
*April 5, 2021*
*Page 4 of 4*

## WIRE TRANSFER INSTRUCTIONS:

Haber Law, P.A. IOTA Trust Account

IberiaBank
200 W. Congress Street
Lafayette, LA 70501

ABA #: ███████
ACCOUNT: ███████

SWIFT#: ███████

RE:  Association Dues – Valencia Unit 6913
  Matter # 3706.102

CFN: 20210205943 BOOK 32413 PAGE 4637
DATE:03/24/2021  11:42:18 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

<u>**Prepared By and Return to:**</u>
Rebecca N. Casamayor, Esq.
Haber Law, P.A.
251 NW 23rd Street
Miami, FL 33127
Matter #3706,102

# COVER PAGE TO
# Homeowners' Association Claim of Lien
### (Valencia Estates – 6913 Valencia Drive)

## HOMEOWNERS' ASSOCIATION CLAIM OF LIEN

**Valencia Estates Homeowners' Association, Inc.** (the "Association"), a Florida not for profit corporation, hereby files this Claim of Lien against the following described property:

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, at Page 64, of the Public Records of Miami-Dade County, Florida. Property Address: 6913 Valencia Drive, Fisher Island, Florida 33109.

The record owner of the Property is: **Elizabeth Hazan.** The address of the Association is: 40306 Fisher Island Drive, Fisher Island, Florida, 33109. This Claim of Lien is for the amount of **$31,089.66** which includes the following:

| Item | Amount |
|------|--------|
| Unpaid Regular Periodic Assessments (due first of each month, from 1/1/20 - 3/1/21) | $22,459.19 |
| Unpaid Interest at 18% per annum | 2,401.96 |
| Unpaid Late Fees | 300.00 |
| Unpaid Attorney's Fees | 5,622.50 |
| Unpaid Attorney's Costs | 35.51 |
| Attorneys' Fees and Costs for Disbursement Processing | 120.00 |
| | $30,939.16 |
| Attorneys' Fees to prepare Release of Claim of Lien | 127.50 |
| Attorneys' Costs to record Release of Claim of Lien | 23.00 |
| **Total Due** | **$31,089.66** |

The Claim of Lien secures all unpaid assessments which are due and which may accrue subsequent to the recording of this Claim of Lien and before entry of a certificate of title, as well as all related charges permitted by § 720.3085, Fla. Stat., including but not necessarily limited to, interest at the rate reflected above, late charges, and reasonable costs and attorney fees incurred by the Association incident to the collection process. This Claim of Lien is filed pursuant to the Association's recorded Declaration of Covenants and Restrictions, as amended, and § 720.3085, Fla. Stat.

Dated this 17th day of _March_, 2021.

Valencia Estates Homeowners' Association, Inc.

By: _____

Print Name: _Jason Giller_

Title: _VP/Director_

STATE OF FLORIDA      )
                      )ss
COUNTY OF MIAMI-DADE  )

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐ online notarization, this 17 day of _March_, 2021, by _Jason Giller_, who is the _____ of Valencia Estates Homeowners' Association, Inc., and who is personally known to me or who produced _____ as identification.

Iren Kovalli
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG337549
Expires 5/28/2023

NOTARY PUBLIC, STATE OF FLORIDA

CFN: 20210205943 BOOK 32413 PAGE 4638

**Exhibit "6"**



**HABER LAW**

**REBECCA NEWMAN CASAMAYOR, ESQ.**
305-379-2400 Ext. 117
RCASAMAYOR@HABER.LAW

## [SUPPLEMENTAL] NOTICE OF INTENT TO FORECLOSE CLAIM OF LIEN
### (This letter is being sent pursuant to Florida Statues, Chapter 720)

February 7, 2022

**Via Federal Express, Regular U.S. and Certified Mail,**
**Return Receipt Requested & Via E-mail:**
*Barcode: 9214 8901 9403 8300 0065 6729 75*
Elizabeth Hazan a/k/a Liza Hazan
6913 Valencia Drive
Fisher Island, Florida 33109
E-mail: elizabethhazan07@gmail.com;
elizabeth9246qc@gmail.com

> **RE:**   *Valencia Estates Homeowners' Association, Inc.*
> *Property: Parcel/Lot/Unit 6913*
> *Owner: Elizabeth Hazan*
> *Matter #: 3706.102*

Dear Ms. Hazan:

      As you are aware, our law firm represents **Valencia Estates Homeowners' Association, Inc.** ("Association"). Enclosed is a copy of the Claim of Lien that has been recorded in the Public Records of Miami-Dade County, Florida against your property, Parcel/Lot/Unit 6913 within Valencia Estates (the "Subject Property"). The Claim of Lien was recorded against the Subject Property due to your failure to pay the below assessments and related charges to the Association. The Association will be authorized and intends to file a foreclosure action if the following amounts, together with any subsequent sums that come due, are not paid in full within forty-five (45) days after your receipt of this letter:

| Item | Amount |
|---|---|
| Unpaid Regular Assessments (due first of month, Jan. 2020-Feb. 2022)[1] | $41,486.15 |
| Unpaid Interest at 18% per annum[2] | 7,196.09 |
| Unpaid Late Fees[3] | 550.00 |

---

[1] Due dates take into account application of all payments received, in accordance with Fla. Stat. 720.3085, to a debt beginning in August 2019.
[2] Accruing from August 2019 through January 31, 2022.
[3] Accruing from August 2019 through January 31, 2022.

HABER LAW, P.A. | 251 NW 23 STREET | MIAMI, FL 33127 | T: 305.379.2400 | F: 305.379.1106 | WWW.HABER.LAW

View Document - Miami-Dade County...       4/30/25, 1:42 PM

*Valencia Estates - - Unit 6913 (Hazan)*
*[Supplemental] Notice of Intent to Foreclose*
*February 7, 2022*
*Page 2 of 4*

| | |
|---|---:|
| Unpaid Attorneys' Fees[4] | 9,660.00 |
| Unpaid Attorneys' Costs | 72.07 |
| Disbursement Processing Fee | 120.00 |
| | **$59,084.31** |
| Attorney' Fees for preparing Release of Lien | 127.50 |
| Attorneys' Costs for recording Release of Lien | 23.25 |
| **TOTAL DUE ON OR BEFORE 2/15/22:** | **$59,235.06** |

   The Total Due, as specified above, takes into account charges and application of payments received for Ongoing Assessments, in accordance with Fla. Stat. 720.3085, from August 2019 to present. The Total Due does not affect any amounts owed by you for any other reason or pursuant to any judgment, order, and/or agreement. This correspondence does not address or concern any amounts that may be due or come due with respect to your bankruptcy proceedings in the Bankruptcy Court for the Southern District of Florida (Case No.: 16-10389-AJC – Chapter 11). This correspondence pertains only to Ongoing Assessments and related charges due to the Association, pursuant to the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 [D.E. 209-A] and approved by the Bankruptcy Court on November 17, 2016 [D.E. 302] (the "Stipulation"), as well as pursuant to Article 6 of the Association's Declaration and Florida Statutes, Chapter 720.

   Please be advised that if payment for the Total Due, as specified above, is not paid in full on or before February 15, 2022, additional late fees in the amount of $25.00 will come due, and additional interest at the rate of eighteen percent (18%) per annum will accrue on the balance of all unpaid assessments. Further, on March 1, 2022 (and the first of every month thereafter), additional regular periodic assessments in the amount of $1,734.00 will come due. **Please keep these dates and amounts in mind when you make your payment**.

   **Do not send a check directly to the Association as this will delay crediting the account and may cause attorneys' fees and costs to continue to accrue.** We have enclosed the wiring instructions for this law firm's IOTA Trust Account for your review and for the purpose of forwarding payment. If payment is to be made by check, please make same payable to Haber Law, P.A. Trust Account and forward same to this office, to be received on or before February 15, 2022.

   If you have any further questions concerning this account, please write a letter or send an email to the undersigned, pursuant to the contact information listed on the first page of this letter.

   **THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

[4] Incurred incident to the collections process for Ongoing Assessments, from September 2020 to the date of this correspondence, pursuant to the Declaration and Fla. Stat. 720.3085.

**HABER LAW, P.A. 251 NW 23 STREET | MIAMI, FL 33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law**

*Valencia Estates - - Unit 6913 (Hazan)*
*[Supplemental] Notice of Intent to Foreclose*
*February 7, 2022*
*Page 3 of 4*

This correspondence reserves all rights of the Association, without limitation.

Very truly yours,

**HABER LAW, P.A.**

*/s/ Rebecca N. Casamayor, Esq.*

REBECCA NEWMAN CASAMAYOR, ESQ.

Enclosures:     HLPA Wire Instructions
                Recorded Claim of Lien

**HABER LAW, P.A.** 251 NW 23 STREET | MIAMI, FL 33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

*Valencia Estates - - Unit 6913 (Hazan)*
*[Supplemental] Notice of Intent to Foreclose*
*February 7, 2022*
*Page 4 of 4*

## WIRE TRANSFER INSTRUCTIONS:

Haber Law, P.A. IOTA Trust Account

IberiaBank/First Horizon*
200 W. Congress Street
Lafayette, LA 70501

ABA #: ████████
ACCOUNT: █████████

SWIFT#: ██████

RE:  Association Dues – Valencia Unit 6913
　　 Matter # 3706.102

**Wire cutoff time is 4 PM Eastern Standard Time**

*Please note that Iberia Bank is currently merging with First Horizon.  The First Horizon name may show under this ABA number.  The information is still correct, and the wire will come through to the IberiaBank account.

**Consumer Fraud Alert:**

Please contact our office at 305-379-2400 to confirm wire instructions.  All wires must be verified by phone with our office prior to sending the wire.  Please notify us immediately if different wire instructions are received.

**HABER LAW, P.A. 251 NW 23 STREET | MIAMI, FL 33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law**

CFN: 20210205943 BOOK 32413 PAGE 4637
DATE:03/24/2021 11:42:18 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**Prepared By and Return to:**
Rebecca N. Casamayor, Esq.
Haber Law, P.A.
251 NW 23rd Street
Miami, FL 33127
Matter #3706.102

## COVER PAGE TO
## Homeowners' Association Claim of Lien
### (Valencia Estates – 6913 Valencia Drive)

## HOMEOWNERS' ASSOCIATION CLAIM OF LIEN

**Valencia Estates Homeowners' Association, Inc.** (the "Association"), a Florida not for profit corporation, hereby files this Claim of Lien against the following described property:

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, at Page 64, of the Public Records of Miami-Dade County, Florida. Property Address: 6913 Valencia Drive, Fisher Island, Florida 33109.

The record owner of the Property is: **Elizabeth Hazan.** The address of the Association is: 40306 Fisher Island Drive, Fisher Island, Florida, 33109. This Claim of Lien is for the amount of **$31,089.66** which includes the following:

| Item | Amount |
|------|--------|
| Unpaid Regular Periodic Assessments (due first of each month, from 1/1/20 - 3/1/21) | $22,459.19 |
| Unpaid Interest at 18% per annum | 2,401.96 |
| Unpaid Late Fees | 300.00 |
| Unpaid Attorney's Fees | 5,622.50 |
| Unpaid Attorney's Costs | 35.51 |
| Attorneys' Fees and Costs for Disbursement Processing | 120.00 |
| | **$30,939.16** |
| Attorneys' Fees to prepare Release of Claim of Lien | 127.50 |
| Attorneys' Costs to record Release of Claim of Lien | 23.00 |
| **Total Due** | **$31,089.66** |

The Claim of Lien secures all unpaid assessments which are due and which may accrue subsequent to the recording of this Claim of Lien and before entry of a certificate of title, as well as all related charges permitted by § 720.3085, Fla. Stat., including but not necessarily limited to, interest at the rate reflected above, late charges, and reasonable costs and attorney fees incurred by the Association incident to the collection process. This Claim of Lien is filed pursuant to the Association's recorded Declaration of Covenants and Restrictions, as amended, and § 720.3085, Fla. Stat.

Dated this 17th day of March, 2021.

Valencia Estates Homeowners' Association, Inc.

By: _____

Print Name: Jason Giller

Title: VP/Director

STATE OF FLORIDA )
)ss
COUNTY OF MIAMI-DADE )

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐ online notarization, this 17 day of March, 2021, by Jason Giller, who is the VP of Valencia Estates Homeowners' Association, Inc., and who is personally known to me or who produced _____ as identification.

Iren Kovalli
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG337549
Expires 5/28/2023

NOTARY PUBLIC, STATE OF FLORIDA

CFN: 20210205943 BOOK 32413 PAGE 4638

Filing # 146288525 E-Filed 03/23/2022 03:37:12 PM

### FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC.</u>
Plaintiff                                                       Case # _____
                                                               Judge _____

vs.
<u>ELIZABETH HAZAN, SEAN NEIL MEEHAN, 6913 VALENCIA, LLC, JOHN DOE, JANE DOE</u>
Defendant

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☒ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☒ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
   ☐ Residential Evictions
   ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Rebecca Newman Casamayor     Fla. Bar # 99070
   Attorney or party               (Bar # if attorney)

Rebecca Newman Casamayor         03/23/2022
(type or print name)           Date

- 3 -