UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-26159-LFL

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,
  Plaintiff,

vs.

ELIZABETH HAZAN, et al.,
  Defendants.
_____/

**PLAINTIFF'S MOTION TO DEEM DEFENDANTS' VEXATIOUS LITIGANT, PLACE CERTAIN LIMITATIONS ON ANY FUTURE LITIGATION THEY INITIATE OR REMOVE TO THIS COURT, INCORPORATED MEMORANDUM OF LAW, AND FOR SANCTIONS[1]**

Plaintiff, Valencia Estates Homeowners' Association, Inc. ("**Plaintiff**" or the "**Association**") requests that this Court enter an Order deeming defendants Elizabeth Hazan ("**Hazan**") and Sean Meehan ("**Meehan**") "vexatious litigants" and placing certain limitations on their ability to initiate *pro se* future actions in any federal court that in any way attempts to remove, contest, dispute, challenge, appeal, or prevent the litigation styled *Valencia Estates Homeowners' Association, Inc., vs. Elizabeth Hazan, et al.*, Case No. 2022-005424-CA-01(the "**Original Proceeding**") pending before the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "**State Court**") from continuing ruling, advancing, proceeding, progressing, adjudicating, or concluding. Plaintiff also respectfully requests oral argument on this motion pursuant to S.D. Local Rule 7.1(b)(2). In support, Plaintiff states as follows:

---

[1] To the extent necessary, Plaintiff requests that the Court retain jurisdiction to rule on this motion in the event the Original Proceeding is remanded prior to adjudication.

1

## INTRODUCTION

***Enough is enough. This charade must end.*** This removal action is Hazan's and Meehan's fifth attempt to (improperly) remove the Original Proceeding to the United States Court for the Southern District of Florida. No federal jurisdiction exists to adjudicate the Original Proceeding. Without the Court granting the relief sought herein, Hazan and Meehan will undoubtedly hinder, delay, and obstruct resolution of the Original Proceeding. As detailed below, Judge Gayles, Judge Altman, and Magistrate Judge Elfenbein have each found that no federal jurisdiction exists. And just like the past four removals, the Fifth Removal Notice (as defined below) was filed mere hours before the latest attempt to attend the fifth scheduled summary judgment hearing. The use of repeated notices of removal as a tool by Hazan and Meehan is solely to delay the litigation, hinder creditors, and frustrative final adjudication of simple matters.

Accordingly, Plaintiff requests that the Court declare Hazan and Meehan vexatious litigants, place limits on Hazan and Meehan, jointly and severally, for any future federal removals, actions, processes, or litigation between Hazan and Meehan that may, in any way, affect or relate to Plaintiff, the Property, or the Original Proceeding. Plaintiff requested limits include, without limitation, the following: (i) the Court finding and adjudicating that any further removals of the Original Proceeding by Hazan or Meehan (or their entities) are void, invalid, and a nullity absent such notice being signed and filed by an attorney admitted to this Court; (ii) the Court finding and adjudicating that Hazan and Meehan are vexatious litigants; (iii) the Court entering an injunction or other order enjoining Hazan and Meehan from removing, contesting, disputing, challenging, appealing, or preventing the State Court from hearing, ruling, resolving, adjudging, or adjudicating the Original Proceeding; (iv) the Court entering an injunction or other order enjoining Hazan and Meehan from filing any document in any federal court, including the United States District Court

for the Southern District of Florida, from filing any document that would stop or impede the Original Proceeding from continuing ruling, advancing, proceeding, progressing, adjudicating, or concluding; and (iv) should Hazan and/or Meehan fail to comply with such an injunction or other order and in addition to such actions being void, invalid, and a nullity, permitting Plaintiff to reopen this matter to file a motion for order to show cause why Hazan and/or Meehan should not be held in contempt.

## BACKGROUND

### A. Parties

Plaintiff is a Florida corporation not-for-profit, operating pursuant to the provisions of Chapter 720, Florida Statutes. Plaintiff is responsible for managing the affairs of Valencia Estates, a residential community in Miami-Dade County, Florida, pursuant to its Declaration of Covenants and Restrictions ("**Declaration**"), recorded in the Public Records of Miami-Dade County, Florida, on February 6, 2003, at ORB 21004, Page 390, as amended from time to time.

Hazan is the owner of the property located at 6913 Valencia Drive, Fisher Island, FL 33109 ("**Subject Property**"). Hazan is subject to the Declaration as the owner of the Subject Property. Hazan is required to pay all assessments that are levied by Plaintiff against the Subject Property as they become due and payable under to Fla. Stat. § 720.3085, Article 6 of Plaintiff's Declaration, and the Stipulation (as defined below). Meehan is Hazan's spouse or former spouse and, in multiple filings, has listed his address as the Subject Property. *See* First Removal Notice; Amended Notice of Removal (DE2A#10).[2]

### B. Hazan's Bankruptcy Case

On or about January 11, 2016 and prior to Hazan's failure to pay the amounts that are at

---

[2] "DE2A#" shall denote filings in the Second Removal Action (as defined below).

issue in the Original Proceeding, Hazan filed for Chapter 11 bankruptcy in the Southern District of Florida, Case No. 16-10389-AJC ("**Bankruptcy Action**"). In the Bankruptcy Action, Plaintiff and Hazan entered into an agreement regarding Plaintiff's claims including past-due pre-Bankruptcy Action assessments and post-Bankruptcy Action assessments, which was approved in the Bankruptcy Action on November 17, 2016 (hereinafter collectively the "**Stipulation**"). Among the terms, the Stipulation required Hazan to pay all post-petition, ongoing monthly and/or special assessments to Plaintiff. Failure by Hazan pay such amounts entitles Plaintiff to "all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same." Hazan incorporated the Stipulation into the Fourth Amended Plan of Reorganization (DEB#563)[3] (the "**Plan**"). The Plan was confirmed on June 12, 2018. *See* Order Confirming Plan of Reorganization (DEB#691) ("**Confirmation Order**").

C. **Assessments after Hazan's Bankruptcy Case, the Original Proceeding, and Hazan's and Meehan's Five Removals of the Original Proceeding**

Undisputedly, Hazan failed to pay her post-Bankruptcy Case assessments to Plaintiff. Thereafter, in compliance with Florida law and beginning on or about January 4, 2021, and in accordance with Fla. Stat. § 720.3085, Plaintiff provided the required notices to Hazan. This included lawfully sending a Notice of Intent to File/Record a Claim of Lien to Hazan at the Subject Property, recording the Claim of Lien against the Subject Property in ORB 32413 at Pages 4637, et. seq., of the public records of Miami-Dade County, Florida, and providing the Notice of Intent to Foreclose Claim of Lien. Hazan responded to the above notices including corresponding with Plaintiff's counsel.

When Hazan failed to cure the defaults, on March 23, 2022, Plaintiff filed its Complaint in

---

[3] "DEB#" shall denote filings in the Bankruptcy Action (as defined below).

4

the Original Proceeding. The Complaint asserts two counts - (i) foreclosure of lien; and (ii) breach of the Declaration. The Complaint expressly states that the time period of the assessments being sought is from August 2019 to the present date. Hazan, Meehan, and 6913 Valencia, LLC ("**6913 Valencia**") were validly served via personal service of process on April 29, 2022. On July 10, 2023, the Defendants filed their Answer, Affirmative Defenses, and Counterclaim.

Hazan and Meehan participated and litigated the Original Proceeding until, on December 18, 2023, Hazan and Meehan jointly filed the first Notice of Removal (DE1A#1)[4] ("**First Removal Notice**") and initiated Case No.: 1:23-cv-24780-DPG[5] before The Honorable Darrin P. Gayles ("**First Removal Action**"). *See* **Exhibit 1.** Hazan and Meehan acknowledged and listed within the First Removal Notice that (i) Hazan "is a resident of Miami-Dade County. is therefore a citizen of Florida" and lists her address as the Subject Property i.e. 6913 Valencia Drive, Miami, Florida 33109; and (b) that Meehan's address as the Subject Property - 6913 Valencia Drive, Miami, Florida 33109. On March 5, 2024, Judge Gayles's entered the Order (DE1A#30) (the "**First Remand Order**") finding that the Court did not have original jurisdiction. *See* **Exhibit 2**.

Thereafter, the Original Proceeding continued in due course. Plaintiff served discovery and filed various motions including amended motion for summary judgment and amended affidavit in support, which was first set on July 17, 2024 for an August 28, 2024 hearing. Between August 8, 2024 and August 16, 2024, Hazan and Meehan filed various documents in opposition the Amended MSJ and filed identical Answer, Amended Affirmative Defenses, and Amended Counterclaims. Hazan and Meehan also filed an identical Answer, Amended Affirmative Defenses, and Amended

---

[4] "DE1A#" shall denote filings in the First Removal Action.

[5] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in 1:23-cv-24780-DPG pursuant to Fed. R. Civ. P. 201. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).

Counterclaims on behalf of 6913 Valencia.[6] The parties then attempted to set the various motions, including the Amended MSJ, for hearing and agreed upon the date of December 13, 2024. Prior to the December 13, 2024 hearing, the State Court entered sanctions orders against each defendant finding that each defendant failed to comply with discovery requests, State Court orders compelling discovery, and precluding Hazan, Meehan, and 6913 Valencia from relying on ***any*** documents responsive to the discovery in the Original Proceeding.

However, A few hours before the December 13, 2024 hearing, Meehan removed the Original Proceeding to the Second Removal Action. On December 13, 2024, Meehan filed the Notice of Removal (DE2A#1) claiming jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452" and initiated Case No.: 1:24-cv-24879-RKA[7] before The Honorable Roy K. Altman ("**Second Removal Action**"). *See* **Exhibit 3**. On December 23, 2024, Meehan filed the Amended Notice of Removal (DE2A#10) claiming jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452" but also referencing 28 U.S.C. § 1443(1). Meehan lists his address within the Amended Notice of Removal (DE2A#10) as 6913 Valencia Drive, Miami, Florida 33109. *See* **Exhibit 4.** On February 6, 2025, Judge Altman entered the Order Remanding Case (DE2A#27) ("**SR Order**"). *See* **Exhibit 5.** Thereafter, Meehan filed a response to Plaintiff's remand motion and a motion for reconsideration. After considering both documents, Judge Altman entered the Order (DE2A#30) ("**Reconsideration Denial Order**") on March 12, 2025 again remanding the Original Proceeding to the State Court. *See* **Exhibit 6**.

After entering the SR Order and Reconsideration Denial Order, the parties reset the

---

[6] 6913 Valencia voluntarily dismissed its counterclaim and amended counterclaim.
[7] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in 1:24-cv-24879-RKA pursuant to Fed. R. Civ. P. 201. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).

Amended MSJ, motion to strike, motion to dismiss, and other pleadings for hearing on March 19, 2025. Hours, or less, before hearing, Hazan and Meehan filed the Notice of Removal (DE3A#1)[8] ("**Third Removal Notice**") on March 19, 2025 claiming jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452" and initiated Case No.: 1:25-cv-21283-MFE[9] before The Honorable Marty Fulgueira Elfenbein ("**Third Removal Action**"). *See* **Exhibit 7**. The Third Removal Notice listed Hazan's address as the Subject Property - 6913 Valencia Drive, Miami, Florida 33109. After various motions by Plaintiff including a motion to remand, on April 7, 2025, Hazan and Meehan attempted to file the Defendants Elizabeth Hazan and Sean Meehan's Notice of Voluntary Dismissal Without Prejudice (DE3A#10). *See* **Exhibit 8**. Within such document, Hazan and Meehan both list their address as the Subject Property - 6913 Valencia Drive, Miami, Florida 33109. *See* Exhibit 8. On March 24, 2025, Plaintiff filed its Motion To Deem Defendants' Vexatious Litigants And Place Certain Limitations On Any Future Litigation They Initiate Or Remove To This Court And Incorporated Memorandum Of Law (DE3A#9). On April 23, 2025, Magistrate Judge Elfenbein entered the Order Remanding Case (DE3A#16) ("**Third Remand Order**") finding the lack of federal jurisdiction but denied Plaintiff's request to deem Hazan and Meehan vexatious litigants. *See* **Exhibit 9.** The Order Remanding Case (DE3A#16) did not adjudicate the first vexatious litigant motion, instead deeming all pending motions as moot.

After entry of the Third Remand Order the parties again reset all pending motions including the Amended MSJ for hearing on July 23, 2025. Neither Hazan nor Meehan took any other actions in the Original Proceeding to defend themselves or otherwise comply with the various sanctions

---

[8] DE3A# shall denote filings in the Third Removal Action.
[9] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in 1:25-cv-21283-MFE pursuant to Fed. R. Civ. P. 201. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).

orders. Hours before the July 23, 2025 hearing, Hazan and Meehan filed a fourth Notice of Removal (DE4A#1)[10] again claiming jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452" and initiated Case No.: 1:25-cv-23294-MFE before The Honorable Marty Fulgueira Elfenbein ("**Fourth Removal Action**"). [11] *See* **Exhibit 10**. The fourth Notice of Removal (DE4A#1) listed Hazan's address as the Subject Property - 6913 Valencia Drive, Miami, Florida 33109 but did not provide Meehan's address. On July 31, 2025, Plaintiff filed its second Motion To Deem Defendants' Vexatious Litigants And Place Certain Limitations On Any Future Litigation They Initiate Or Remove To This Court And Incorporated Memorandum Of Law (DE4A#10). However, because Hazan and Meehan did not pay the filing fee, Magistrate Judge Elfenbein remanded the Original Proceeding back to State Court on July 21, 2025 and denied the second vexatious litigant motion as moot. *See* **Exhibit 11**.

After remand of the Fourth Removal Action, Plaintiff again set the Amended MSJ and various other motions for a special set hearing – first for October 21, 2025, then for December 1, 2025, and finally for December 31, 2025. *See* **Composite Exhibit 12**. For the fifth time, Meehan, joined by Hazan, filed their fifth Notice of Removal (DE5A#1)[12] again claiming jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452" and this removal action ("**Fifth Removal Action**"). *See* DE#1 & 4. On their face, there is no difference fifth Notice of Removal (DE5A#1) and any of the notices of removal previously filed by Hazan or Meehan.

**D.  Hazan and Meehan Uses Notices of Removal as a Tool to Impede State Court Proceedings, Hinder Creditors, and Frustrate the Prompt Adjudication of Justice**

---

[10] DE4A# shall denote filings in the Fourth Removal Action.
[11] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in 1:25-cv-23294-MFE pursuant to Fed. R. Civ. P. 201. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).

[12] DE5A# shall denote filings in this Fifth Removal Action.

8

To Plaintiff's knowledge and in addition to the four removals of the Original Proceeding, Hazan and Meehan have filed the following removal actions relating to pending foreclosure or mortgage adjacent issues:

(i) On **February 26, 2024**, Hazan and Meehan removed the foreclosure litigation styled *David W. Langley and David W. Langley P.A. v. Elizabeth Hazan a/k/a Liza Hazan and Sean Meehan*, Case No.: 1:24-cv-20736-CMA to this Court, which was summarily remanded on February 29, 2024. [13]

(ii) On **February 21, 2025**, Hazan and Meehan removed the foreclosure litigation styled *JP Morgan Chase N.A. v. Elizabeth Hazan et. al.*, Case No.: 1:25-cv-20815-BB to this Court, which was summarily remanded on February 25, 2025. [14]

(iii) On **March 12, 2025,** Hazan and Meehan again removed the foreclosure litigation on the eve of trial styled *David W. Langley and David W. Langley P.A. v. Elizabeth Hazan a/k/a Liza Hazan and Sean Meehan*, Case No.: 1:25-cv-21172-EIS to this Court, which was summarily remanded on February 29, 2025. [15]

In each of these cases, Hazan and Meehan have employed the same vexatious and sanctionable tactics as they have displayed here.

## MEMORANDUM OF LAW

### A. Federal Courts Have The Inherent Authority To Issue Injunctions As A Form Of Sanction

Under the All Writs Act, 28 U.S.C. § 1651(a), federal courts have the inherent power to enjoin parties from frivolous litigation and enter pre-filing orders against vexatious litigants. ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of

---

[13] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:24-cv-20736-CMA pursuant to Fed. R. Civ. P. 201. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).

[14] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:25-cv-20815-BB pursuant to Fed. R. Civ. P. 201. *Id.*

[15] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:25-cv-21172-EIS pursuant to Fed. R. Civ. P. 201. *Id.*

law.") "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Watkins v. Dubreuil*, 820 Fed. Appx. 940, 946 (11th Cir. 2020) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir 1986)). In particular, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id*. at 1074. To that end, the court may severely restrict a litigant's filings, but it cannot completely foreclose a litigant from any access to the courts. *Id*.; *see also Cotner v. Hopkins,* 795 F.2d 900, 902-03 (10th Cir. 1986)(recognizing that federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances"). "Even onerous conditions" may be imposed upon a litigant provided the conditions assist the district court in curbing the particular conduct. *See Carter v. United States,* 733 F.2d 735, 737 (10th Cir. 1984).

The Eleventh Circuit has repeatedly upheld injunctions entered by federal district courts barring vexatious pro se litigants from filing additional federal actions subject to certain conditions. *See e.g., Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993) (affirming the district court's dismissal of lawsuit based on injunction entered by Connecticut District Court barring plaintiff or anyone on his behalf from filing additional lawsuits). A district court has the inherent authority "to protect itself against abuses by pro se litigants." *See Thomas v. Christina*, No. 1:22-cv-20498-KMM, 2022 WL 1100851, at *3 (S.D. Fla. Apr. 13, 2022) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986); *Riccard v. Prudential Ins. Co*., 307 F.3d 1277, 1295 n.15 (11th Cir. 2002)). "Indeed, [t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Thomas v. Christina*, 2022 WL 1100851, at *3 (alteration in original) (internal quotations and citation omitted). A litigant is considered vexatious when he or she has "repeatedly abused the judicial

process through a series of actions brought in state and federal courts" and "attempted to relitigate these issues, which were decided adversely to [him]." *In re Farris*, 330 F. App'x 833, 835 (11th Cir. 2009). "The right of access to the courts 'is neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)).

"[C]ourts have routinely 'restricte[ed] a vexatious litigant from filing anything without prior approval from the Court.'" *Graham v. ACI Worldwide Corp.*, No. 1:23-CV-24830-KMM, 2024 WL 3791712, at *5 (S.D. Fla. Jan. 25, 2024) (quoting *Lustig v. Stone*, No. 15-20150-CIV-LENARD/GOODMAN, 2020 WL 3469719, at *22 (S.D. Fla. June 25, 2020)). Such injunctions may include a "pre-screening" procedure for the pro se litigant to follow before the Court will accept any future filing. *Barash v. Kates*, 586 F. Supp. 2d 1323, 1330 (S.D. Fla. 2008); *Garner v. Orlando/Orange County Convention Center*, 2017 WL 3252442, at *4 (M.D. Fla. Jun. 22, 2017). Injunctions requiring future filings to be made by an attorney representing the pro se litigant without such a "pre-screening" requirement are also proper. *See Klayman v. DeLuca*, 712 Fed. Appx. 930, 933-34 (11th Cir. 2017); *Graham v. ACI Worldwide Corp.*, 2024 WL 3791712, at 5.

"In making the determination whether the litigant's conduct is sufficient to justify the entry of what is referred to as a Martin-Trigona injunction to stop continued vexatious litigation by persons with a history of such litigation . . . with the primary object of the injunction, it is sufficient to show a history of litigation entailing vexation, harassment, and needless burden on the courts and their supporting personnel." *In re Dicks*, 306 B.R. 700, 705-06 (Bankr. M.D. Fla. 2004). Courts have "considerable discretion" "in designing injunctions to limit vexatious litigation." *Klayman*, 712 Fed. Appx. at 934 (citing *Procup*, 792 F.2d at 1074). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse

the judicial process and harass other parties." *Buhannic v. TradingScreen, Inc.*, 2020 WL 4058949, at *7 (S.D.N.Y. Jul. 20, 2020).

In determining whether a vexatious litigant's access to the courts should be limited, courts should consider at least the following factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation and whether he has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether a lesser sanction would be adequate to protect the courts and other parties." *Lustig v. Stone*, 2020 WL 3469719, at *10; *Silva v. Swift*, 2020 WL 5523400, at *7-8 (N.D. Fla. Jun. 1, 2020) (citations omitted); *see also Dicks*, 306 B.R. at 706.

As to the first factor, Hazan and Meehan have filed four (4) removals of the Original Proceeding in addition to three (3) other removals of foreclosure or creditor adjacent litigation. Each notice of removal, whether against Plaintiff or other parties, are almost identical and provide limited or no information explaining why this Court has federal jurisdiction – either diversity jurisdiction or federal question jurisdiction. The First Removal Action, Second Removal Action, Third Removal Action, Fourth Removal Action, and this Fifth Removal Action are duplicative of one another and were each filed for only one purpose- ***delay***.

The second factor supports entry of the injunctive relief. Judge Gayles, Judge Altman, and Magistrate Judge Elfenbein have each considered and dismissed all bases of removal claimed in the Fourth Removal Notice. *See e.g.* First Remand Order; SR Order; Reconsideration Denial Order; Third Remand Order. The parties are not diverse, removal is untimely, not all defendants consent to the Fourth Removal Action, there are no federal questions, the Original Proceeding is

not related to the Bankruptcy Action, the Original Proceeding has no relation, whatsoever, to a civil rights case, and this Court cannot review or reconsider the previous remand orders. *See e.g.* First Remand Order; Reconsideration Denial Order.

As to the third factor - whether the litigant has had an attorney – neither Hazan nor Meehan have filed any of the removal actions through an attorney. In fact, Mr. Simon, state court counsel to 6913 Valencia before the State Court, failed to join or sign with in the removal notice for this this Fifth Removal Action. No attorney to date has joined in the removals.

As to the fourth factor, Plaintiff has now four (4) times sought remand for the same issues complained in the removal notice initiating this Fifth Removal Action. Each time Meehan and Hazan files a notice of removal, the State Court loses jurisdiction and adjudication of the Original Proceeding is frustrated. During such time, Hazan fails to pay her ongoing post-Bankruptcy Action assessments, delays enforcement of the years of unpaid post-Bankruptcy Action assessments, and forces Plaintiff to incur significant fees and costs.

As to the fifth factor, whether any lesser sanction would protect the courts and the other parties, Plaintiff sees no other alternative. The Original Proceeding, and the various other actions that have been removed, deal with the defendants' failure to pay ongoing obligations. It appears that any monetary sanction is not likely to be recovered as it would simply continue the delay to enforce Plaintiff's rights against the Subject Property.

Lastly, Plaintiff requests its attorney's fees and costs relating to this motion and this Fifth Removal Action. "[P]ro se filings do not serve as an 'impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988); *see also Barash v. Kates*, 586 F.Supp. 2d 1323, 1330 (S.D. Fla. 2008) (granting motion for sanctions

13

against pro se litigant where litigant filed numerous unsupported filings, cluttered the docket with unnecessary filings, and personally attacked defendant and her counsel and accused them of lying). Similarly, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-46 (1991) (court has discretion and "ability to fashion an appropriate sanction for conduct which abuses the judicial process…"); *see also In re Micron Devices, Inc.*, 657 B.R. 897, 902 (S.D. Fla. 2024) (bankruptcy court did not err in sanctioning pro se party under 28 U.S.C. § 1927); *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992) (citing *Chambers*, affirming sanctions awarded against a non-lawyer pro se litigant under the court's inherent authority to sanction parties appearing before it).

It is clear that Hazan and Meehan are proceeding in bad faith, vexatiously, wantonly, and for an improper purpose. This Fifth Removal Action is meritless and only seeks to abuse the jurisdiction of the Court to delay and impede the Original Proceeding. Upon finding entitlement to its attorney's fees and costs, Plaintiff shall file the necessary evidence, affidavits, and other documents evidencing all attorney's fees and costs in this Fifth Removal Action.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion, find both Hazan and Meehan vexatious litigants and place limitations on filings including, but not limited to, the following: (i) finding and adjudicating that any further removals of the Original Proceeding by Hazan or Meehan are a nullity absent such notice being signed and filed by Florida Bar attorney; (ii) finding and adjudicating that Hazan and/or Meehan are enjoined from removing, contesting, disputing, challenging, appealing, or preventing the State Court from adjudicating the Original Proceeding from continuing ruling, advancing, proceeding, progressing, adjudicating, or

concluding; (iii) should Hazan and/or Meehan fail to comply with such an order, permitting Plaintiff to reopen this matter to file a motion for order to show cause why Hazan and/or Meehan should not be held in contempt, which may include civil contempt, criminal contempt and/or other sanctions that the Court finds appropriate; (iv) finding that Plaintiff is entitled to its attorneys' fees and costs for prosecuting this motion and setting further briefing on the amount of attorneys' fees and costs; and (v) such further and other relief as the Court deem just and proper.

Dated: January 9, 2026                    Respectfully Submitted,

                                                **BARRY S. TURNER P.A.**
                                                *Counsel for Plaintiff*
                                                PO Box 330189
                                                Miami, Florida 33233-0189
                                                Phone: (305) 699-4392
                                                Email: bt@bstpa.com

                                                By:    /s/ *Barry S. Turner*
                                                             Barry S. Turner, Esq.
                                                             Fla. Bar No. 85535

**STATEMENT AS TO GOOD FAITH CONFERENCE**

Pursuant to S.D. Local Rule 7.1(a)(3), I certify that the undersigned counsel for Plaintiff has conferred via email with Hazan, Meehan, and Michael W. Simon, Esq., state court counsel to 6913 Valencia, respectively, on January 5, 2026 and January 9, 2026. I also called Michael W. Simon, Esq., state court counsel for 6913 Valencia, on January 9, 2026 and left a voicemail message. Hazan and Meehan failed to respond to the January 5, 2026 and January 9, 2026 email. Michael W. Simon, Esq. indicated that he does not agree to the relief.

## REQUEST FOR ORAL ARGUMENT

Pursuant to to S.D. Local Rule 7.1(b)(2) and considering the nature of the relief, the four prior removal actions, the two prior vexation litigant motions, and that Plaintiff has been unable to proceed with litigation based upon Hazan's and Meehan's repeated unlawful actions. Under no circumstances can either Hazan or Meehan justify the repeated removal actions.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 9, 2026, I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties:

Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
*Via US Mail*

Sean Meehan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
*Via US Mail*

6913 Valencia LLC
c/o Michael W. Simon, Esq.
THE SIMON LAW FIRM
3839 NW Boca Raton Blvd., Suite 100
Boca Raton, FL 33431
*State Court Counsel to 6913 Valencia LLC*
*Via US Mail*

By: /s/ *Barry S. Turner*
Barry S. Turner, Esq.
Fla. Bar No. 85535