UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-26159-LFL

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC.,
    Plaintiff,

vs.

ELIZABETH HAZAN, et al.,
    Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE FILINGS
PURPORTEDLY FILED BY 6913 VALENCIA LLC, FOR
SANCTIONS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Valencia Estates Homeowners' Association Inc. ("**Plaintiff**"), requests that the Court strike the Notice of Removal (DE5A#1)[1] ("**Fifth Removal Notice**") and the Pro Se Motion For Extension Of Time To Retain New Counsel And Extend The Deadlines To Respond To Doc N.9 (DE5A#11) ("**Pro Se Motion**") to the extent that either purports to be filed by 6913 Valencia LLC ("**6913 Valencia**") and for sanctions. In support, Plaintiff states as follows:

**INTRODUCTION**

The defendant 6913 Valencia is represented by counsel, Michael W. Simon, Esq., in *Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*, Case No. 2022-005424-CA-01, pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Fifth Notice of Removal and Pro Se Motion—filed by non-attorney Sean Meehan ("**Meehan**") and by non-attorney Elizabeth Hazan ("**Hazan**") on behalf of an entity—are a legal nullity, void ab initio, and must be stricken. The Fifth Removal Notice and Pro Se Motion are the most recent attempt by Meehan and Hazan to practice law on behalf of 6913 Valencia.

---

[1] DE5A# shall denote filings in this Fifth Removal Action.

1

## BACKGROUND

On the eve of another summary judgment hearing in the case styled *Valencia Estates Homeowners' Association, Inc., vs. Elizabeth Hazan, et al.*, Case No. 2022-005424-CA-01(the "**Original Proceeding**") pending before the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and despite four (4) previously remanded removal actions as more fully outlined in the Plaintiff's Motion To Deem Defendants' Vexatious Litigant, Place Certain Limitations On Any Future Litigation They Initiate Or Remove To This Court, Incorporated Memorandum Of Law, And For Sanctions (DE5A#9),[2] Meehan filed the Fifth Removal Notice on behalf of himself and 6913 Valencia. *See* Fifth Removal Notice. Hazan, the manager of 6913 Valencia, joined the Fifth Removal Notice in support of Meehan. *See* DE5A#4. The Fifth Removal Notice is signed, individually, by Meehan, but is ***not signed*** by 6913 Valencia's counsel or any other attorney. *See* Fifth Removal Notice, p. 4.

On January 9, 2026, undersigned counsel sent an email to Mr. Simon requesting that Mr. Simon file a notice of appearance in this action and 6913 Valencia's position on this motion. The January 9, 2026 email requested a response by January 13, 2026 at 1 pm. Mr. Simon failed to respond to the January 9, 2026 correspondence.

---

[2] To the extent necessary, Plaintiff requests that the Court take judicial notice pursuant to Fed. R. Civ. P. 201 and *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006) of all filings in the following United States District Court for the Southern District of Florida matters:

(1) *Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*, Case No.: 1:23-cv-24780-DPG;
(2) *Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*, Case No.: 1:24-cv-24879-RKA;
(3) *Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*, Case No.: 1:25-cv-21283-MFE;
(4) *Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*, Case No.: 1:25-cv-23294-MFE.

On January 23, 2026, Meehan and Hazan, individually and purportedly on behalf of 6913 Valencia, filed the Pro Se Motion. The Pro Se Motion is signed by Hazan and Meehan but is ***not signed*** by 6913 Valencia's counsel or any other attorney. *See* Pro Se Motion, p. 2. Such actions constitute the unauthorized practice of law by Hazan and Meehan on behalf of 6913 Valencia.

On January 26, 2026 and in an abundance of caution, undersigned counsel sent a copy of this motion to Mr. Simon, Meehan, and Hazan requesting their position on this motion and requesting that Mr. Simon file a notice of appearance in this action. Mr. Simon and undersigned spoke on January 27, 2026 and he indicated he opposes the relief in this motion despite failing to file a notice or join in with the defendants' filings. Mr. Simon expressed that remained counsel to 6913 Valencia in the Original Proceeding. To date, Mr. Simon failed to appear on behalf of 6913 Valencia in this action or joined in any document purportedly filed by 6913 Valencia.

## MEMORANDUM OF LAW

It is well settled that corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents, cannot appear pro se, and must be represented by counsel. *See United States v. Approximately $3,275.20 seized from Bank of Am. Account No. XXXXXXXXXX*, No. 21-20614-CIV, 2023 WL 3600413, at *1 (S.D. Fla. Mar. 27, 2023) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir.1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.")); *see also Souffrant v. Denhil Oil, LLC*, No. 10--80246--CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr.16, 2010) ("The proposition that a corporation must be represented by an attorney also applies to limited liability companies."(citations omitted)). Consequently, when such entities are unrepresented in litigation and fail to retain counsel despite notice and an opportunity to do so, their claims or defenses may

be dismissed. *See, e.g., Palazzo*, 764 F.2d at 1386 (affirming dismissal of corporation's claims because it failed to retain counsel despite opportunity to do so).

      Here, Meehan purportedly filed the Fifth Removal Notice and both Meehan and Hazan purportedly filed the Pro Se Motion on behalf of 6913 Valencia. Because neither Meehan nor Hazan are not a licensed attorney and cannot represent an artificial entity in this or any other legal proceeding, Plaintiff requests that the Court strike the Fifth Removal Notice and Pro Se Motion and find both documents are legal nullities and void ab initio.[3] Plaintiff also requests sanctions against Meehan, Hazan, and 6913 Valencia.

      **WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion, strike the Fifth Removal Notice and Pro Se Motion, find that both the Fifth Removal Notice and Pro Se Motion are legal nullities and void ab initio with respect to 6913 Valencia, for sanctions, plus grant Plaintiff such other relief at the Court deems just and proper.

Dated: January 29, 2026                    Respectfully Submitted,

                                        **BARRY S. TURNER P.A.**
                                        *Counsel for Plaintiff*
                                        PO Box 330189
                                        Miami, Florida 33233-0189
                                        Phone: (305) 699-4392
                                        Email: bt@bstpa.com

                                        By:    /s/ *Barry S. Turner*
                                                  Barry S. Turner, Esq.
                                                  Fla. Bar No. 85535

---

[3] By separate motion, Plaintiff will seek remand of this action to the State Court. One basis for remand, among many, is the failure of all defendants to consent to the removal of the Original Proceeding. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001).

## STATEMENT AS TO GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I certify that the undersigned counsel for Plaintiff has conferred with the defendants. On January 26, 2026, undersigned counsel sent a copy of this motion to Mr. Simon, Meehan, and Hazan. On January 27, 2026, I spoke with Mr. Simon who informed me that he does not consent to the relief herein. Mr. Simon indicated that he remained counsel of record for 6913 Valencia in the Original Proceeding.

Neither Meehan nor Hazan timely responded to the January 26, 2026 email prior to the response deadline of January 29, 2026.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 29, 2026, I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties in the following manner:

Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**

Sean Meehan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**

6913 Valencia LLC
c/o Michael W. Simon, Esq.
THE SIMON LAW FIRM
3839 NW Boca Raton Blvd., Suite 100
Boca Raton, FL 33431
*State Court Counsel to 6913 Valencia LLC*
**Via US Mail**

By:  /s/ *Barry S. Turner*
Barry S. Turner, Esq.
Fla. Bar No. 85535

5