**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 1:25-cv-26159-LFL

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC.,
       Plaintiff,

vs.

ELIZABETH HAZAN, et al.,
       Defendants.

_____/

**PLAINTIFF'S MOTION TO REMAND CASE TO THE**
**STATE COURT, TO DEEM DEFENDANTS' VEXATIOUS**
**LITIGANTS, AND INCORPORATED MEMORANDUM OF LAW**

Valencia Estates Homeowners' Association, Inc. ("**Plaintiff**") hereby moves for an order remanding this litigation styled *Valencia Estates Homeowners' Association, Inc.,* plaintiff, *vs. Elizabeth Hazan, et al.*, Case No. 2022-005424-CA-01 ("**Original Proceeding**") to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("**State Court**"). Plaintiff also requests that the Court deem defendants Elizabeth Hazan ("**Hazan**") and Sean Meehan ("**Meehan**") "vexatious litigants" and placing certain limitations on their ability to initiate *pro se* future actions in any federal court. In support, Plaintiff states as follows:

**INTRODUCTION**

Defendants Hazan and Meehan have now filed their fifth baseless notice of removal, yet another transparent attempt to obstruct and delay the adjudication of the Original Proceeding. Federal jurisdiction does not exist here. That conclusion has already been reached repeatedly by this Court in identical removal actions. Judge Gayles previously held that Hazan and Meehan "cannot show jurisdiction is proper under any basis." *See* First Remand Order (as defined below). Judge Altman likewise determined that the Court lacks diversity jurisdiction, lacks federal question jurisdiction, and rejected as "frivolous" the assertion that jurisdiction exists as an original

1

proceeding. *See* Reconsideration Denial Order (as defined below). The Third Remand Order was entered after the defendants agreed to remand. The Fourth Removal Action was remanded after Hazan and Meehan failed to pay the required filing fee. Each of the four prior removal attempts was remanded, either by adjudication or by defendants' concession. The defendants never appealed or otherwise challenged the prior remand orders.

This fifth removal of the Original Proceeding is nothing more than an improper attempt to relitigate and collateral attack the four final remand rulings. Even setting aside its procedural impropriety, the Fifth Removal Notice fails on every jurisdictional ground.

- First, it is untimely as it was filed more than three and a half years after the commencement of the action.
- Second, it violates the rule of unanimity. Defendant 6913 Valencia, LLC ("**Valencia LLC**")[1] did not join or consent to removal, notwithstanding its inclusion in the notice. Its counsel in the Original Proceeding did not sign or otherwise manifest consent.
- Third, diversity jurisdiction is absent. Plaintiff is a Florida corporation. Hazan is a citizen of Florida and resides at the subject property in Miami-Dade County. Complete diversity is lacking on the face of the pleadings.
- Fourth, the Original Proceeding bears no relation to the referenced bankruptcy action. Plaintiff seeks to enforce post-bankruptcy assessment obligations—amounts that accrued after the bankruptcy and that Hazan expressly stipulated would remain enforceable.
- Fifth, there is no conceivable basis for removal under 28 U.S.C. § 1443(1). This is not a civil rights action. The claims arise exclusively under Florida law, and there has been no allegation—let alone proof—that defendants cannot vindicate any federally protected right in state court.

The timing of the Fifth Removal Notice (as defined below) underscores its improper purpose as it was filed mere hours before a coordinated, rescheduled summary judgment hearing. The pattern is unmistakable: each removal is deployed on the eve of a summary judgment hearing

---

[1] On February 12, 2026, the Court struck the Fifth Removal Notice and the Pro Se Motion for Extension of Time to Retain New Counsel and Extend the Deadlines to Respond to Doc N.9 (DE5A#11) to the extent they were purported to be filed by Valencia LLC.

to hinder and delay adjudication and impose delay. Hazan's and Meehan's conduct is not inadvertent. Instead, it is strategic, repetitive, and in bad faith.

Overall, Plaintiff has diligently prosecuted this matter since March 23, 2022. The defendants' serial removals have served only one function, to defer inevitable judgment on the merits and to frustrate enforcement of straightforward state-law obligations under the governing Declaration (as defined below), collect monies for unpaid assessments, and to foreclose the lien arising out of Hazan's failure to pay assessments due under the Declaration. The Court should remand this matter immediately. It should further exercise its inherent authority to curb abuse of the judicial process by declaring Hazan and Meehan vexatious litigants, imposing pre-filing limitations on any future federal removals or related actions affecting Plaintiff or the Property, and awarding Plaintiff its attorney's fees and costs. Enough is enough.

## BACKGROUND

### A. Parties

Plaintiff is a Florida corporation not-for-profit, operating pursuant to the provisions of Chapter 720, Florida Statutes. Plaintiff is responsible for managing the affairs of Valencia Estates, a residential community located on Fisher Island, Miami-Dade County, Florida. Plaintiff is responsible pursuant to the Declaration of Covenants and Restrictions ("**Declaration**"), recorded in the Public Records of Miami-Dade County, Florida, on February 6, 2003, at ORB 21004, Page 390, as amended from time to time.

Hazan is the owner of the property located at 6913 Valencia Drive, Fisher Island, FL 33109 ("**Subject Property**"). Hazan is subject to the Declaration as the owner of the Subject Property. Hazan is required to pay all assessments that are levied by Plaintiff against the Subject Property as they become due and payable under to Fla. Stat. § 720.3085, Article 6 of Plaintiff's Declaration,

and the Stipulation (as defined below). Meehan is Hazan's spouse or former spouse and, in multiple filings, has listed his address as the Subject Property. *See e.g.* Amended Notice of Removal (DE2A#10).[2] Valencia LLC is a Florida limited liability company that purportedly owns a second mortgage on the Subject Property. Valencia LLC's Manager and Authorized Representative is Hazan.

B. **Hazan's Bankruptcy Action**

On or about January 11, 2016, Hazan filed for Chapter 11 bankruptcy in the Southern District of Florida, Case No. 16-10389-AJC ("**Bankruptcy Action**").[3] In the Bankruptcy Action, Plaintiff and Hazan entered into a stipulation (the "**Stipulation**") regarding Plaintiff's proof of claim and the post-Bankruptcy Action assessments that were to become due. *See* **Composite Exhibit 1.** DEBKC#209 & 220. The Stipulation was approved by the Court on November 17, 2016. *See* **Exhibit 2.** DEBKC#302. Among the terms, the Stipulation provided that Hazan "shall continue to pay monthly and/or special assessments on an ongoing basis as required by the Declaration ('Ongoing Assessments'). Should the Ongoing Assessments not be paid, Valencia shall have all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same." *See* Exhibit 1. Hazan incorporated the Stipulation into the Fourth Amended Plan of Reorganization (DEBKC#563)[4] (the "**Plan**"). *See* **Exhibit 3.** The Plan was confirmed on June 12, 2018. *See* Order Confirming Plan of Reorganization (DEBKC#691) ("**Confirmation Order**"). *See* **Exhibit 4.**

C. **Assessments after Hazan's Bankruptcy Action, the Original Proceeding, and Hazan's and Meehan's Five (5) Successive Removals**

---

[2] "DE2A#" shall denote filings in the Second Removal Action (as defined below).
[3] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in the Bankruptcy Action pursuant to Fed. R. Civ. P. 201. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).
[4] "DEBKC#" shall denote filings in the Bankruptcy Action (as defined below).

Hazan defaulted on her post-Bankruptcy Action assessment obligations to Plaintiff, obligations she expressly agreed would remain enforceable. Plaintiff responded precisely as Florida law requires and as contemplated by the Stipulation, Plan, and Confirmation Order. Beginning on or about January 4, 2021, and in strict compliance with Fla. Stat. § 720.3085, Plaintiff issued the required statutory notices including the Notice of Intent to Record a Claim of Lien, the recorded the Claim of Lien in the public records of Miami-Dade County and served the Notice of Intent to Foreclose. Hazan and Plaintiff's counsel exchanged correspondence regarding these notices. The default was never cured.

Plaintiff thereafter filed its Complaint (Filing # 146288525) on March 23, 2022, asserting two straightforward Florida state-law claims: (i) foreclosure of lien and (ii) breach of the Declaration. The pleading is explicit that the assessments at issue accrued after the Bankruptcy Action, beginning in August 2019. Hazan, Meehan, and Valencia LLC were personally served on April 29, 2022. On July 10, 2023, Defendants, through counsel, Joel Aresty, Esq., filed their answer, affirmative defenses, and counterclaims. Thereafter, Hazan and Meehan actively litigated the case, both represented by counsel and as pro se litigants.

### a.  Remand of the First Removal Action

On December 18, 2023, Hazan and Meehan jointly filed their first Notice of Removal (DE1A#1)[5] ("**First Removal Notice**"), initiating Case No. 1:23-cv-24780 before Judge Darrin P. Gayles ("**First Removal Action**"). *See* **Exhibit 5**. In that filing, Hazan conceded she "is a resident of Miami-Dade County" and "a citizen of Florida," listing the Subject Property as her address; Meehan likewise listed the Subject Property. *Id.*

---

[5] "DE1A#" shall denote filings in the First Removal Action.

On March 5, 2024, Judge Gayles entered the Order (DE1A#30) (the "**First Remand Order**"), granting Plaintiff's motion to remand. *See* **Exhibit 6.** The court held that Defendants conceded that "Plaintiff is a Florida corporation", "Hazan is a citizen of Florida", and "[t]herefore, there is no complete diversity of citizenship and, thus, no diversity jurisdiction." *See* First Remand Order, p. 4 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 366 (1978)).  The Court further held the action was unrelated to the Bankruptcy Action and squarely governed by state law, and that any determination would not affect the closed bankruptcy case. *See* First Remand Order, p. 6.

### b.  Proceedings in State Court between the First Removal Action and Second Removal Action

Following the First Remand Order, the litigation proceeded in due course. Plaintiff served discovery and moved for summary judgment. Defendants filed amended pleadings, including purporting to act non-attorney counsel for Valencia LLC. The State Court entered sanctions against Hazan, Meehan, and Valencia LLC for discovery violations, precluding reliance on withheld materials. The parties also coordinated and reset hearings on all motions, including the pending summary judgment motion.

### c.  Remand of the Second Removal Action

On December 13, 2024, a hours prior to a coordinated summary judgment hearing, Meehan filed a second Notice of Removal (DE2A#1), initiating Case No.: 1:24-cv-24879-RKA[6] before Judge Altman ("**Second Removal Action**"), again invoking jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452" and initiated. *See* **Exhibit 7.** The Amended Notice of Removal (DE2A#10), wherein Meehan listed his address at the Subject Property.  *See*

---

[6] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in 1:24-cv-24879-RKA pursuant to Fed. R. Civ. P. 201. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).

**Exhibit 8**.

On February 6, 2025, Judge Altman entered the Order Remanding Case (DE2A#27) ("**Second Remand Order**"). *See* **Exhibit 9.** Thereafter, Meehan filed a response to Plaintiff's remand motion and a motion for reconsideration. After additional briefing for a motion for reconsideration, Judge Altman entered the Order (DE2A#36) ("**Reconsideration Denial Order**") again rejecting federal jurisdiction on March 12, 2025. *See* **Exhibit 10**. The Court held that Meehan offered "no argument, factual development, or citation to any legal authority at all", that unanimity between defendants was lacking, that no diversity jurisdiction existed, and that no federal question was presented. *See* Reconsideration Denial Order. As to the claim that somehow the Original Proceeding may be removed under Section 1443(1), the Court held that "Meehan doesn't come close to showing that there's a 'basis from which the federal court' can make a 'firm prediction' that the defendant will be 'denied or cannot enforce his civil rights in state court.'" *See* Reconsideration Denial Order, pg. 7. The Court further rejected as frivolous the invocation of 28 U.S.C. § 1334(b), holding that Section 1443(1) was inapplicable because the defendants failed to demonstrate any inability to vindicate civil rights in state court, and confirmed that the First Remand Order could not be revisited.

      **d.**  <u>**Proceedings in State Court after the Second Remand Order and the Third Removal Action**</u>

After remand, the parties again coordinated a new hearing date on all pending motions including for summary judgment. On March 19, 2025, hours before the agreed upon hearing, Hazan and Meehan filed their third Notice of Removal (DE3A#1)[7] ("**Third Removal Notice**")

---

[7] DE3A# shall denote filings in the Third Removal Action.

initiating Case No.: 1:25-cv-21283-MFE[8] ("**Third Removal Action**") before Judge Elfenbein. *See* **Exhibit 11**. Hazan again listed the Subject Property as her address. *See* Third Removal Notice. Meehan omitted his address in violation of Rule 11(a). *Id.*

Following Plaintiff's motion to remand and the defendants' attempted voluntary dismissal, Judge Elfenbein entered the Order Remanding Case (DE3A#16) ("**Third Remand Order**") on April 23, 2025, finding no federal jurisdiction and denying Plaintiff's vexatious-litigant request as moot. *See* **Exhibit 12**.

### e.   Proceedings in State Court after the Third Remand Order and the Fourth Removal Action

Once more, Plaintiff coordinated and reset the hearings to finally permit the State Court to hear the pending motions. And again, on the coordinated hearing date, Hazan and Meehan filed a fourth Notice of Removal (DE4A#1)[9] ("**Fourth Removal Notice**"), initiating Case No. 1:25-cv-23294 ("**Fourth Removal Action**") before Judge Elfenbein.[10] *See* **Exhibit 13**. The Fourth Removal Notice asserts the exact same purported jurisdictional grounds as the previously notices and, again, Meehan omitted his address in violation of Rule 11(a). As the defendants failed to pay the filing fee, the Court remanded on July 21, 2025, denying as moot Plaintiff's renewed vexatious-litigant motion.

### f.   Proceedings in State Court after the Fourth Removal Action and this Fifth Removal Action

---

[8] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in 1:25-cv-21283-MFE pursuant to Fed. R. Civ. P. 201. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).

[9] DE4A# shall denote filings in the Fourth Removal Action.

[10] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in 1:25-cv-23294-MFE pursuant to Fed. R. Civ. P. 201. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).

Once again after remand of the Fourth Removal Action, the parties coordinated and agreed to set all pending motions for hearing – first on October 21, 2025, then on December 1, 2025, and ultimately agreed upon December 31, 2025. *See* **Composite Exhibit 14**. During this interim period, neither Hazan nor Meehan took any other actions to defend themselves or otherwise comply with the various sanctions orders. And on December 31, 2025, again hours before the coordinated hearing, Meehan, joined by Hazan, filed fifth Notice of Removal (DE5A#1)[11] ("**Fifth Removal Notice**") invoking the same statutory provisions previously rejected ("**Fifth Removal Action**"). *See* DE#1 & 4.

On its face, the Fifth Removal Notice is indistinguishable from its four predecessors. It asserts no new jurisdictional theory, pleads no new facts, and cites no intervening authority. It is, in substance and effect, a verbatim reprise of arguments that have already been considered and rejected by this Court. This pattern is not incidental. It is systematic. Each removal is filed on the eve of dispositive proceedings. Each removal asserts jurisdictional theories already foreclosed. And each serves the same objective, to hinder, delay, and disrupt adjudication of a straightforward state-law foreclosure action.

## MEMORANDUM OF LAW

### A. <u>The Court Should Remand this Proceeding</u>

#### i. **Standard For Removal**

"Federal district courts are courts of limited jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000)); *Wood v. Raffensperger,* 981 F.3d 1307, 1310 (11th Cir. 2020). Federal courts must construe removal statutes strictly construed against removal. *See Sygenta Crop Protection Inc. v. Henson*, 537 U.S. 28, 32 (2002). "[R]emoval procedures are

---

[11] DE5A# shall denote filings in this Fifth Removal Action.

strictly construed against the party seeking removal." *Bank of N.Y. Mellon as Tr. to JPMorgan Chase Bank, N.A. v. Allen*, 19-CV-62182-MGC, 2020 WL 5164206, at *1 (S.D.Fla. Aug. 31, 2020); *see Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998) ("We construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party, in this case Plaintiff[]").

A district court's original jurisdiction is limited to one of three types: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." First Remand Order, pg. 2 (citing *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997))). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction," *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012), and bears the burden of demonstrating that removal is proper, *see Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). *See* First Removal Order, pg. 3.

### ii. This Action Is Barred as a Matter of Law by the First Remand Order, Second Remand Order, and Third Remand Order

Hazan and Meehan cannot in effect appeal the First Remand Order, Second Remand Order, or Third Remand Order. *See e.g.* Reconsideration Denial Order, pg. 9-10 (citing *Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 329–30 (11th Cir. 1992) ("[28 U.S.C. § 1447(d)] not only forecloses appellate review, but also bars reconsideration . . . by the district court of its own remand order." (cleaned up)). Once a certified copy of a remand order is sent to the state court clerk, the federal district court no longer has jurisdiction over the case. *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413 (9th Cir. 1988); *New Orleans Public Service, Inc. v. Majoue*; 802 F.2d 166 (5th Cir. 1986). A federal court cannot vacate or reconsider a remand

order after certification, even if it is erroneous. *See Bender v. Mazda Motor Corp.,* 657 F.3d 1200, 1203–04 (11th Cir.2011) (holding that "even if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case").   Further, a "defendant is generally precluded from seeking a second removal on the same ground… Because a second removal on the same grounds is, in essence, a request for review of a remand order by a district court, such removal "does not reinvest the court's jurisdiction."*Nutini v. State Farm Mut. Auto. Ins. Co.,* No. 08-81449-CIV, 2009 WL 33044, at *1 (S.D. Fla. Jan. 6, 2009) (citing, *inter alia, S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 492 (5th Cir. 1996); *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988)). Here, we are in a fifth removal petition based on the same grounds.

Here, Hazan and Meehan effectively ask the Court to reconsider the prior remand orders. *See* Reconsideration Denial Order, pg. 9-10 (citing *Harris v. Blue Cross/Blue Shield of Alabama*; *In re Terazosin Hydrochloride Antitrust Litig.*, 2001 WL 34050426, at *4 (S.D. Fla. Oct. 25, 2001); *In re Loudermilch*, 158 F.3d 1143 (11th Cir. 1998)). Judge Altman correctly observed that the defendants "obviously cannot" bypass this limitation. *See* Reconsideration Denial Order at. at 10.

The First Remand Order, Second Remand Order, and Third Remand Order stand. Hazan's and Meehan's repeated attempts to evade those orders are legally impermissible. For the fifth and final time, Plaintiff requests the Original Proceeding is remanded to the State Court to proceed to resolution without further interference.

### iii.   <u>The Fifth Removal Notice Is Untimely by Nearly Three (3) Years</u>

To the extent necessary, Plaintiff will re-address the basis for removal claimed by the Fifth Removal Notice. There can be no question that the Fifth Removal Notice is untimely under Section

1446, which requires a notice of removal to "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…" 28 U.S.C. § 1446(b)(1). A case may not be removed under subsection (b)(3) on the basis of diversity "more than 1 year after commencement of the action, unless the district court finds that Plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). *See BCC Apartments, Ltd. v. Browning*, 994 F.Supp. 1440, 1442 (S.D. Fla. 1997) (thirty-day time limit of § 1446(b) is "a strictly applied rule of procedure that may not be extended by the court" citing *Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D. Fla. 1993)).

Here, the Complaint was filed in the Original Proceeding on March 23, 2022. Hazan, Meehan, and Valencia LLC were validly served via personal service of process pursuant to Fla. Stat. § 48.031(1)(a) on April 29, 2022. Nonetheless, the undisputed record evidences that the Fifth Removal Notice was filed on December 31, 2025 – <u>1,379 days</u> after Plaintiff initially filed its Complaint, <u>1,342 days</u> after Plaintiff served all defendants, and <u>1,372 days</u> after defendants the removal deadline under Section 1446(b)(1).

### iv. <u>All Defendants Failed to Consent to the Fifth Removal Notice.</u>

Meehan, joined by Hazan, claims that the Fifth Removal Notice was joined by all defendants by listing Valencia LLC in the title, introductory paragraph, paragraph numbered 7, and the WHEREFORE clause of the Fifth Removal Notice. *See* Fifth Removal Notice. However, the Court has already stricken the Fifth Removal Notice to the extent it purports to be filed by Hazan and Meehan as non-attorney counsel for Valencia LLC. Accordingly, as Valencia LLC did not sign the Fifth Removal Notice, such failure alone is "sufficient for [the Court] to remand [the] case back to state court." See Reconsideration Denial Order, pg. 4 (citing *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001)).

**v.**     **Removal Is Improper Under 28 U.S.C. § 1332 As the Parties Are Not Diverse**

As held on three occasions, the parties are not diverse as required under 28 U.S.C. § 1332. Again, in the Fifth Removal Notice, Meehan, joined by Hazan, alleges that: (1) Valencia LLC's principals are Canadian, without identifying them; (2) Meehan is a resident of New York; and (3) Hazan is a Canadian citizen. Each of these claims fails on its face. Hazan and Meehan concede that Plaintiff is a "Florida Company, with its principal place of business in Fisher Island Florida."

A case is not removable based solely on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The First Remand Order found that "Hazan is a citizen of Florida." Meehan has similarly admitted in the Amended Notice of Removal (DE2A#10) that his address is the Subject Property.

Therefore, there is no complete diversity of citizenship and, thus, no diversity jurisdiction. First Remand Order, pg. 4 (citing *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 366 (1978) ("[I]t is . . . congressionally mandated that diversity jurisdiction is not available when ***any*** plaintiff is a citizen of the same State as ***any*** defendant . . ..") (emphasis in First Remand Order). Judge Altman further rejected Meehan's claim that he is a resident of New York is "'alone is not enough' to determine one's citizenship." Reconsideration Denial Order, pg. 6 (citing *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)).

Unequivocally, Hazan (i) is a Florida citizen; (ii) was served in Florida; (iii) claims the Subject Property as her homestead; (iv) appeared and filed multiple pleadings listing the Subject Property as her address; (v) filed the First Removal Notice listing the Subject Property; and (vi) joining with the Fifth Removal Notice listing the Subject Property. Likewise, Meehan (i) is a Florida citizen; (ii) was served in Florida; (iii) appeared and filed multiple pleadings listing the

Subject Property; (iv) filed the First Removal Notice listing the Subject Property as his address; and (v) filed the Amended Notice of Removal (DE2A#10) listing the Subject Property as his address. A "person is a citizen of the state where he is domiciled—that is, 'the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Tensley v. Sprint*, No. 8:23-CV-2878-WFJ-CPT, 2023 WL 8779721, at *2 (M.D. Fla. Dec. 19, 2023) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002)).

The defendants' attempt to manufacture diversity jurisdiction by listing that Hazan as a Canadian citizen and shifting Meehan's residence between the removal actions from Florida, to "born raised in New York and resides in New York", to "resident of New York" is offered in bad faith and is, frankly, false. *See e.g.* Answer, Affirmative Defenses, and Counterclaim; Answer, Amended Affirmative Defenses, and Amended Counterclaims; First Notice of Removal; Amended Notice of Removal (DESA#10); Fifth Removal Notice. Birthplace is irrelevant to citizenship under 28 U.S.C. § 1332. Accordingly, Plaintiff, Hazan, and Meehan are all citizens of Florida and diversity jurisdiction is absent.

Further, the citizenship of Valencia LLC is unclear. Valencia LLC is registered as a Florida limited liability company and neither the First Removal Notice, Notice of Removal (DE2A#1), Amended Notice of Removal (DE2A#10), Third Removal Notice, Fourth Removal Notice, or Fifth Removal Notice provides the citizenship of its members. But it is undisputed that Hazan is the manager of Valencia LLC. A limited liability company's citizenship is based upon its members. *See* Remand Order, pg. 5 (citations omitted). Meehan and Hazan fail to "'sufficiently allege the citizenships of [a limited liability company like Valencia LLC]'" but, again in the Fifth Removal Notice, alleges that Valencia LLC's 'principals are Canadian."

14

Without identifying the members' citizenship, Meehan and Hazan cannot satisfy their burden. *See* Remand Order, at 4–5 ("Defendants have not adequately alleged Valencia's citizenship by identifying the citizenship of all its members. A limited liability company's citizenship is based on the citizenship of its members—not its state of incorporation or principal place of business"); Reconsideration Denial Order, at 6.

### vi.  <u>The Original Proceeding Is Not Related to The Bankruptcy Action</u>

Once again, Meehan and Hazan falsely assert that the Original Proceeding is "related to" the Bankruptcy Action and provides removal jurisdiction under 11 U.S.C. § 1452. The Reconsideration Denial Order expressly rejected this contention as "frivolous." Reconsideration Denial Order, pg. 8. The Bankruptcy Action was closed years ago. *Id*. Judge Gayles observed that "[t]his action began in state court based on a typical breach of contract claim, which is squarely within the realm of state law." *Id*. Judge Altman agreed, noting that "even if this action is generally related to the Bankruptcy Action, any subsequent determinations in this action will not impact the closed Bankruptcy Action," and thus "they are unrelated for purposes of conferring jurisdiction." Reconsideration Denial Order, pg. 9.

The Eleventh Circuit employs the *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d. Cir. 1984) test to determine whether a case is "related to" a bankruptcy case. *In re United Container*, 284 B.R. 162, 168 (Bankr. S.D. Fla. 2002).[12] Under *Pacor*, a proceeding is "related to" bankruptcy if its outcome could conceivably affect the estate being administered. *In re Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th Cir. 1990). The test does not require the action to be against the debtor or the debtor's property; rather, it focuses on whether the proceeding could alter the debtor's rights,

---

[12]*United Container*, and the majority of cases interpreting 11 U.S.C. § 1452, deal with removal of actions during the pendency of a Chapter 11 case.

liabilities, options, or freedom of action in a way that impacts the administration of the estate. *Id*. The *Pacor* standard is broad, but not unlimited. Mere factual overlap between a civil proceeding and a bankruptcy case does not confer jurisdiction. *Pacor*, 743 F.2d at 994; *see also In re Kachkar*, 769 F. App'x 673, 679 (11th Cir. 2019) (quoting *Wortley v. Bakst*, 844 F.3d 1313, 1320 (11th Cir. 2017) ("[T]he question is whether the potential outcome of the dispute ... would conceivably have an effect on the bankruptcy estate."))

There is no dispute that the Original Proceeding will have no impact on the administration of the bankruptcy estate, the Bankruptcy Action, the Plan, or the Confirmation Order. The Stipulation (incorporated into the Plan and Confirmation Order) explicitly permits Plaintiff to enforce the Declaration for post-Bankruptcy Action assessments and requires Hazan to pay all post-petition, ongoing, or special assessments. Any failure to pay such assessments entitles Plaintiff to "all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same." *See* Stipulation; Plan; Confirmation Order. Again, the Original Proceeding seeks to collect and enforce the defendants' failure to pay post-Bankruptcy Action assessments due under the Declaration. There can be no argument, whatsoever, that *post*-Confirmation Order assessments relate to either the Plan or Confirmation Order.

Even absent the Stipulation, 11 U.S.C. § 523(a)(16) excepts from discharge all post-petition fees or assessments with respect to a debtor's interest in a lot in a homeowner's association. 11 U.S.C. § 523(a)(16). This bankruptcy code section independently authorizes Plaintiff to enforce post-Bankruptcy Action assessments. These assessments are post-petition obligations and are due and payable after the order for relief. Additionally, 11 U.S.C. § 1141(b) provides that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the

confirmation of a plan vests all the property of the estate in the debtor." 11 U.S.C. § 1141(b). Once a reorganization plan is confirmed, the debtor's estate, and the bankruptcy court's jurisdiction, ceases, except for matters necessary to implement or execute the plan or confirmation order. *See Hartley v. Wells Fargo Bank, N.A. (In re Talsma)*, 509 B.R. 535 (Bankr. N.D. Tex. 2014) (quoting *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001)).

Finally, even assuming arguendo that the Original Proceeding was "related to" the Bankruptcy Action under § 1452, remand is authorized on equitable grounds. 28 U.S.C. § 1452(b). The Original Proceeding has been pending in state court for almost four years and rests entirely on state law claims. Meehan and Hazan have actively participated in the Original Proceeding, filed counterclaims, and amended pleadings in state court. These circumstances constitute sufficient equitable grounds for remand.

### vii.   This Case Should Be Remanded for As This Matter Is Not a Civil Rights Case Under 28 U.S.C. § 1443(1)

Hazan and Meehan absurdly claim that the underlying litigation relating to a civil rights case subject to removal under 28 U.S.C. § 1443(1). To establish removal under Section 1443(1), a defendant must satisfy two requirements. "First, the defendant must show that the removal is predicated upon a federal law 'providing for specific civil rights stated in terms of racial equality.'" Reconsideration Denial Order, pg. 7 (citing *Alabama v. Thomason*, 687 F. App'x 874, 877 (11th Cir. 2017) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966))). "Second, the removing defendant must establish that he has been denied or is unable to enforce that civil right in the state court." Reconsideration Denial Order, pg. 7 (citing *Ibid.* (citing *Rachel*, 384 U.S. at 794))).

Not only has previously Meehan and Hazan previously abandoned their "civil rights" removal claim, but "the law is clear that '[t]he allegedly corrupt or otherwise improper motives of an individual state court judge'—precisely what Meehan complains about here—are 'insufficient

to support removal under § 1443(1).'" Reconsideration Denial Order, pg. 8 (citing *Alabama v. Conley*, 245 F.3d 1292, 1298 (11th Cir. 2001)); *see Alabama v. Conley*, 245 F.3d at 1297 ("[A]llegations of corruption or unfairness . . . during a particular court proceeding do not support removal under § 1443(1)[.]")).

The Fifth Removal Notice alleges only that the state court judge "espoused off-hand comments that tend to show a bias towards Hazan Meehan and denied Hazan's Motion to recuse the Judge." These allegations fall far short of the required showing that there is "a basis from which the federal court can make a firm prediction that the defendant will be denied or cannot enforce his civil rights in state court." Reconsideration Denial Order at 8 (citing *Thomason*, 687 F. App'x at 878 (quoting *Rachel*, 384 U.S. at 804)).

Hazan and Meehan fail to identify any specific constitutional right or federal law that they claim has been violated. Plaintiff's foreclosure action does not "conflict with or violate" any civil right of Hazan or Meehan. Broad assertions of bias or unfairness are insufficient to support removal. *ASO Holdings Inc v. Setenyi*, 738 F. App'x 688 (11th Cir. 2018) (quoting *Rachel*, 384 U.S. at 792). Accordingly, Hazan's and Meehan's allegations do not satisfy the requirements for removal under Section 1443(1).

**B.**   **Hazan and Meehan Are Vexatious Litigants and the Court should Place Limits on their ability to remove the Original Proceeding as Federal Courts Have the Inherent Authority to Issue Injunctions as a Form of Sanction**

To the extent necessary, Plaintiff incorporates by reference its Motion to Deem Defendants' Vexatious Litigant, Place Certain Limitations on Any Future Litigation They Initiate or Remove to this Court, Incorporated Memorandum of Law, And for Sanctions (DE5A#9). While restating the entirety of the motion, federal courts have the inherent power under the All Writs Act, 28 U.S.C. § 1651(a) empower to enjoin parties from frivolous litigation and enter pre-filing orders

against vexatious litigants. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Watkins v. Dubreuil*, 820 Fed. Appx. 940, 946 (11th Cir. 2020) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir 1986)). Particularly, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Strickland*, 792 F.2d. at 1074. Courts may severely restrict a litigant's filings, but it cannot completely foreclose a litigant from any access to the courts. *Id.; see also Cotner v. Hopkins,* 795 F.2d 900, 902-03 (10th Cir. 1986); *Carter v. United States,* 733 F.2d 735, 737 (10th Cir. 1984).

The Eleventh Circuit has repeatedly upheld injunctions entered by federal district courts barring vexatious pro se litigants from filing additional federal actions subject to certain conditions. *See e.g., Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993) (affirming the district court's dismissal of lawsuit based on injunction entered by Connecticut District Court barring plaintiff or anyone on his behalf from filing additional lawsuits). District courts possess inherent authority to protect themselves from abusive litigation practices, including those of pro se litigants. *See Thomas v. Christina*, No. 1:22-cv-20498-KMM, 2022 WL 1100851, at *3 (S.D. Fla. Apr. 13, 2022) (citations omitted); *Riccard v. Prudential Ins. Co*., 307 F.3d 1277, 1295 n.15 (11th Cir. 2002)). Courts have both the authority and the obligation to prevent a single litigant from commandeering judicial resources needed by others. "Indeed, [t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Christina*, 2022 WL 1100851, at *3. A litigant is considered vexatious when he or she has "repeatedly abused the judicial process through a series of actions brought in state and federal courts" and "attempted to relitigate these issues, which were decided adversely to [him]." *In re Farris*, 330 F. App'x 833, 835 (11th Cir. 2009). "The right of access to the courts 'is neither

absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)).

Such restrictions routinely include pre-filing injunctions requiring court approval before additional filings are accepted or that future filings be made only through licensed counsel. *See Graham v. ACI Worldwide Corp.*, No. 1:23-CV-24830-KMM, 2024 WL 3791712, at *5 (S.D. Fla. Jan. 25, 2024) (citing *Lustig v. Stone*, 2020 WL 3469719, at *22 (S.D. Fla. June 25, 2020)); *Klayman v. DeLuca*, 712 F. App'x 930, 933–34 (11th Cir. 2017). District courts retain "considerable discretion" in crafting appropriate remedies to curb vexatious litigation. *Procup*, 792 F.2d at 1074.

In determining whether to enter an injunction, courts consider whether the litigant has demonstrated a history of vexation, harassment, and needless burden on courts and parties. *In re Dicks*, 306 B.R. 700, 705-06 (Bankr. M.D. Fla. 2004). Courts have "considerable discretion" "in designing injunctions to limit vexatious litigation." *Klayman*, 712 Fed. Appx. at 934 (citations omitted). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Buhannic v. TradingScreen, Inc*., 2020 WL 4058949, at *7 (S.D.N.Y. Jul. 20, 2020).

Relevant factors include: (1) the litigant's history of vexatious or duplicative filings; (2) his good faith basis, if any; (3) whether he is represented by counsel; (4) the burden imposed on courts and opposing parties; and (5) whether lesser sanctions would suffice. *Lustig*, 2020 WL 3469719, at *10. Here, each factor weighs decisively in favor of an injunction.

*First*, Hazan and Meehan have filed five separate removals of the Original Proceeding. The defendants' notices are entirely duplicative and offer little or no jurisdictional basis. Each removal has been remanded, including by agreement of Hazan and Meehan. The filings recycle previously

rejected arguments and serve a single function: delay. This pattern reflects precisely the type of repetitive and abusive litigation conduct warranting restriction.

*Second*, there is no objective good faith expectation of prevailing. This Court has repeatedly rejected every basis for removal asserted in the Fifth Removal Notice. The parties are not diverse; removal was untimely; not all defendants consented; no federal question exists; the proceeding is unrelated to any bankruptcy action; and it does not implicate civil rights jurisdiction. Prior remand orders are not reviewable, yet the defendants continue to file materially identical notices. Persisting in arguments squarely foreclosed by prior rulings evidence vexation, not advocacy.

*Third*, none of the removals have been filed through counsel. Hazan and Meehan proceed pro se, both individually and on behalf of Valencia LLC. Notably, Valencia LLC's current state court counsel did not join or sign the Fifth Removal Notice. The absence of attorney participation underscores both the lack of legal basis and the need for restrictions.

*Fourth*, the burden on Plaintiff and the Court is substantial. Each notice of removal divests the state court of jurisdiction and halts adjudication of the Original Proceeding. Plaintiff has been forced to seek remand repeatedly on the same grounds, all while Hazan fails to comply with the Declaration. Hazan continues to withhold the post-Bankruptcy Action assessments, compounding the prejudice and increasing fees and costs. Judicial resources have been repeatedly consumed, addressing arguments already rejected.

*Fifth*, lesser sanctions are unlikely to suffice. The underlying disputes concern past and ongoing payment obligations dating back over five years. Monetary sanctions would likely prove ineffective and merely generate further collateral litigation, prolonging enforcement and compounding delay.

In sum, the defendants' serial, duplicative removals demonstrate a clear pattern of vexatious litigation designed to delay and burden. The Court has the authority to protect its jurisdiction and the orderly administration of justice. A narrowly tailored pre-filing injunction, whether requiring prior court approval or attorney certification, would be appropriate and consistent with Eleventh Circuit precedent.

C. **The Court Should Order Defendants Pay Plaintiff's Attorneys' Fees and Costs Pursuant To 28 U.S.C. § 1447(C)**

This is the fifth attempt by Hazan and Meehan to remove this action. Section 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). When a removing party lacks an "objectively reasonable basis for seeking removal", fees should be awarded. *Id.* at 141. Attorneys' fees are especially appropriate "where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the defendant with a minimum of research." *Hai Investments, LLC v. United Nat'l Ins. Co.*, No. 14-24180-CIV, 2015 WL 12778782, at *2 (S.D. Fla. Jan. 30, 2015). "[P]ro se filings do not serve as an 'impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988). Similarly, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-46 (1991) (court has discretion and "ability to fashion an appropriate sanction for conduct which abuses the judicial process…").

22

Hazan and Meehan clearly lacked an objectively reasonable basis for removing the Original Proceeding for a fifth time. The Reconsideration Denial Order was entered merely a week prior to the Fifth Removal Notice. The Court should find entitlement to an award of attorneys' fees and costs, and Plaintiff will thereafter submit evidence of same.

**CONCLUSION**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion, remand this action to the State Court for continuation of the Original Proceeding, find both Hazan and Meehan vexatious litigants and place limitations, enter an award of attorneys' fees and costs, plus grant Plaintiff such other relief at the Court deems just and proper.

Dated: February 13, 2026                    Respectfully Submitted,

**BARRY S. TURNER P.A.**
*Counsel for Plaintiff*
PO Box 330189
Miami, Florida 33233-0189
Phone: (305) 699-4392
Email: bt@bstpa.com

By:    /s/ *Barry S. Turner*
          Barry S. Turner, Esq.
          Fla. Bar No. 85535

**REQUEST FOR ORAL ARGUMENT**

Pursuant to S.D. Local Rule 7.1(b)(2) and considering the nature of the relief, the four prior removal actions, the two prior vexation litigant motions, and that Plaintiff has been unable to proceed with litigation based upon Hazan's and Meehan's repeated unlawful actions, Plaintiff requests in person oral arguments and/or an evidentiary hearing.

## STATEMENT AS TO GOOD FAITH CONFERENCE

As this motion is in effect a request to dismiss, Local Rule 7.1(a)(3) does not require that counsel meet and confer before filing. Nonetheless, pursuant to Local Rule 7.1(a)(3), I certify that the undersigned counsel for Plaintiff has conferred via email with Hazan, Meehan, Michael W. Simon, Esq., state court counsel to Valencia LLC. None of the defendants responded to the conference.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 13, 2026, I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties:

Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
***Via US Mail***

Sean Meehan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
***Via US Mail***

6913 Valencia LLC
c/o Aubrey George Rudd, Esq.
100 Edgewater Dr Apt 312
Coral Gables, FL 33133-6939
*State Court Counsel to 6913 Valencia LLC*
***Via US Mail***

By:_____ /s/ *Barry S. Turner*
          Barry S. Turner, Esq.
          Fla. Bar No. 85535