UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-26159-LFL

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,
    Plaintiff,

vs.

ELIZABETH HAZAN, et al.,
    Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DEEM DEFENDANTS' VEXATIOUS LITIGANT, PLACE CERTAIN LIMITATIONS ON ANY FUTURE LITIGATION THEY INITIATE OR REMOVE TO THIS COURT, INCORPORATED MEMORANDUM OF LAW, AND FOR SANCTIONS**

Plaintiff, Valencia Estates Homeowners' Association, Inc. ("**Plaintiff**" or the "**Association**"), submits this reply in support of its Motion to Deem Defendants' Vexatious Litigant, Place Certain Limitations on Any Future Litigation They Initiate or Remove to this Court, Incorporated Memorandum of Law, And for Sanctions (DE5A#9) ("**Motion**"). The defendants have repeatedly abused this Court's removal jurisdiction by filing serial, objectively deficient notices of removal. Plaintiff requests that the Court grant the Motion in full and allow the State Court[1] to proceed with adjudicating the Original Proceeding.

### I.     Hazan and Meehan Mischaracterize the Relief Requested

1.     Hazan and Meehan repeatedly describe the Motion as seeking a "lifetime pre-filing injunction," "permanent litigation disability," and elimination of statutory rights. That rhetoric is inaccurate and demonstrates that neither Hazan nor Meehan take responsibility for their systematic delay of the Original Proceeding. Plaintiff does not seek to bar Defendants from accessing federal

---

[1] Capitalized terms not defined herein shall have the meaning prescribed in the Motion.

1

courts, but instead seeks narrowly tailored restrictions preventing serial, duplicative removals of the same long-pending Original Proceeding after multiple remands for lack of jurisdiction. The relief requested by the Motion is precisely the type authorized by the Eleventh Circuit when a litigant engages in repetitive, abusive filings designed to delay adjudication. *See e.g. Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir 1986); *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). This Court has the authority to impose pre-filing screening requirements and other tailored restrictions to prevent the defendants' abusive litigation practices while preserving meaningful access to the courts. That is exactly what Plaintiff seeks.

2.      Instead of focusing on their repetitive, identical notices of removal, Hazan and Meehan rely upon the irrelevant allegation that the four prior removal actions did not result in sanctions or a specific finding of bad faith. Such relief is not a defense to the Motion or this frivolous Fifth Removal Action. Defendant's Opposition to Plaintiff's Motion to Deem Defendants' Vexatious Litigant, Place Certain Limitations on Any Future Litigation They Initiate or Remove to this Court, Incorporated Memorandum of Law, And for Sanctions (DE5A#16) ("**Opposition**") instead fails to rebut the facts or law presented in the Motion - that Hazan and Meehan employ notices of removal as a tool to hinder and delay adjudication of the Original Proceeding and that Eleventh Circuit case law provides this Court with the tools to prevent such prejudice. Within the Opposition, the defendants have offered no explanation for their serial removals. They fail to justify why five separate removal actions on the exact same grounds were necessary, why this Court would now possess federal jurisdiction, what facts or circumstances purportedly changed across those five attempts (or, at minimum, between the Fourth Removal Action and Fifth Removal Action) to create federal jurisdiction, why they initiated the Fourth and Fifth Removal Actions after expressly agreeing to remand within the Third Removal Action that

federal jurisdiction was lacking, and why they still cannot articulate a clear, coherent basis for removal.

## II.     Repetitive, Duplicative, and Deficient Removal Constitute Abusive Litigation

3.      Hazan and Meehan argue without citation that because prior removals were remanded without findings of "bad faith," no vexatious conduct or declaration can be demonstrated. The defendants' argument misstates the law and ignores the Court's "both the inherent power and the constitutional obligation to protect their jurisdiction from conduct" like that presented here. *Watkins v. Dubreuil*, 820 Fed. Appx. 940, 946 (11th Cir. 2020) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir 1986)).

4.      The standard is not whether a prior order used the words "bad faith." The question is whether a litigant has engaged in a pattern of repetitive, meritless filings that burden the courts and opposing parties. Serial removal of the same state court action after remand, particularly where jurisdictional defects have already been identified, constitutes precisely the type of conduct courts have found abusive. *See e.g. NGA Inv., LLC v. Beronilla*, No. 5:14-CV-02457 HRL, 2014 WL 3421919 (N.D. Cal. July 14, 2014), *report and recommendation adopted*, No. 14-CV-02457-BLF, 2014 WL 3867781 (N.D. Cal. Aug. 4, 2014) (the court found that defendants are vexatious litigants after multiple removals and issued a pre-filing order precluding the clerk from accepting new filings unless district court judge enters order approving); *Schneider v. Roberts*, No. CV 14-1668-UA, 2014 WL 1891416, (C.D. Cal. May 9, 2014) (four cases requesting removal and two bankruptcy petitions deemed sufficient to find the party's filings duplicative, frivolous and harassing); *Huggins v. Hynes*, No. SACV 02-810-DOC, Doc. 35 (five actions sufficient to deem party a vexatious litigant), *affirmed*, No. 03-55446, 117 Fed.Appx. 517 (9th Cir. 2004); *Breckenridge Prop. Fund 2016, LLC v. Eriks*, No. C18-1189JLR, 2018 WL 4772085, at *6 (W.D.

Wash. Oct. 3, 2018); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1055-56 (N.D. Cal. 2012) (eight actions sufficient).

5. The undisputed record reflects five removals by the defendants of the Original Proceeding. While Hazan and Meehan attempt to relitigate federal jurisdictional issues, the law is clear that the defendants cannot appeal or reconsider prior remand orders. *Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 329–30 (11th Cir. 1992) ("[28 U.S.C. § 1447(d)] not only forecloses appellate review, but also bars reconsideration . . . by the district court of its own remand order." (cleaned up)). Repackaging previously rejected jurisdictional arguments and re-removing the same case is not mere "jurisdictional error." It is an attempt to delay and obstruct the orderly progress of the Original Proceeding.

### III.   The Court Has Authority Under Its Inherent Powers and the All Writs Act

6. Defendants argue this Court cannot "prospectively void removal rights." That again mischaracterizes the requested relief and fails to address the case law employing the Court's inherent authority and the All Writs Act in similar scenarios. Courts routinely impose pre-filing screening requirements in situations involving repetitive removals. Such orders do not amend federal statutes. They regulate abusive litigation conduct.

7. The Eleventh Circuit has repeatedly upheld injunctions entered by federal district courts barring vexatious *pro se* litigants from filing additional federal actions subject to certain conditions. *See e.g., Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993); *Thomas v. Christina*, No. 1:22-cv-20498-KMM, 2022 WL 1100851, at *3 (S.D. Fla. Apr. 13, 2022) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986).

8. Plaintiff seeks an order to protect the jurisdiction of this Court, prevent duplicative litigation, and preserve judicial resources. Plaintiff does not seek to eliminate the defendants'

removal rights. The relief sought in the Motion does seek that Hazan or Meehan obtain counsel to sign and file any future removal actions and, if the defendants fail to comply with such requirements, the removal is a nullity, and the Court may impose additional sanctions.

9. Further, it is unclear what lesser sanction would be adequate to handle the defendants' vexatious tactics. The contention that Plaintiff "skipped" a lesser sanction such as Rule 11 of the Federal Rules of Civil Procedure or § 1447(c) fees ignores the reality. Each of the four pervious removal actions and remand orders required judicial intervention rejecting the defendants' duplicative removal theories. Yet despite four previous remands, Hazan and Meehan persisted with this Fifth Removal Action. Plaintiff is aware of no law or opinion that requires repeated remands that clearly fail to deter repetitious filings. The Court and Plaintiff are not required to engage in an endless cycle of removal, remand, re-removal, remand.

10. *Procup* makes clear that a "district court has the jurisdiction to protect itself against the abuses that litigants." *Procup v. Strickland*, 792 F.2d at 1073. Unlike the requirements for a traditional injunction, a movant under the All Writs Act "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004). "[D]ue process generally requires notice and an opportunity to be heard before a court *sua sponte* enjoins a party from filing further papers in support of a frivolous claim." *Smith v. United States*, 386 F. App'x 853, 856 (11th Cir. 2010).

11. Hazan and Meehan merely recycle arguments this Court has already rejected in prior remand orders. Plaintiff does not seek to bar the defendants from accessing the Court altogether, but rather to implement safeguards that will prevent the inevitable sixth removal attempt should the Motion be denied.

12. Overall, Plaintiff seeks relief narrowly tailored to prevent further improper removals, whether through a requirement that any future notice of removal be signed by a Florida licensed attorney or through the entry of a pre-filing screening order by a judge of the Southern District of Florida before any subsequent removal could take effect. The undisputed facts demonstrate that sanctions are warranted under the All Writs Act to prevent continued removals. *See Thomas v. Christina*, 2022 WL 1100851, at *4 (put vexatious litigant on restricted filer list, enjoining vexatious litigant from filing any future documents or removal any case without first requesting and obtaining leave); *see also Rodriguez Cruz v. Cash*, No. 23-22888-CIV, 2023 WL 5015587, at *2 (S.D. Fla. Aug. 7, 2023) (court directed clerk to put vexatious litigant on "**restricted-filer list**" and barred him from filing lawsuits unless he tendered filing fee, was represented by counsel, or granted leave to proceed by judge in the district) (emphasis in original); *Emrit v. Univ. of Miami Sch. of L.*, No. 23-21205-CIV, 2023 WL 2910903, at *2 (S.D. Fla. Mar. 29, 2023), *appeal dismissed*, No. 23-11113-D, 2023 WL 4348060 (11th Cir. June 5, 2023) (court directed clerk to put vexatious litigant on restricted-filer list and barred him from filing lawsuits unless he appears through Florida barred attorney).

### IV.     Conclusion

13. The record makes clear that Hazan and Meehan are proceeding in bad faith, vexatiously, wantonly, and for an improper purpose. This Fifth Removal Action, just like the four before it, is meritless and serves only to abuse the Court's jurisdiction to delay and obstruct the Original Proceeding. Additionally, Plaintiff requests the Court enter an order that it is entitled to recover its attorney's fees and costs.

Dated: February 23, 2026                    Respectfully Submitted,

**BARRY S. TURNER P.A.**
*Counsel for Plaintiff*

          PO Box 330189
          Miami, Florida 33233-0189
          Phone: (305) 699-4392
          Email: bt@bstpa.com

By: /s/ *Barry S. Turner*
    Barry S. Turner, Esq.
    Fla. Bar No. 85535

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 23, 2026, I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties:

Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**

Sean Meehan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**

6913 Valencia LLC
c/o Michael W. Simon, Esq.
THE SIMON LAW FIRM
3839 NW Boca Raton Blvd., Suite 100
Boca Raton, FL 33431
*State Court Counsel to 6913 Valencia LLC*
**Via US Mail**

By: /s/ *Barry S. Turner*
    Barry S. Turner, Esq.
    Fla. Bar No. 85535