


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

Plaintiff,
v.                                                                 Case No.: 1:25-cv-26159-LF
ELIZABETH HAZAN,
et al,
Defendant.
_____/

## LIZA HAZAN A/K/A ELIZABETH HAZAN NOTICE OF APPEAL

Notice is hereby given that Please take notice that Defendant, Liza Hazan a/k/a Elizabeth Hazan ("Hazan") and Sean Meehan ("Meehan") (collectively called "Defendant"), *Pro Se*, in the above named case hereby appeal to the United States Court of Appeals for the Eleventh Circuit from the Order on Defendants' 16 Motion for Leave to File Opposition Out of Time and STRIKING Emergency Designation, and DENYING Defendants' 17 Motion to Strike Plaintiff's Motion to Deem Defendants Vexatious Litigants [Doc.19] (the "Order') entered in this action on the 16th day of February 2026 and recorded on the docket on the 16th day of February 2026. PAPERLESS ORDER GRANTING Defendants' 16 Motion for Leave to File Opposition Out of Time and STRIKING Emergency Designation, and DENYING Defendants' 17 Motion to Strike Plaintiff's Motion to Deem Defendants Vexatious Litigants. Defendants in their Motion for Leave to File Opposition out of time assert that the delay in their filing an opposition to Plaintiff's motion is attributable to the Court having denied their opposed motion for extension of time, and attach their proposed opposition (ECF No. 16 at 11). In light of the seriousness of Plaintiff's pending motion to deem Defendants vexatious litigants, the Court will accept Defendants' opposition out of time. However, Defendants are cautioned that "[a] motion for extension of time is not self-executing.... Yet, by filing these motions on or near the last day, and then sitting idle 'pending the Court's disposition of the motion,' parties essentially grant

their own motion. The Court will not condone this." *Compere v. Nusret Miami, LLC*, No. 19-cv-20277, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020) (internal citations omitted). Plaintiff may file a Reply in support of its Motion within seven days.

Defendants contemporaneously filed a Motion to Strike Plaintiff's Motion. (ECF No. 17). A preliminary review of the Motion to Strike demonstrates that it is identical in all respects to Defendants' proposed opposition, except that the Motion 17 replaces the word "denied" with the word "stricken" and includes a wherefore clause requesting that the Court grant the motion. The Motion cites to no rules or caselaw nor asserts any argument that is unique to their requested relief of striking Plaintiff's motion.

Finally, Defendants are admonished that Southern District of Florida Local Rule 7.1(d)(1) requires any motion designated as an "emergency motion" to include in detail the nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date; the movant must also certify that the motion in fact presents a true emergency. A "true emergency" "requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days." S.D. Fla. L.R. 7.1(d)(1). In this district, the unwarranted designation of a motion as an emergency motion may result in sanctions. *See* S.D. Fla. L.R. 7.1(d)(1).

Defendants' 16 Emergency Motion does not include a certification as required by the local rules, and the body of the Motion does not indicate that a true emergency exists. Therefore, the designation of Defendants' 16 Motion as an emergency motion is STRICKEN. Future violations will result in issuance of sanctions. Signed by Magistrate Judge Lauren Fleischer Louis on 2/16/2026.

In appealing from this Order, Elizabeth Hazan, a/k/a Liza Hazan, and Sean Neil Meehan appeal from all orders and decisions antecedent and ancillary thereto, including all interlocutory judgments, decrees, rulings, reports, recommendations and opinions that merged into and became part of the Order, that shaped the Order, that are related to the Order, and upon which the Order is based.

Respectfully submitted,

Sean Neil Meehan

/s/ Sean Neil Meehan

Tel: (305) 487-3580

Email: seannmeehan@gmail.com

Liza Hazan a/k/a Elizabeth Hazan

/s/ Liza Hazan

Liza Hazan a/k/a Elizabeth Hazan

6913 Valencia Drive

Miami Florida 33109

Email: lizahazan77@gmail.com

Liza Hazan a/k/a Elizabeth Hazan Pro Se Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2026 I filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Barry S. Turner, Esq., on behalf of Plaintiff bt@bstpa.com

Respectfully submitted,

Sean Neil Meehan

/s/ Sean Neil Meehan

Tel: (305) 487-3580

Email: seannmeehan@gmail.com

Liza Hazan a/k/a Elizabeth Hazan

/s/ _Liza Hazan_

Liza Hazan a/k/a Elizabeth Hazan

6913 Valencia Drive

Miami Florida 33109

Email: lizahazan77@gmail.com

Liza Hazan a/k/a Elizabeth Hazan Pro Se Defendant

**SERVICE LIST**

Notice will be electronically mailed to:
Barry S. Turner, Esq., on behalf of Plaintiff bt@bstpa.com