

FILED BY_____D.C.

FEB 27 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC.,**                     Case No. **1:25-cv-26159-LFL**
Plaintiff,
v.
**ELIZABETH HAZAN, et al.,**
Defendants.
_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND, TO DEEM DEFENDANTS "VEXATIOUS LITIGANTS," AND FOR FEES/ SANCTIONS AND COSTS AND MEMORANDUM OF LAW

Defendants Sean Neil Meehan and 6913 Valencia, LLC (and Defendant Elizabeth Hazan to the extent she has joined [ECF No. 1] (collectively, "Defendants"), appearing pro se, respectfully submit this Response in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion to Deem Defendants Vexatious Litigants and for sanctions/fees [ECF No. 9]. Plaintiff seeks extraordinary relief—remand plus a pre-filing injunction and fee-shifting—based largely on rhetoric and prior procedural history rather than the controlling standards. The Motion should be denied, or at minimum narrowed substantially as set forth in the Alternative Request below.

In support, Defendants respectfully state as follows:

### I. INTRODUCTION

Plaintiff seeks three extraordinary remedies: (1) remand; (2) an order branding Defendants as "vexatious litigants" and restricting future filings; and (3) fee shifting under **28 U.S.C. § 1447(c)**. Even assuming arguendo the Court concludes remand is appropriate, **Plaintiff has not met the demanding standards** for either a **prefiling injunction** or an **award of fees**.

Plaintiff's request to restrict Defendants' future access to federal courts is not supported by the record, is not narrowly tailored, and would operate as an improper prospective restraint—

particularly where Defendants have attempted to invoke federal jurisdiction based on perceived federal and bankruptcy-related issues. Plaintiff's fee request likewise fails because § 1447(c) fees are not automatic; they require a showing that removal lacked an **objectively reasonable basis**. Defendants acted in good faith and raised colorable jurisdictional issues; the Motion's effort to punish pro se litigants for seeking a federal forum should be rejected.

## II. PRELIMINARY STATEMENT

On December 31, 2025, Defendant Meehan, proceeding pro se, filed the operative Notice of Removal (DE #1) on behalf of himself and 6913 Valencia, LLC, invoking 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1452, and also invoking § 1443(1) on the grounds stated therein. (DE #1.)

1. DE #1 expressly alleges:

Plaintiff is a Florida entity with its principal place of business in Florida (DE #1 ¶ 7);

6913 Valencia, LLC's principals are Canadian (DE #1 ¶ 8);

Meehan is a resident of New York (DE #1 ¶ 9);

Hazan is a Canadian citizen (DE #1 ¶ 10);

and the amount in controversy exceeds $75,000 (DE #1 ¶ 11).

2. DE #1 also asserts this matter is "related to" a bankruptcy proceeding involving the same property and pending matters before Judge Paul Hyman, invoking § 1452 and § 1334(b). (DE #1 ¶¶ 1, 12–13.)

3. Plaintiff's Motion seeks: (a) remand; (b) vexatious-litigant designation; (c) a broad pre-filing injunction; and (d) fees under 28 U.S.C. § 1447(c).

## III. RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed the underlying state foreclosure/HOA action in March 2022.

1. Defendants have previously removed and the case was remanded.

2. In this removal, Plaintiff argues the notice is untimely, lacks unanimity, lacks federal jurisdiction, and is abusive.

Defendants dispute Plaintiff's characterization of Defendants' intent and deny that the removals were filed to "delay" rather than to secure adjudication of federal issues Defendants believed could not be fairly addressed in state court.

## IV. LEGAL STANDARDS

### A. Remand / Jurisdiction

Removal statutes are construed narrowly, and the removing party bears the burden of establishing subject-matter jurisdiction. The removing party bears the burden to show jurisdiction. But remand is not a vehicle for imposing sweeping litigation disabilities. See, e.g., **28 U.S.C. §§ 1331, 1332, 1441, 1446. § 1447(c) fees:** "Absent unusual circumstances," fees may be awarded **only** when the removing party **lacked an objectively reasonable basis** for removal; when an objectively reasonable basis exists, **fees should be denied**.

### B. Prefiling Injunction / "Vexatious Litigant" A PREFILING INJUNCTION IS AN EXTRAORDINARY REMEDY THAT MUST BE NARROWLY TAILORED UNDER ELEVENTH CIRCUIT LAW

The Court has authority to restrict abusive litigation, but restrictions must be narrowly tailored and must not effectively bar access to the courts. Overbroad filing bans have been vacated in the Eleventh Circuit.

Federal courts may impose filing restrictions under limited circumstances, but such relief is **extraordinary** and must be **narrowly tailored** and entered only after **notice and an opportunity to be heard**, with specific findings showing abusive conduct and the inadequacy of lesser measures. See **Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (en banc); Riccard v. Prudential Ins. Co., 307 F.3d 1277 (11th Cir. 2002).**

The Eleventh Circuit has repeatedly held that federal courts possess authority to restrict abusive litigation, but that authority is **strictly limited** and must be exercised with caution.

In **Procup v. Strickland, 792 F.2d 1069, 1072–74 (11th Cir. 1986) (en banc)**, the Court held that while courts may impose restrictions on abusive litigants, they **may not completely foreclose access to the courts**, and any injunction must be carefully tailored to address specific conduct.

The Eleventh Circuit reaffirmed this principle in **Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 (11th Cir. 2002)**, explaining that filing restrictions are permissible only where necessary to protect judicial resources and must be supported by specific findings demonstrating abusive conduct.

Likewise, in **Miller v. Donald, 541 F.3d 1091, 1096–97 (11th Cir. 2008)**, the court vacated overly broad filing restrictions, emphasizing:

"The right of access to the courts is neither absolute nor unconditional, but restrictions must not impermissibly burden a litigant's right to seek redress."

Here, Plaintiff seeks an injunction far broader than permitted under Procup and Miller — including orders declaring future removals "void," requiring attorney signatures, and prohibiting filings affecting a state case. Such sweeping relief exceeds the narrow tailoring required by Eleventh Circuit precedent.

## C. PRO SE LITIGANTS ARE ENTITLED TO LIBERAL CONSTRUCTION AND SHOULD NOT BE SANCTIONED FOR NON-FRIVOLOUS LEGAL ERRORS

The Eleventh Circuit consistently instructs courts to construe pro se filings liberally.

See **Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)** (pro se pleadings are held to less stringent standards).

4

Additionally, courts recognize that mistaken jurisdictional arguments by pro se litigants do not automatically constitute sanctionable conduct. See:

**Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988)** (pro se status does not immunize misconduct but also does not justify sanctions absent abuse).

Defendants' Notice of Removal (DE #1) articulated multiple statutory bases — diversity, bankruptcy "related to," and §1443 civil-rights removal. Even if the Court ultimately rejects those arguments, they are not so baseless as to justify branding Defendants vexatious litigants.

## D. UNSUCCESSFUL OR REPEATED FILINGS DO NOT, BY THEMSELVES, JUSTIFY VEXATIOUS-LITIGANT STATUS

The Eleventh Circuit has made clear that **losing arguments — even repeatedly — does not equal bad faith.**

In **Cofield v. Alabama Public Service Comm'n, 936 F.2d 512, 517 (11th Cir. 1991)**, the court held that restrictions may not be imposed merely because a litigant files multiple actions or advances unsuccessful legal theories.

Similarly, **Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993)** explains that injunctions are appropriate only where litigation demonstrates harassment or abuse, not merely persistence.

Plaintiff's motion relies primarily on the number of removals filed. But the Eleventh Circuit requires proof of **harassment, bad faith, or obstruction,** not simply procedural disagreement over jurisdiction.

No court has entered findings that Defendants acted in subjective bad faith or imposed Rule 11 sanctions. The absence of such findings weighs strongly against the extraordinary relief requested.

### E. Fees Under 28 U.S.C. § 1447(c). ATTORNEY'S FEES UNDER §1447(c) REQUIRE A LACK OF OBJECTIVE REASONABLENESS — WHICH IS ABSENT HERE

The governing standard is set by the Supreme Court and applied repeatedly by the Eleventh Circuit:

Fees may be awarded only where the removing party lacked an objectively reasonable basis for removal.

**Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).**

The Eleventh Circuit applies this rule strictly. In **Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329–30 (11th Cir. 2006),** the court reversed a fee award because removal, though unsuccessful, was objectively reasonable.

Likewise, in **Legg v. Wyeth, 428 F.3d 1317, 1320 (11th Cir. 2005),** the court emphasized that close jurisdictional questions defeat fee awards.

Here, DE #1 asserted multiple jurisdictional theories supported by factual allegations concerning citizenship, bankruptcy-related proceedings, and constitutional concerns. At minimum, those arguments establish an objectively reasonable basis for removal, foreclosing fees under §1447(c).

### F. THE ALL WRITS ACT DOES NOT AUTHORIZE BROAD INJUNCTIONS CONTROLLING STATE-COURT LITIGATION

Plaintiff seeks orders effectively preventing Defendants from filing actions affecting the state foreclosure proceeding.

However, federal courts must exercise restraint where requested relief interferes with state proceedings. The Eleventh Circuit has emphasized that injunctions must be tied to protecting federal jurisdiction — not controlling parallel state litigation.

See **Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1100 (11th Cir. 2004)** (All Writs Act

authority exists only to protect existing jurisdiction and cannot be used expansively).

Plaintiff's requested injunction exceeds that authority.

## G. EVEN IF RESTRICTIONS WERE WARRANTED, ELEVENTH CIRCUIT LAW REQUIRES LESS RESTRICTIVE ALTERNATIVES

Under Procup and Miller, courts must consider whether **less drastic sanctions** would suffice

before imposing filing bans.

See **Procup, 792 F.2d at 1074** (courts must explore alternatives rather than impose sweeping

prohibitions).

Plaintiff proposes the most severe remedy available without demonstrating why narrower case-

management measures would be inadequate.

Fees may be awarded upon remand only where the removing party lacked an **objectively**

**reasonable basis** for removal. **Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).** The

purpose is deterrence of unreasonable removals—not punishment for losing a jurisdictional

dispute.

## H. "TIMELINESS" (28 U.S.C. § 1446)

Plaintiff argues DE #1 is untimely because the state action began in 2022. That contention

oversimplifies the statute and ignores that removability can be triggered later by "an amended

pleading, motion, order or other paper." See § 1446(b)(3).

1. Later "other paper" trigger. Where removability becomes apparent later, the 30-day clock

    runs from receipt of the "other paper" making removability ascertainable. Plaintiff's own

    filings and orders in 2024–2025 (including trial/summary-judgment settings and related

    property/bankruptcy developments referenced in DE #1) can qualify as "other paper" for §

7

1446(b)(3) purposes—particularly where the jurisdictional theory asserted is not limited to the original pleading.

2. Bankruptcy-related removal is governed by different timing principles. To the extent removal is predicated on bankruptcy "related to" jurisdiction under § 1334(b) and removal under § 1452, Plaintiff incorrectly treats the case as a pure § 1441 diversity removal governed solely by § 1446(b)(1)/(c)(1). Where the asserted basis is bankruptcy-related removal, the governing framework includes bankruptcy-removal timing concepts (and equitable remand) rather than a rigid one-year diversity bar applied as an automatic sanction regardless of later events.

3. At minimum, timeliness disputes defeat sanctions/fees. Even if the Court ultimately disagrees on timeliness, a non-frivolous dispute over which trigger applies is a classic reason to deny § 1447(c) fees (see Section III.F below).

## I. "UNANIMITY" (Rule of Unanimity)

Plaintiff argues removal fails because not all defendants consented. The unanimity rule is not as absolute as Plaintiff presents, and it turns on posture and proper parties.

1. Unanimity applies to § 1441 removals; it is not a per se bar to § 1452 bankruptcy removals. Courts recognize § 1452 bankruptcy removals are distinct from the ordinary civil unanimity requirement (and, in any event, § 1452 allows removal by "a party" to the claim/proceeding). Plaintiff's Motion assumes unanimity is jurisdictional across all asserted bases; it is not.

2. Real party and nominal/dispensable defendant issues. DE #1 states Meehan "has no legal interest in the subject property" and is sued "out of pure harassment" (DE #1 ¶ 6). To the

extent the state court caption includes parties who are nominal/dispensable as to the claims being removed, the unanimity analysis changes.

3. Any unanimity defect is procedural and waivable; it is not grounds for punitive relief. Even where unanimity is required, it is generally treated as a procedural defect—not a basis for the extraordinary injunction Plaintiff seeks.

## J. "DIVERSITY" (28 U.S.C. § 1332)

Plaintiff asserts complete diversity is "absent on the face of the pleadings." DE #1 alleges otherwise (and Plaintiff's Motion largely litigates credibility rather than the required jurisdictional analysis).

1. DE #1 pleads diversity facts sufficient to invoke jurisdiction. DE #1 alleges Meehan is a New York resident, Hazan is a Canadian citizen, and the LLC's principals are Canadian. (DE #1 ¶¶ 8–10.) The amount in controversy is alleged to exceed $75,000. (DE #1 ¶ 11.) On a removal record, these allegations are sufficient to invoke diversity jurisdiction subject to factual development if challenged.

2. "Resident" vs. "citizen" is not an automatic defeat. Plaintiff leans heavily on the idea that "residence" alone is not "citizenship." That is correct as a general proposition; however, courts routinely allow jurisdictional allegations to be clarified by sworn declaration or evidence when challenged, rather than converting every imprecision into sanctionable conduct.

3. At minimum, the diversity dispute makes fees inappropriate. Even if Plaintiff ultimately prevails on diversity, the existence of colorable diversity allegations defeats a claim that removal was "objectively unreasonable" for § 1447(c) fee purposes.

## K. "BANKRUPTCY 'RELATED TO' " (28 U.S.C. § 1334(b); 28 U.S.C. § 1452)

Plaintiff asserts there is no conceivable relationship to bankruptcy because it characterizes the case as purely post-bankruptcy HOA assessments. DE #1 alleges there is "currently pending litigation involving the same property" and a bankruptcy case before Judge Hyman, and that venue transfer to bankruptcy court may be sought. (DE #1 ¶ 1; ¶¶ 12–13.) On this record:

1. The test is "conceivable effect," and it is broad. "Related to" jurisdiction under § 1334(b) is not limited to claims directly against the estate; it extends to proceedings whose outcome could conceivably affect rights and obligations connected to bankruptcy orders or property administration. Plaintiff asks the Court to decide the merits of that nexus at the remand stage while ignoring DE #1's allegations about ongoing bankruptcy-court proceedings involving the same property.

2. Equitable remand is not the same as no jurisdiction. Even if the Court were to find abstention or equitable remand appropriate, that does not retroactively convert removal into sanctionable misconduct—especially where the removing party identifies a facially plausible bankruptcy nexus and seeks to have the bankruptcy court evaluate venue/relatedness.

## L. "§ 1443(1) CIVIL RIGHTS" REMOVAL

Plaintiff argues § 1443 is "absurd" and automatically frivolous. That is not the standard. The Court evaluates the statutory elements and whether the removing party made a non-frivolous attempt to invoke them.

1. DE #1 invokes constitutional deprivation and inability to obtain a fair forum based on alleged bias and post-removal state-court activity. (DE #1 ¶¶ 3–5.) Plaintiff dismisses these allegations as categorically insufficient, but the proper analysis is whether the asserted

basis is so baseless as to justify fees and a pre-filing injunction. Disagreement with the merits of § 1443 is not enough for sanctions.

2. Even if the Court rejects § 1443, rejection ≠ sanction. The Supreme Court's and Eleventh Circuit's framework for § 1447(c) focuses on objective reasonableness at the time of removal, not hindsight.

## M. "§ 1447(c) FEES" (Objective Reasonableness)

Plaintiff seeks attorney's fees and costs under § 1447(c). That request should be denied.

1. Fees are not presumed. The Supreme Court's test is objective reasonableness; fees should be denied when there is an objectively reasonable basis for removal.

2. This removal had at least colorable grounds. DE #1 asserts multiple bases: diversity, bankruptcy "related to," and § 1443. Even if the Court ultimately rejects those grounds, a multi-theory removal supported by articulated allegations is not the same thing as a removal "lacking an objectively reasonable basis."

3. Courts routinely deny fees even while remanding. District courts within Florida deny § 1447(c) fees where the defendant presented an objectively reasonable basis for removal even though remand is granted.

## N. "VEXATIOUS LITIGANT / PRE-FILING INJUNCTION" (All Writs Act / Inherent Power)

Plaintiff's requested injunction is far broader than what Eleventh Circuit law permits.

1. Pre-filing injunctions must be narrowly tailored and cannot effectively bar access. The Eleventh Circuit has vacated or criticized filing restrictions that are "too restrictive" or that effectively bar new suits.

2. Plaintiff seeks an overbroad, content-based filing ban. Plaintiff asks for an order declaring any future attempt to "remove, contest, dispute, challenge, appeal, or prevent" the state

case to be void unless signed by counsel, and further asks to bar Defendants from filing "any document" that would "stop or impede" the state case. That is not "narrow tailoring"—it is a sweeping restraint on access and petitioning activity.

3. The proper remedy is case-specific management, not a roving injunction. If Plaintiff believes a future filing is improper, the federal rules already provide remedies (summary remand, orders to show cause, Rule 11 where applicable, and case-specific restrictions after due process). A blanket injunction is not justified on this record.

## I. ALTERNATIVE REQUEST (IF ANY RESTRICTIONS ARE IMPOSED)

If the Court is inclined to impose any filing restriction, Defendants respectfully request the Court adopt a narrow, time-limited, due-process-compliant order consistent with Eleventh Circuit guidance:

1. Scope limitation: Any restriction should apply only to removals of Miami-Dade Case No. 2022-005424-CA-01 (the single state case at issue), and only to filings in this District directly attempting to remove that same case again.

2. Time limitation: Any restriction should expire automatically after a defined period (e.g., 12–18 months) unless renewed after a noticed hearing with findings.

3. Leave-to-file procedure (due process):

    o Defendants may submit a proposed notice of removal or related filing with a short motion for leave (5 pages) explaining new facts/law;

    o The Clerk should docket the motion for leave;

    o Plaintiff may respond within 14 days;

- o The Court issues a short order granting or denying leave. This preserves access while screening duplicative removals and is less restrictive than an attorney-signature requirement.

4. No attorney-only requirement: A rule requiring an attorney signature as a prerequisite is effectively a wealth-based bar for pro se parties and risks becoming the kind of "too restrictive" injunction disapproved in Eleventh Circuit precedent.

5. No fee-shifting presumption: Any order should state expressly that it does not create a presumption of § 1447(c) fees; fees require the separate "objectively unreasonable" finding.

## VI. ABSENCE OF PRIOR SANCTIONS OR BAD-FAITH FINDINGS DEFEATS PLAINTIFF'S REQUEST FOR VEXATIOUS-LITIGANT STATUS

Plaintiff seeks the extraordinary remedy of declaring Defendants vexatious litigants and imposing prospective filing restrictions. However, Plaintiff cannot identify — and the record does not contain — **any prior order from any federal court finding that Defendants acted in bad faith, engaged in sanctionable conduct, or violated Rule 11 or any court order.** This omission is legally significant.

### A. Eleventh Circuit Law Requires Specific Findings of Abuse or Bad Faith

The Eleventh Circuit requires courts to make **specific, substantive findings** demonstrating abusive litigation conduct before imposing filing restrictions.

In **Procup v. Strickland, 792 F.2d 1069, 1073–74 (11th Cir. 1986) (en banc)**, the Court held that restrictions may be imposed only where a litigant's conduct shows a demonstrated pattern of abuse that threatens the court's ability to function.

13

Likewise, in **Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 (11th Cir. 2002)**, the court emphasized that pre-filing injunctions must rest on documented findings showing harassment or bad-faith litigation behavior — not merely repeated filings.

Here, Plaintiff relies almost entirely on the number of removals filed. But **frequency alone is insufficient** under Eleventh Circuit precedent.

## B. No Court Has Previously Imposed Sanctions Against Defendants

Critically:

- No federal judge has entered Rule 11 sanctions against Defendants;
- No court has found Defendants acted "vexatiously," "wantonly," or in subjective bad faith;
- No monetary sanctions have been imposed for abusive litigation conduct.

The absence of such findings weighs heavily against imposing the severe remedy Plaintiff requests.

Courts within this Circuit routinely deny vexatious-litigant relief where prior filings were unsuccessful but not sanctioned. See **Miller v. Donald, 541 F.3d 1091, 1097 (11th Cir. 2008)** (vacating overly restrictive filing injunction where record did not justify severe limitations).

## C. Prior Remands Do Not Establish Bad Faith

Plaintiff attempts to convert prior remand orders into proof of misconduct. That argument conflicts with controlling law.

The Eleventh Circuit recognizes that adverse rulings — including repeated dismissals or remands — do not establish bad faith absent additional evidence of harassment or intentional abuse.

14

See **Cofield v. Alabama Public Service Comm'n, 936 F.2d 512, 517 (11th Cir. 1991)** (litigation history alone insufficient without evidence of abuse).

Defendants' removals involved jurisdictional arguments concerning diversity, bankruptcy jurisdiction, and civil-rights removal statutes. Disagreement with those legal theories does not transform them into sanctionable conduct.

## D. The Lack of Prior Sanctions Demonstrates Lesser Measures Are Adequate

Before imposing a pre-filing injunction, courts must consider whether lesser remedies would suffice.

**Procup**, 792 F.2d at 1074.

Here, the absence of any prior sanctions demonstrates that existing procedural safeguards — including prompt remand — have already addressed Plaintiff's concerns without impairing Defendants' constitutional right of court access.

Defendants respectfully submit that if prior courts that presided over earlier removals did not find bad faith or impose sanctions, the extraordinary relief requested here would be inconsistent with the caution required by Procup and its progeny.

Accordingly, Plaintiff cannot satisfy the high threshold required for a vexatious-litigant designation.

## VII. CONCLUSION

**WHEREFORE**, For the foregoing reasons, Defendants respectfully request that the Court **DENY** Plaintiff's Motion to Remand to the extent it seeks sanctions/fees and **DENY** Plaintiff's Motion to Deem Defendants Vexatious Litigants and for a pre-filing injunction. In the alternative, if the Court imposes any restriction, Defendants request the Court adopt only the **narrow, time-limited, leave-to-file procedure** described above.

15

Dated: 2/27, 2026

Respectfully submitted,

By:

**Elizabeth Hazan** (pro se)

6913 Valencia Drive

Miami Florida

33109

Email: lizahazan77@gmail.com

Tel: (212) 920-6605

By:


**Sean Meehan** (pro se)

(305) 487-3580

Email: seannmeehan@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 2|27, 2026, I served a true and correct copy of the

foregoing on all counsel/parties of record via CM/ECF and/or U.S. Mail.

Elizabeth Hazan (pro se)

By:

**Elizabeth Hazan** (pro se)

6913 Valencia Drive

Miami Florida

33109

Email: lizahazan77@gmail.com

Tel: (212) 920-6605

By: _____

**Sean Meehan** (pro se)

(305) 487-3580

Email: seannmeehan@gmail.com

**SERVICE LIST**

Barry Turner, Attorney for plaintiff, bt@bstpa.com