UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-26159-LFL

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC.,
    Plaintiff,
vs.

ELIZABETH HAZAN, et al.,
    Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND CASE
TO THE STATE COURT, TO DEEM DEFENDANTS' VEXATIOUS
LITIGANTS, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Valencia Estates Homeowners' Association, Inc. ("**Plaintiff**" or the "**Association**"), submits this reply in support of its Motion to Remand Case to the State Court, To Deem Defendants' Vexatious Litigants, and Incorporated Memorandum of Law (DE5A#18) ("**Motion**"). The defendants have repeatedly abused this Court's removal jurisdiction by filing serial, objectively deficient notices of removal. Plaintiff requests that the Court grant the Motion in full, remand and allow the State Court[1] to proceed with adjudicating the Original Proceeding and enter an injuncting placing limitations on the defendants' future removals.

**A.    INTRODUCTION**

The defendants' response in opposition to the Motion ("**Opposition**") confirms precisely why remand and filing restrictions are warranted. Hazan and Meehan ignore the four previous orders of remand, that no federal jurisdiction exists, and that this removal action is the defendants' fifth attempt on identical grounds to remove the case to this Court. The Opposition fails to cite any new or additional facts or law different from the other four removal actions demonstrating federal jurisdiction in this Fifth Removal Action.

---

[1] Capitalized terms not defined herein shall have the meaning prescribed in the Motion.

1

Instead of supporting their fifth removal, Hazan and Meehan instead request leniency as *pro se* filers. But Hazan and Meehan are experienced litigants, both with Plaintiff as well as with third parties and use removal actions as a tool of delay. To Plaintiff's knowledge and in addition to the five removals sought in the Original Proceeding, Hazan and Meehan have filed the following removal actions relating to pending foreclosure or mortgage adjacent issues:

(i) On February 26, 2024, Hazan and Meehan removed litigation styled *David W. Langley and David W. Langley P.A. v. Elizabeth Hazan a/k/a Liza Hazan and Sean Meehan*, Case No.: 1:24-cv-20736-CMA[2] to this Court, which was summarily remanded on February 29, 2024.

(ii) On February 21, 2025, Hazan and Meehan removed litigation styled *JP Morgan Chase N.A. v. Elizabeth Hazan et. al.*, Case No.: 1:25-cv-20815-BB[3] to this Court, which was summarily remanded on February 25, 2025.

(iii) On March 12, 2025, Hazan and Meehan again removed litigation on the eve of trial, styled *David W. Langley and David W. Langley P.A. v. Elizabeth Hazan a/k/a Liza Hazan and Sean Meehan*, Case No.: 1:25-cv-21172-EIS,[4] to this Court that was summarily remanded on April 24, 2025. Hazan and Meehan appealed the April 24, 2025 remand order but voluntarily dismissed the appeal. Hazan and Meehan subsequently appealed other orders to the Eleventh Circuit Court of Appeals.

(iv) On January 5, 2026, Hazan removed litigation styled *Fisher Island Community Association, Inc. v. Elizabeth Hazan*, Case No.: 1:26-cv-20060-LFL[5] to this Court. This action remains pending as of this reply.

Plaintiff seeks to remand the Original Proceeding for the last time and end these serial, legally defective removals filed to delay this long-pending state foreclosure action. The Opposition

---

[2] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:24-cv-20736-CMA pursuant to Fed. R. Civ. P. 201.

[3] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:25-cv-20815-BB pursuant to Fed. R. Civ. P. 201.

[4] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:25-cv-21172-EIS pursuant to Fed. R. Civ. P. 201.

[5] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:26-cv-20060-LFL pursuant to Fed. R. Civ. P. 201.

does not cure the fatal, obvious defects that no federal jurisdiction exists in the Original Proceeding. Instead, the defendants repeat arguments that have already been rejected and attempts to reframe serial removals as good-faith jurisdictional advocacy. Furthermore, the defendants effectively concede repeated removal attempts are foreseeable absent the entry of an injunction. This admission underscores the necessity of Court intervention.

### B.     REMAND IS MANDATORY

Hazan and Meehan's fifth attempt to remove this action is procedurally barred, untimely, and substantively defective. As multiple courts have already held, no federal jurisdiction exists and the previous remand orders issued are not subject to appellate review or reconsideration once certified to the state court. *See Harris v. Blue Cross/Blue Shield of Alabama, Inc.,* 951 F.2d 325, 329–30 (11th Cir. 1992). This Fifth Removal Action, based on the same grounds previously rejected, does not reinvest the district court with jurisdiction and is not an opportunity for the defendants to relitigate this Court's jurisdiction. Hazan and Meehan look to relitigate issues conclusively resolved by the First Remand Order, the Second Remand Order, the Reconsideration Denial Order, and the Third Remand Order. In addition to being barred by settled jurisdictional principles, the Fifth Removal Notice is untimely by nearly three years under 28 U.S.C. § 1446. It also lacks unanimous consent of all properly served defendants, fails to establish diversity jurisdiction under 28 U.S.C. § 1332, improperly invokes inapplicable bankruptcy "related to" jurisdiction, and makes frivolous assertions of civil rights removal under 28 U.S.C. § 1443(1). Overall, remand is not only warranted but required. The federal court in *Carter v. United States* held:

> The requirement of establishing jurisdiction is no different for *pro-se* litigants. While *pro-se* litigants are generally allowed some leniency in the formalities of their pleadings, they are not immune from laws and rules of procedure simply on the basis of their *pro-se* status. Every plaintiff including *pro-se* filers must satisfy

3

> the court's exacting jurisdictional requirements. The leniency generally afforded to *pro-se* litigants in the formalities of their pleadings does not relieve them of the burden of establishing jurisdictional requirements in *pro-se* cases.

62 Fed. Cl. 365, 368 (Fed. Cl. 2004) (citations omitted); *see also Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011) (while a *pro se* party has a less stringent standard, it "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action."). A "pro se litigant is still 'subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.'" *Aguila v. RQM+ LLC*, No. 23-24702-CIV, 2024 WL 3337666, at *2 (S.D. Fla. July 8, 2024) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989)).

The Opposition yet again raises arguments previously rejected. The defendants attempt to allege that "Meehan is a New York resident, Hazan is a Canadian citizen, and the LLC's principals are Canadian." Opp'n, p. 2 & 9. But such arguments have been previously raised and rejected. *See* First Remand Order, p. 5 ("Defendant merely alleges that Valencia is owned by an unnamed Canadian entity; that is not enough."); Reconsideration Denial Order, p. 6 ("We plainly lack diversity jurisdiction over this case because Meehan hasn't properly alleged either his own or 6913 Valencia's citizenship. Meehan says that he's "a resident of New York," Am Notice of Removal ¶ 9, but "[r]esidence alone is not enough" to determine one's citizenship, *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Moreover, to "sufficiently allege the citizenships of [a limited liability company like 6913 Valencia], a party must list the citizenships of all the members[.]" *Ibid.* Meehan only tells us that 6913 Valencia's "*principals* are Canadian," Am. Notice of Removal ¶ 8 (emphasis added), but he tells us nothing about "the citizenship of each of [its] *members*," *Incitatus Real Estate, LLC v. Lancelot Miami River, LLC*, 2024 WL 4106441, at *3 (S.D. Fla. Feb. 6, 2024) (cleaned up & emphasis added)."). The defendants unequivocally

4

admitted three dispositive facts: that "Plaintiff is a Florida corporation", that "Hazan is a citizen of Florida", and that "[t]herefore, there is no complete diversity of citizenship and, thus, no diversity jurisdiction." *See* First Remand Order, p. 4 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 366 (1978)).

Further, the Bankruptcy Action relied on by defendants is unrelated to the Original Proceeding. Again**,** the defendants fail to identify the litigation allegedly pending before Judge Hyman, explain how such litigation relates to the Original Proceeding, or justify their failure they failed to challenge this position in the previous removal actions. *See* First Removal Order ("[B]ecause the Bankruptcy Action has been closed since July of 2023, Plaintiff contends that this action cannot possibly affect the Bankruptcy Action. As Defendants have not challenged these assertions, the Court accepts them as true… [and] the Court finds that this action is unrelated to the Bankruptcy Action. This action began in state court based on a typical breach of contract claim, which is squarely within the realm of state law. And even if this action is generally related to the Bankruptcy Action, any subsequent determinations in this action will not impact the closed Bankruptcy Action. (cleaned up & citations omitted)); Reconsideration Denial Order, p. 9 (explaining this "case cannot be related to the bankruptcy case before Judge Hyman because that bankruptcy concluded (and was closed) years ago" (citing First Remand Order).

The Opposition generally states that there is a "constitutional deprivation and inability to obtain a fair forum based on alleged bias and post-removal state-court activity." Opp'n, p. 10. But Hazan and Meehan again fail to meet the two elements of *Alabama v. Thomason*, 687 F. App'x 874, 877 (11th Cir. 2017) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (setting out two-part test).[6] The defendants previously abandoned this assertion and now fail to accomplish

---

[6] As cited by the Reconsideration Denial Order:

anything except delay with unidentified contentions. Neither the Fifth Removal Notice nor the Opposition explains Meehan's or Hazan's race, how the State Court has impacted their civil rights in terms of racial equality, or that either of the defendants have been denied or is unable to enforce any such civil right(s) in the State Court. And as this Court previously adjudicated, "the law is clear that '[t]he allegedly corrupt or otherwise improper motives of an individual state court judge'—precisely what Meehan complains about here—are 'insufficient to support removal under § 1443(1).'" Reconsideration Denial Order, pg. 8 (citing *Alabama v. Conley*, 245 F.3d 1292, 1298 (11th Cir. 2001)).

Last, and unaddressed by the Opposition, Valencia LLC failed to join this Fifth Removal Action. The Court struck the Fifth Removal Notice to the extent it was purportedly filed by Valencia LLC and, again, such failure alone is "sufficient for [the Court] to remand [the] case back to state court." *See* Reconsideration Denial Order, pg. 4 (citing *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001)). Importantly, Valencia LLC is represented by counsel in the Original Proceeding, but that counsel refuses to appear in this action or otherwise litigate it.

### C.   HAZAN AND MEEHAN ARE EXPERIENCED, VEXATIOUS LITIGANTS

To the extent necessary, Plaintiff incorporates by reference its *Reply in Support of Motion to Deem Defendants' Vexatious Litigant, Place Certain Limitations on Any Future Litigation They Initiate or Remove to this Court, Incorporated Memorandum of Law, and for Sanctions* (DE5A#20). Nevertheless, the law is clear that "[t]he right of access to the courts 'is neither

---

"First, the defendant must show that the removal is predicated upon a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Alabama v. Thomason*, 687 F. App'x 874, 877 (11th Cir. 2017) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, the removing defendant must establish that he has been denied or is unable to enforce that civil right in the state court." *Ibid.* (citing *Rachel*, 384 U.S. at 794)).

Reconsideration Denial Order, p. 7.

6

absolute nor unconditional." *Miller v. Donald*, 541 F. 3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)). And this Court should exercise its inherent authority and "protect itself against abuses by *pro se* litigants." *See Thomas v. Christina*, No. 22-CV-20498, 2022 WL 1100851, at *3 (S.D. Fla. Apr. 13, 2022) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986)); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002)). Hazan and Meehan have "encroach[ed] on the judicial machinery needed by others." *Id*. "A vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation." *Riccard*, 307 F.3d at 1298 (citing *Filipas v. Lemons*, 835 F.3d 1145, 1146 (6th Cir. 1987)). The Fifth Removal Notice, like the four before it, is intended merely to delay, abuse official processes with baseless filings, and prevent adjudication of the Original Proceeding.

Plaintiff does not seek to foreclose the defendants' access to this Court. Rather, Plaintiff respectfully requests narrowly tailored safeguards to prevent what would otherwise be an inevitable sixth removal attempt if the Court declines to designate Hazan and Meehan as vexatious litigants. The record is unequivocally clear: the defendants invoke removal solely to obstruct and delay adjudication of the Original Proceeding. The lack of prior sanctions is not evidence that the defendants are not vexatious; it reflects only that Hazan and Meehan have disregarded prior court orders holding that no federal jurisdiction exists. it reflects only that Hazan and Meehan have disregarded prior court orders holding that federal jurisdiction exists.

The proposed pre-filing injunction is measured and appropriate. It would forestall further improper removals, either by requiring that any future notice of removal be signed by a licensed Florida attorney or by directing that any subsequent removal be subject to pre-filing review and screening by a judge of the Southern District of Florida before taking effect. The defendants'

proposed "alternative" leave-to-file mechanism underscores the necessity of relief. In proposing this alternative, they acknowledge their intent to continue filing serial notices of removal here and in other unrelated proceedings.

Hazan and Meehan have conceded, indeed, previously stipulated, that no basis for federal jurisdiction exists under 28 U.S.C. §§ 1331, 1332, 1334, 1441, 1446, or 1452. Still, they refuse to permit the Original Proceeding to move forward before the State Court, irrespective of the four prior remand orders squarely holding that federal jurisdiction is absent. Instead, they persist in engaging in deliberate, repetitive, and bad-faith tactics. This Fifth Removal Action is the most recent demonstration. Despite four clear remand directives, they filed this action on the eve of a state court hearing addressing all pending motions in an effort to derail the orderly and timely resolution of the Original Proceeding.

### D.   CONCLUSION

The record leaves no room for dispute: this action must be remanded, and Hazan and Meehan's conduct is undertaken in bad faith, vexatiously, wantonly, and for an improper purpose. This Fifth Removal Action, like the four that preceded it, is patently meritless and represents a calculated abuse of this Court's jurisdiction, deployed solely to delay and obstruct the orderly adjudication of the Original Proceeding. Plaintiff further respectfully requests that the Court enter an order confirming its entitlement to recover the attorneys' fees and costs incurred as a result of this improper removal.

Dated: March 4, 2026                    Respectfully Submitted,

                **BARRY S. TURNER P.A.**
                *Counsel for Plaintiff*
                PO Box 330189
                Miami, Florida 33233-0189
                Phone: (305) 699-4392
                Email: bt@bstpa.com

          By:    /s/ *Barry S. Turner*
             Barry S. Turner, Esq.
             Fla. Bar No. 85535

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 4, 2026, I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties:

Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**

Sean Meehan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**

6913 Valencia LLC
c/o Michael W. Simon, Esq.
THE SIMON LAW FIRM
3839 NW Boca Raton Blvd., Suite 100
Boca Raton, FL 33431
*State Court Counsel to 6913 Valencia LLC*
**Via US Mail**

          By:    /s/ *Barry S. Turner*
             Barry S. Turner, Esq.
             Fla. Bar No. 85535