**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-26159-LFL

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC.,

        Plaintiff,

v.

ELIZABETH HAZAN, *et al.*,

        Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Plaintiff Valencia Estates Homeowners' Association,

Inc.'s ("Plaintiff") Motion to Remand Case to the State Court[1] ("Motion" or "Motion to Remand").

(ECF No. 18). This matter was assigned to the undersigned United States Magistrate Judge pursuant

to Administrative Order 2025-11. Defendants filed a Response to the Motion, (ECF No. 24), to which

Plaintiff filed a Reply, (ECF No. 25). Having reviewed the Parties' filings and the record as a whole,

and for the reasons stated in this Order, Plaintiff's Motion to Remand, (ECF No. 18), is **GRANTED**.

## I.    BACKGROUND

### A.    The State Court Action

Plaintiff initiated this action in 2022 by filing a complaint in state court for foreclosure of a

lien and breach of a declaration due to Defendants' alleged failure to pay monthly and/or special

assessments for a property located at 6913 Valencia Drive, Fisher Island, FL 33109. (ECF No. 1 at

---

[1] The instant Motion also asks that the Court deem Defendants Elizabeth Hazan and Sean Meehan vexatious litigants. (ECF No. 18 at 18–22). Plaintiff filed a separate motion, (ECF No. 9), seeking the same vexatious litigant designation. This Order addresses only the request to remand and the attorney's fee portions of the instant Motion, (ECF No. 18). The request for vexatious litigant designation will be addressed in a separate Order.

146–56). The instant dispute challenges the propriety of the removal of the action to this Court by Defendants Elizabeth Hazan ("Hazan"), Sean Meehan ("Meehan"), and purportedly, 6913 Valencia, LLC ("6913 Valencia").[2]

This is the fifth case opened in this Court on a notice of removal of the state court action by Defendants Hazan and/or Meehan. The first was filed on December 18, 2023. *See Valencia Ests. Homeowners' Ass'n, Inc. v. Hazan, et al.*, No. 23-cv-24780. It was remanded on a finding that the Court lacks subject matter jurisdiction over this case. (No. 23-cv-24780, ECF No. 30). The second case was similarly remanded. *Valencia Ests. Homeowners' Ass'n, Inc. v. Hazan, et al.*, No. 24-cv-24879, ECF No. 27).[3] Defendants' third attempt resulted in a remand, which they did not oppose. *Valencia Ests. Homeowners' Ass'n, Inc. v. Hazan, et al.*, No. 25-cv-21283 (ECF No. 16). Their fourth attempt was remanded by order, for failure to pay the filing fee. *Valencia Ests. Homeowners' Ass'n, Inc. v. Hazan, et al.*, No. 25-cv-23294 (ECF No. 11).

**B.      The Instant Notice of Removal**

On December 31, 2025, Meehan[4] removed this action, for the fifth time, to this Court. The case was assigned to the undersigned pursuant to Administrative Order 2025-11. The Notice of Removal asserted, among other things, that removal was proper because there was complete diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1). Specifically, the Notice of Removal claimed that complete diversity of citizenship exists because Plaintiff is a Florida company, 6913 Valencia's

---

[2] The Complaint also named John Doe and Jane Doe (unknown tenants or occupants of the property) as defendants. (ECF No. 1 at 146).

[3] Meehan moved for reconsideration. (No. 24-cv-24879, ECF No. 31). Judge Altman denied the motion for reconsideration but nonetheless discussed additional grounds for remanding the case. (No. 24-cv-24879, ECF No. 36).

[4] The Notice of Removal indicated that the action was being removed by Meehan and 6913 Valencia. (ECF No. 1 at 1). However, only Meehan signed the Notice of Removal. (*Id.* at 4). 6913 Valencia's members/managers have not been identified and Meehan, who is proceeding *pro se*, cannot act on its behalf. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("[A]n artificial entity [ ] can act only through agents, cannot appear *pro se*, and must be represented by counsel."). Thus, Meehan could not have properly removed this action on behalf of 6913 Valencia.

principals are Canadian, Meehan is a resident of New York, and Hazan is a Canadian citizen. (*Id*. at 3). According to the Notice of Removal, the Court also had jurisdiction based on a related bankruptcy action and under 28 U.S.C. § 1443(1) because the case involves a deprivation of constitutional rights. (*Id*.).

Plaintiff moves to remand. Plaintiff argues that the (fifth) Notice of Removal is improper for the following reasons: (1) the Notice of Removal is untimely; (2) Defendants violate the rule of unanimity; (3) Defendant Hazan is in fact a citizen of Florida and thus complete diversity of citizenship does not exist; (4) this case is unrelated to the bankruptcy action; and (5) the action does not implicate civil rights violations. (*Id*.).[5] Plaintiff also requests that the Court order Defendants to pay Plaintiff's attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (*Id*.).

Defendant Meehan filed a Response in Opposition to the Motion to Remand, purportedly on behalf of 6913 Valencia and Hazan "to the extent she has joined" in the Notice of Removal; but not before Defendants Meehan and Hazan filed a notice of appeal of a Paperless Order. (ECF No. 21). In his Response, Defendant Meehan argues that the Notice of Removal is timely under the "Other Paper" rule, that the rule of unanimity does not apply, complete diversity of citizenship exists, that this case is related to the bankruptcy action, and that Defendants' civil rights were violated under § 1443(1). (ECF No. 24).

## II.     LEGAL STANDARD

When a removed case is challenged, the removing party bears the burden of establishing federal subject matter jurisdiction. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012). Any uncertainty about the existence of federal jurisdiction must be resolved in

---

[5] Plaintiff also characterizes the Notice of Removal as being tantamount to an improper appeal of the four previous final remand orders. (ECF No. 18 at 10–11). Because this action is due to be remanded, it is not necessary to address this argument.

favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Indeed, where subject matter jurisdiction is lacking, the district court is required to remand the case to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III.   DISCUSSION

Before addressing the motion to remand, the Court must address its jurisdiction to do so.

### A.   Notice of Appeal

Although not addressed by the Parties, Hazan and Meehan filed a Notice of Appeal, (ECF No. 21), before they responded to the motion to remand. The Paperless Order on which their appeal is premised granted them leave to file the Response to the Motion to Remand out of time; and denied their Motion to Strike Plaintiff's Motion to deem them vexatious litigants. (ECF No. 19).

Usually, the filing of a notice of appeal divests the district court of jurisdiction over a case. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, a notice of appeal filed from a non-appealable order does not divest the district court of jurisdiction. *See Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754, 763 (11th Cir. 2024). Apart from appeals that fall under the collateral order doctrine, district courts routinely retain and continue to exercise jurisdiction following the filing of a premature or otherwise defective notice of appeal. *See Lamb v. Clayton Cty. Sch. Dist.*, No. 19-0695, 2021 WL 4816614, at *4 (N.D. Ga. Aug. 10, 2021) (noting that "the district courts within this Circuit routinely continue to exercise jurisdiction after the filing of premature or otherwise defective appeals"). For an order to be appealable under the collateral order doctrine it must: (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the case, and (3) be effectively unreviewable

on appeal from a final judgment. *See SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1278 (11th Cir. 2021).

The Paperless Order (ECF No. 19) was not a final decision on the Parties' claims; rather, the Paperless Order simply ruled on procedural matters. The Court's ruling on Defendants' motion for leave and motion to strike does not resolve an important question separate from the merits of the case. Any alleged error may be reviewed on appeal from a final judgment and Defendants' appeal does not qualify for immediate appellate review under the collateral order doctrine.

Accordingly, the notice of appeal does not divest this Court of jurisdiction to rule on the instant Motion.

**B.      Motion to Remand**

**i.        Defendants' Removal is Untimely**

It is not meaningfully disputed that Defendants' removal is untimely: the complaint was filed on March 23, 2022, and the notice of removal was filed in excess of three years later. Defendants argue that under the "other paper" rule, removability became apparent only later, and thus the notice is timely under § 1446(b)(3). (ECF No. 24 at 7–8).

The "other paper" rule states that a case becomes removable under § 1446(b)(3) when three conditions are satisfied: (1) there must be an amended pleading, motion, order, or "other paper"; (2) the defendant must have received it from the plaintiff (or from the court, if the document is an order); and (3) the defendant can "first ascertain" from it that federal jurisdiction exists. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007). Here, Defendants failed to identify any pleading or "other paper" which satisfies the above conditions. Rather, the Response generally refers to Plaintiff's filings in 2024–2025, including bankruptcy developments. Defendants have failed to demonstrate applicability of the other paper rule here.

Moreover, to the extent that the removal is based on diversity jurisdiction, it is untimely more than one year after commencement of the action. Meehan filed his Notice of Removal more than three and a half years after the commencement of this action, surpassing the one-year bar for removals based on diversity jurisdiction. Nor has he asserted that Plaintiff acted in bad faith so as to prevent timely removal.

Accordingly, because the Notice of Removal is untimely under sections 1446(b)(1) and (b)(3), remand is required.

### ii.        The Rule of Unanimity

The Notice of Removal is also procedurally defective for failure to satisfy the rule of unanimity. The rule of unanimity provides that, in multiple defendant cases, all defendants must consent to the removal of a case to federal court.[6] *See* 28 U.S.C. § 1446(b)(2)(A); *see also AHC Ventures, Inc. v. Coetzee*, No. 23-CV-60073, 2023 WL 2445169, at *1 (S.D. Fla. Mar. 9, 2023) ("All defendants must join a removal petition for removal to be proper within the meaning of 28 U.S.C. § 1447(c)."); *Smith v. Health Center of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1338–39 (M.D. Fla. 2003) ("If all defendants do not consent to removal, this constitutes a defect in removal procedure under 28 U.S.C. § 1447(c), making removal improper."). Here, Meehan signed the Notice of Removal, purportedly on 6913 Valencia's behalf, (ECF No. 1 at 4), however, "an artificial entity [] can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo*, 764 F.2d at 1385. Nor has Hazan joined in the Notice. The lack of unanimity alone is sufficient to remand this action to state court.

---

[6] There is an exception to the unanimity rule that states that "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Loc. 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970). This exception does not apply here as all Defendants are necessary and must consent to removal.

### iii.      Lack of Subject Matter Jurisdiction

Plaintiff contends that the Court lacks subject matter jurisdiction over this action because there is no federal question jurisdiction or diversity jurisdiction. Defendants respond that the Notice sufficiently invokes diversity jurisdiction by alleging that Hazan is a Canadian citizen; and that the matter is related to a bankruptcy case pending before Judge Hyman.

As other Courts in this District have already ruled, this Court lacks diversity jurisdiction over this dispute. "Diversity jurisdiction requires complete diversity between named plaintiffs and defendants." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Here, Plaintiff contends that the Parties are not diverse and argues that Hazan and Meehan are attempting to work around the diversity requirement by listing Hazan as a Canadian citizen and Meehan as a New York resident. (ECF No. 18 at 14).[7]

Defendants assert in the Notice of Removal, (ECF No. 1 at 2), and the Response, (ECF No. 24), that Hazan is a Canadian citizen, Meehan is a resident of New York, and 6913 Valencia's principals are Canadian. Meehan's assertion that he is a resident of New York is not enough to determine a natural person's citizenship. "The citizenship of a natural person . . . is determined by his or her domicile, not merely residence, with domicile 'requir[ing] both residence in a state and an intention to remain there indefinitely[.]'" *Bey v. Am. Express Nat'l Bank*, No. 24-CV-927, 2026 WL 837102, at *4 (N.D. Ala. Mar. 26, 2026) (quoting *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)). Defendant's unsubstantiated proffer is insufficient anyway. *See Ciabao v. Lama*,

---

[7] Notably, Hazan and Meehan, in previous filings, identified their address as the Subject Property located in Florida, *see* (ECF Nos. 1 at 122; 18-5 at 4–5; 18-13 at 7; 21 at 3), creating a possible factual inconsistency with the Notice of Removal's representations regarding citizenship and residence. *See* (ECF Nos. 1 at 122; 18-5; 18-13; 21). I recently remanded another of Defendant Hazan's cases, noting the factual conflict between her claim of Canadian citizenship in her Notice of Removal and the record identification of the Valencia Drive home as her residential address. *See Fisher Island Cmty. Ass'n, Inc. v. Hazan*, No. 26-CV-20060, ECF No. 11 (S.D. Fla. June 29, 2026).

7

633 F.3d 1330, 1342 (11th Cir. 2011) ("Courts generally give little weight to a party's profession of domicile . . . because these declarations are often self-serving.").

Additionally, the Notice of Removal does not sufficiently establish 6913 Valencia's citizenship because it fails to identify the citizenship of all its members. "To sufficiently allege the citizenship[] of [a limited liability company ("LLC")], a party must list the citizenship[] of all the members of the limited liability company[.]" *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also Lewis v. Underwriters at Lloyd's of London*, No. 19-cv-00895, 2020 WL 13562871, *4 (W.D. La. May 4, 2020) ("It is not possible to allege diversity as to an LLC without identifying its members and alleging their citizenship.") (quoting *Nogess v. Poydras Ctr., LLC*, No. 16-15227 c/w 16-15234, 2017 WL 396307, at *12 (E.D. La. Jan. 30, 2017)); *Tiro Sols., L.L.C. v. Beacon Hill Staffing Grp., L.L.C.*, No. 17-cv-0934-L, 2018 WL 1368809, at *3 (N.D. Tex. Mar. 16, 2018) ("What must be set forth are the names of each member of the limited liability company and the citizenship of each member."). The Notice of Removal states only that 6913 Valencia's principals are Canadian. (ECF No. 1 at 3). It does not identify whether the "principals" of 6913 Valencia are members of the LLC, nor does it identify each member's citizenship. *See* (ECF No. 1 at 3).

As the party removing, Meehan bore the burden of establishing jurisdiction; in the face of Plaintiff's challenge, he failed to meet his burden by, for example, submitting evidence tending to establish the true domicile of Defendants. *See Timbercreek Asset Mgmt., Inv. v. De Guardiola*, No. 19-CV-80062, 2019 WL 947279, at *4 (S.D. Fla. Feb. 27, 2019).

### iv.     28 U.S.C. § 1334

Defendants also argue that removal is proper under 28 U.S.C. § 1334 because the instant action is purportedly related to an earlier bankruptcy proceeding. Section 1334(b) states that the

"district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A proceeding is related to a bankruptcy action if "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Carter v. Rodgers*, 220 F.3d 1249, 1253 (11th Cir. 2000); *see also In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, freedom of action . . ., and which in any way impacts upon the handling and administration of the bankrupt estate."). Plaintiff asserts that it entered into a stipulation agreement with Hazan that settled the bankruptcy action years ago. (ECF No. 18 at 4). Defendants fail to show how this action is related to or could possibly affect the now-closed bankruptcy proceeding. Accordingly, the Court finds that removal was not proper under § 1334(b).

## v.      28 U.S.C. § 1443(1)

Section 1443(1) provides a defendant the right to remove a civil action from state court when the defendant is denied or cannot enforce in state court a right arising under a federal law proving for the equal civil rights of citizens. 28 U.S.C. § 1443(1). Section 1443(1) applies only when a defendant establishes two requirements: (1) that removal is based on a federal law protecting specific civil rights involving racial equality, and (2) that the defendant is denied or cannot enforce that right in state court. *See Georgia v. Rachel*, 384 U.S. 780, 788 (1966).

Here, the Notice of Removal asserts that removal is proper due to "deprivation of constitutional rights" because the presiding state court judge "espoused off hand comments" that show bias towards Meehan. (ECF No. 1 at 2). The Notice of Removal fails to satisfy the requirements necessary for removal under section 1443(1) because it does not identify a federal law protecting a specific civil right involving racial equality and does not demonstrate that such a right is denied or

9

cannot be enforced in state court. Instead, the Notice of Removal asserts corrupt or otherwise improper motives by a state court judge which is insufficient to establish a denial or inability to enforce a protected civil right in state court. *See Alabama v. Conley*, 245 F.3d 1292, 1299 (11th Cir. 2001). Accordingly, because the Notice of Removal does not satisfy the requirements of section 1443(1), removal was not proper under that statute.

### C.      Attorney's Fees and Costs

 Upon remand, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, this Court may exercise its discretion in awarding fees. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005) ("The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion."). Courts may award attorney's fees under section 1447 only where the removing party lacked an objectively reasonable basis for seeking removal. *See Bauknight v. Monroe Cnty.*, 446 F.3d 1327, 1329 (11th Cir. 2006). Reasonableness is determined by balancing "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

Here, Plaintiff contends that fees and costs should be awarded because the Notice of Removal lacked an objectively reasonable basis. (ECF No. 18 at 22–23). The Court agrees. This is Defendants' fifth unsuccessful attempt to remove the same action. They raised the same unsuccessful arguments in support of removal which have already been rejected by this Court in their earlier attempts at removal. *See* discussion, *supra*. Thus, the Court finds that Defendants lacked an objectively reasonable basis for removal and that Plaintiff is entitled to recover attorney's fees and costs under § 1447(c).

However, the Court will withhold any determination of the amount pending Plaintiff's submission of a motion in compliance with Local Rule 7.3. *See Klahr v. Toyota Motor Corp. (Japan)*, No. 16-24754-CIV, 2017 WL 7731902, at \*3 (S.D. Fla. Apr. 19, 2017) (granting notice of removal and permitting the plaintiff to file a motion for fees and costs consistent with Local Rule 7.3).

## IV.      CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, (ECF No. 18), is **GRANTED** as follows:

1.      The case is hereby **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case and take all necessary steps to ensure prompt remand and the transfer of this file.

2.      Plaintiff's request for attorney's fees and costs is **GRANTED** as to entitlement only. Plaintiff shall file, within thirty (30) days of this Order, a motion establishing the amount of attorney's fees and non-taxable costs in compliance with Local Rule 7.3. Plaintiff shall adhere to the requirements of the Local Rules in conferring with Defendants before filing any motion for fees or costs.

The Clerk of Court is instructed to **MAIL** a copy of this Order to Defendants Meehan and Hazan and file a notice of compliance on CM/ECF.

**DONE AND ORDERED** in Chambers, in Miami, Florida this 31st day of July, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

11