**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 1:25-cv-26159-LFL

VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC.,
Plaintiff,
vs.

ELIZABETH HAZAN, et al.,
Defendants.
_______________________________________/

**PLAINTIFF'S VERIFIED MOTION TO DETERMINE THE AMOUNT OF ATTORNEY'S FEES AND NON-TAXABLE COSTS**

Valencia Estates Homeowners' Association, Inc. ("**Plaintiff**") pursuant to 28 U.S.C. § 1447(c), U.S. District Court for the Southern District of Florida Local Rule 7.3, and this Court's Order (DE#31) ("**Remand Order**"), moves the Court for an Order awarding Plaintiff the amount of attorney's fees and non-taxable costs sought herein, and states as follows:

## I. INTRODUCTION

The Remand Order granted Plaintiff its entitlement to recover reasonable attorney's fees in this action after remanding this matter back to state court for the fifth time. The Court has already adjudicated that "Defendants lacked an objectively reasonable basis for removal and that Plaintiff is entitled to recover attorney's fees and costs under § 1447(c)." Remand Order, pg. 10. Here, Plaintiff seeks a total of **$36,701.86** (attorney's fees in the amount of $36,170.00 and costs in the amount of $531.86) through August 3, 2026. To the extent Plaintiff incurs additional attorney's fees and costs, Plaintiff will file additional or supplemental requests in support of this motion.

Plaintiff has timely and substantially complied with Local Rule 7.3, except that the deadline to file this motion as set forth in the Remand Order ("Plaintiff shall file, within thirty (30) days of this Order, a motion establishing the amount of attorney's fees and non-taxable costs in compliance

with Local Rule 7.3. Plaintiff shall adhere to the requirements of the Local Rules in conferring with Defendants before filing any motion for fees or costs.") directly conflicts with Local Rule 7.3(b) ("a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule). Plaintiff served this motion upon the defendants on August 3, 2026 (i.e. within 3 days of the Remand Order) and provided the defendants with ample opportunity to meet and confer in compliance with Local Rules 7.3(a)(8) and (b).

## II. BACKGROUND

1. Plaintiff initiated this action in 2022 by filing a complaint in state court for foreclosure of a lien and breach of a declaration due to defendants Elizabeth Hazan ("**Hazan**") and Sean Meehan ("**Meehan**") alleged failure to pay monthly and/or special assessments for a property located at 6913 Valencia Drive, Fisher Island, FL 33109.

2. On December 31, 2025, hours before the coordinated hearing, Meehan, purportedly joined by Hazan, untimely filed fifth Notice of Removal (DE#1) ("**Fifth Removal Notice**").

3. On February 13, 2026, Plaintiff filed Plaintiff's Motion To Remand Case To The State Court, To Deem Defendants' Vexatious Litigants, And Incorporated Memorandum Of Law (DE#18). The Defendants filed their response in opposition to the motion to remand on February 27, 2026 and Plaintiff timely replied on March 4, 2026.

4. On July 31, 2026, the Court entered the Remand Order holding, inter alia, that the Defendants' removal (i) was untimely; (ii) violated the rule of unanimity; (iii) failed to establish complete diversity jurisdiction; (iv) failed to establish bankruptcy-related jurisdiction; and (v) failed to establish civil rights jurisdiction under §1443(1). The Remand Order also held that the "Defendants lacked an objectively reasonable basis for removal and that Plaintiff is entitled to

recover attorney's fees and costs under § 1447(c)." Remand Order, pg. 10.

## III. LEGAL STANDARD

Local Rule 7.3(a) requires motions for attorney's fees and/or non-taxable expenses and costs: (1) be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings; (2) identify the judgment or other order which gives rise to the motion, as well as the statute, rule, or other grounds entitling the moving party to the award; (3) state the amount sought; (4) disclose the terms of any applicable fee agreement; (5) provide: (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (B) the number of hours reasonably expended by each such timekeeper; (C) a description of the tasks done during those hours; and (D) the hourly rate(s) claimed for each timekeeper; (6) describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920; (7) be verified; and (8) certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount. Additionally, attorney's fees incurred for litigating the issue of entitlement are recoverable. *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993).

Local Rule 7.3 requires that a "motion for an award of attorney's fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed." S.D. Fla. L.R. 7.3(a). Pursuant to subsection (b), "a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorney's fees and/or costs that is governed by this Local Rule," and "[w]ithin

twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920." S.D. Fla. L.R. 7.3(b). Because the Remand Order only provides 30 days to file this motion, the 21 day conferral period is not technically achievable on the Court's timeline. However, Plaintiff served this motion upon the defendants within 3 days of the Remand Order and provided the defendants with ample opportunity to meet and confer in compliance with Local Rule 7.3(a)(8).

## IV. AMOUNT OF FEES CLAIMED

In accordance with Local Rule 7.3, Plaintiff states as follows:

### A. Compliance with Local Rule 7.3(a)(2) – Remand Order Adjudicated Plaintiff's Entitlement to its Attorney's Fees and Non-Taxable Costs

Plaintiff is entitled to recovery of its reasonable attorneys' fees and costs pursuant to the Remand Order, wherein the Court held that "Defendants lacked an objectively reasonable basis for removal and that Plaintiff is entitled to recover attorney's fees and costs under § 1447(c)." Remand Order, pg. 10. Plaintiff requests the entry of a Court order and judgment granting it such relief pursuant to Local Rule 7.3 and 28 U.S.C. § 1447(c).

### B. Compliance with Local Rule 7.3(a)(3) – Amount Sought

Plaintiff seeks a total of $36,701.86 in attorneys' fees and non-taxable costs and expenses through this motion, which includes $36,170.00 in attorneys' fees and $531.86 in non-taxable costs and expenses.

### C. Compliance with Local Rule 7.3(a)(4) – Applicable Fee Agreement

Plaintiff is obligated to compensate the undersigned's law firm for all attorney's fees and costs associated with this matter pursuant to an hourly fee agreement with counsel.

### D. Compliance with Local Rule 7.3(a)(5) – Timekeeper Information And Analysis

The following table provides the names, hourly rate, total billed hours, and total fees billed by each timekeeper through August 3, 2026:

| Timekeeper | Hourly Rate | Total Billed Hours | Total Billed Fees |
|---|---|---|---|
| Turner, Barry S., Esq. | $550.00 | 65.6 | $36,080.00 |
| Kelly, Halley Pepper (Paralegal) | $150.00 | 0.60 | $90.00 |
| **TOTALS:** | | **66.2** | **$36,170.00** |

A spreadsheet detailing the tasks completed during the above-referenced hours is attached hereto as **Exhibit 1**.

**a. Barry S. Turner, Esq.**

Barry S. Turner, Esq. has been a member of the Florida Bar since 2010. He is also licensed to practice law in the District of Columbia, Texas, and Tennessee and is admitted to U.S. Court of Appeals for the Eleventh Circuit and United States District Court and Bankruptcy Court for the Southern District of Florida, Middle District of Florida, Northern District of Florida, Southern District of Texas, Eastern District of Texas, Western District of Texas, Northern District of Texas, Middle District of Tennessee, and Western District of Tennessee. Mr. Turner regularly appears in Florida state and federal courts in a variety of complex commercial matters representing various parties. Mr. Turner has been named a "40 Under 40" Award Recipient by the Miami Dade Bar Young Lawyers Section, been identified as a “Super Lawyer” by Super Lawyers since 2021 and, prior to that, as a “Rising Star” from 2016 through 2020, and as an Up and Comer" in the area of Bankruptcy & Workout by Florida Trend's "Legal Elite."

Mr. Turner served as lead counsel in this matter. He participated in developing Plaintiff’s litigation strategy and handled all of the day-to-day tasks required by this litigation. Among other things, Mr. Turner researched and investigated the underlying facts and legal precedent, drafted (or participated in drafting) all of Plaintiff’s pleadings, motions, and other filings in this matter. Mr. Turner also communicated regularly with the client and opposing *pro se* parties.

**b. Halley Pepper Kelly**

Halley Pepper Kelly works as both a paralegal and administrative assistant to Mr. Turner. Mrs. Kelly assisted in this matter with finalizing and filing documents and assuring compliance with Court orders, Local Rules, and deadlines. Her time amounts to 0.60 hours and $90.00 of the total fees requested.

**E. Compliance with Local Rule 7.3(a)(6) – Non-Taxable Costs and Expenses**

Plaintiff is seeking $531.86 in costs that are not expressly taxable under 28 U.S.C. § 1920. The invoices are attached hereto as **Composite Exhibit 2**. These are the costs incurred for mailing the various documents to the defendants pursuant to Fed. R. Civ. P. 5(b)(2)(C).

**F. Compliance with Local Rule 7.3(a)(8) – Meet and Confer**

In accordance with Local Rules 7.1(a)(3) and 7.3(b), the undersigned certifies that counsel for Plaintiff has made good faith efforts to confer with Hazan and Meehan regarding this motion.

In accordance with Local Rule 7.3(b), the undersigned provided a draft of this motion and supporting documents (including unredacted time records) to Hazan and Meehan via email on August 3, 2026.

To date, the defendants have not provided any substantive response to the draft motion provided August 3, 2026. To the extent the defendants oppose this motion, the defendants did not provide any written objections or supporting legal authorities as required by Local Rule 7.3(b).

## V. LIEN AND RESERVATION OF RIGHTS

Because the underlying state court action seeks foreclosure of a lien and damages for breach of a declaration, Plaintiff requests that any order granting this motion expressly provide that the attorney's fees and costs awarded constitute a lien upon the underlying real property, enforceable against that property to the extent any portion of the award remains outstanding and

unpaid. Should the Court not award any of the attorney's fees and costs under 28 U.S.C. § 1447(c), Plaintiff requests that any order explicitly hold that such ruling does not prohibit a future award by a court of competent jurisdiction under applicable law.

## VI. CONCLUSION

WHEREFORE, Valencia Estates Homeowners' Association, Inc. respectfully requests that this Court enter an Order granting this motion, awarding Plaintiff attorneys' fees and non-taxable costs in the amount requested by this motion, and awarding Plaintiff such other and further relief the Court deems just and proper. Plaintiff's proposed order is attached hereto as **Exhibit 3**.

Dated: August 19, 2026

Respectfully Submitted,

**BARRY S. TURNER P.A.**
*Counsel for Plaintiff*
PO Box 330189
Miami, Florida 33233-0189
Phone: (305) 699-4392
Email: bt@bstpa.com

By: */s/ Barry S. Turner*
Barry S. Turner, Esq.
Fla. Bar No. 85535

## STATEMENT AS TO GOOD FAITH CONFERENCE

Pursuant to to Local Rules 7.1(a)(3) and 7.3(a)(7), I certify that the undersigned counsel for Plaintiff has attempted to confer with the defendants. On August 3, 2026, undersigned counsel sent a copy of this motion and the exhibits to Meehan and Hazan. On August 6, 2026 and August 17, 2026, followed up. Within the August 17, 2026 email, undersigned counsel provided a deadline of August 18, 2026 at 5:00 PM. The defendants have yet to respond to any of the correspondence.

## LOCAL RULE 7.3(a)(7) VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Furthermore, based on my experience, I believe that the hourly rates and hours expended by each timekeeper outlined

above were reasonable and necessary in the defense and prosecution of this matter. I similarly believe that the non-taxable costs sought by this motion were reasonable and necessary in the defense and prosecution of this matter.

Dated: August 19, 2026

By: */s/ Barry S. Turner*
Barry S. Turner, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 19, 2026, I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties:

Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
***Via US Mail***

Sean Meehan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
***Via US Mail***

6913 Valencia LLC
c/o Aubrey George Rudd, Esq.
100 Edgewater Dr Apt 312
Coral Gables, FL 33133-6939
*State Court Counsel to 6913 Valencia LLC*
***Via US Mail***

By: /s/ *Barry S. Turner*
Barry S. Turner, Esq.
Fla. Bar No. 85535